IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | CASE NO. CV F 05-1411 OWW LJO |
| Plaintiff, | **ORDER ON PLAINTIFF'S PROTECTIVE ORDER MOTION** |
| vs. | (Docs. 24, 29.) |
| COOPER CAMERON CORPORATION, | |
| Defendant. | |

## INTRODUCTION

In this patent infringement action, plaintiff Duhn Oil Tool, Inc. ("Duhn") and defendant Cooper Cameron Corporation ("Cooper") disagree on whether to include a "prosecution bar" provision in their otherwise agreed upon protective order. Cooper seeks a "prosecution bar" provision to preclude patent litigation counsel to prosecute related patents before the United States Trademark and Patent Office ("Patent Office"). Duhn claims that a "prosecution bar" provision prejudicially prevents its use of established patent counsel.

This Court considered the issue of the "prosecution bar" provision on the record and without the August 3, 2006 hearing or oral argument. *See* Local Rule 78-230(h). For the reasons discussed below, this Court ORDERS that:

1. Duhn's current law firm may continue to represent Duhn to prosecute this action and related patents before the Patent Office without a "prosecution bar" provision **but** must

1

forego discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or

2. DUHN enter into the protective order with Cooper's proposed "prosecution bar" provision.

## BACKGROUND

### Proposed Protective Order

Duhn designs and manufactures oil industry products which are sold in the United States. On July 26, 2005, Duhn was issued a wellhead isolation tool patent ("patent"). On November 9, 2005, plaintiff filed this action to allege that Cooper sells products to infringe the patent.

The parties anticipate the disclosure of confidential, trade secret and proprietary information and agree to measures to protect such information. The parties agree to designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which a party "believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only." The parties agree that information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" "shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party. Such information shall be used **only for the purposes of this litigation**, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever." The parties agree to disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to "outside experts or consultants" who sign a Non-Disclosure Agreement that the expert/consultant understands the protective order, agrees to the protective order, will not use or disclose confidential information received under the protective order, and will keep safe confidential information.

The parties disagree on Cooper's proposed "prosecution bar" provision:

T. <u>PATENTING AND PATENT PROTECTED PERSONS</u>.

Persons who have access to information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be restricted from patenting for a party for the Pendency of this action and for two years after its conclusion.

    a. "Patenting" shall mean and include:

        (i)    preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, in the field of isolation sleeves for fracturing processes;

        (ii)    preparing patent claim(s) relating to the field listed above; and

        (iii)    providing advice, counsel, or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to the field listed above.

### **Duhn's Contentions**

Duhn contends that Cooper's proposed "prosecution bar" provision would prohibit Duhn's patent attorney Constantine Marantidis ("Mr. Marantidis") to handle Duhn's "patent portfolio" and to provide patent advice. Mr. Marantidis is member of the law firm which represents Duhn in this action. Duhn argues that Cooper's proposed "prosecution bar" provision would prejudice Duhn to force it to forego Mr. Marantidis' services and advice in this action or as patent counsel in future years. Duhn notes that the otherwise agreed upon protective order "limits use of information subject to the Order to use in connection with this litigation and for no other business, financial or other purpose whatsoever."

### **Cooper's Contentions**

Cooper contends that its proposed "prosecution" bar provision is standard in patent litigation to preclude patent litigation counsel, who have access to an opposing litigant's confidential information, to simultaneously prosecute related patents before the Patent Office. Cooper notes that counsel advice related to patent prosecution is defined as "competitive decision-making" to warrant preclusion of patent litigation counsel with access to an opponent's confidential information to participate in patent prosecution in a technology area. According to Cooper, Duhn's law firm engages in unorthodox practice to represent Duhn in this action and in no less than three pending patent applications before the Patent Office related to the patent-in-suit. Cooper claims that patent litigants avoid retaining as litigation counsel the same law firm that prosecuted the patent-in-suit before the Patent Office. Thus, Cooper argues that the "prosecution bar" provision merely requires Duhn "to retain separate litigation and patent prosecution counsel" and "to do what it should have done from the outset of this action."

### **DISCUSSION**

F.R.Civ.P. 26(c)(7) allows a district court to designate disclosure of trade secret and confidential

information:

> Upon motion by a party . . ., accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .
>
> . . .
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . .

F.R.Civ.P. 26(c) further permits a court to:

    1.    Prohibit disclosure or discovery;

    2.    Condition disclosure or discovery "on specified terms and conditions"; and

    3.    Limit "the scope of the disclosure or discovery . . . to certain matters."

"When determining counsel's access to the opposing parties' confidential information, a court should balance the risk of inadvertent disclosure of trade secrets and the risk of impairing the process of litigation by denying discovery." *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 661 (N.D. Cal. 2003). A crucial factor is "whether in-house counsel was involved in 'competitive decisionmaking'; that is, advising on decisions about pricing or design 'made in light of similar or corresponding information about a competitor.'" *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Cooper proposes to prohibit disclosure of confidential information to persons involved in patenting for a party and patenting by counsel to whom confidential information is disclosed during the pendency of this action plus two years. Cooper's proposed "prosecution bar" provision is nearly identical to provision adopted by the court in *Chan*, 218 F.R.D. at 661-662. As such, this Court must determine "when allowing counsel to view confidential information of its client's competitor, whether counsel's involvement in future patent prosecution strategy will be affected by such information to the competitor's detriment." *See Chan*, 218 F.R.D. at 662. As the *Chan* court further explained:

> The Court must consider whether counsel might inadvertently use confidential information obtained in the course of this litigation to shape advice regarding the scope of patent claims as part of the prosecution of patents for any party to this action, to the detriment of the opposing party, its competitor. If so, then such counsel should either be denied access to confidential information or be precluded from patenting for a party.

*Chan*, 218 F.R.D. at 662.

The *Chan* court explained that the "prosecution bar" provision (nearly identical to Cooper's here) is "sufficiently related to competitive decision-making to require protection of confidential information from inadvertent disclosure." *Chan*, 218 F.R.D. at 662.  The *Chan* court found that "patent prosecution includes advice regarding the scope of claims of a patent" and thus the "prosecution bar" provision is "sufficiently related to competitive decision-making to justify the restriction imposed on counsels' future services to their clients." *Chan*, 218 F.R.D. at 662.

The focus here is Mr. Marantidis, Duhn's patent attorney who is a member of the law firm which represents Duhn here.  The gist of Duhn's objection to Cooper's proposed "prosecution bar" provision is that the provision bars Mr. Marantidis' services.  Duhn does not focus on the merits of Cooper's proposed "prosecution bar" provision, that is, Mr. Marantidis' potential advice and services provided "in light of" information about Cooper.  Duhn fails to address whether Mr. Marantidis may use, inadvertently or otherwise, Cooper's confidential information to advise on future patent prosecutions and fails to demonstrate the absence of detriment to Cooper.  As in *Chan*, Cooper's proposed "prosecution bar" provision is sufficiently related to competitive decision-making to require protection of confidential information from inadvertent disclosure and to warrant restriction on the future services of the parties' respective counsel.

Nonetheless, this Court acknowledges Duhn's claim of prejudice if Mr. Marantidis is precluded to represent Duhn as patent counsel.  To avoid Duhn's loss of Mr. Marantidis, this Court gives Duhn an option to forego discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Duhn's election to forego such discovery materials would mitigate issues raised by the *Chan* court and permit Duhn's use of its current law firm, including Mr. Marantidis, in this action and in matters before the Patent Office.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court ORDERS that:

1. Duhn's current law firm may continue to represent Duhn to prosecute this action and related patents before the Patent Office without a "prosecution bar" provision **but** must forego discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or

5

1    2.    Duhn enter into the protective order with Cooper's proposed "prosecution bar" provision.

2    This Court further ORDERS:

3    1.    Duhn, no later August 8, 2006, to inform Cooper whether Duhn elects to enter into the

4          protective order with Cooper's proposed "prosecution bar" provision or to forego

5          discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS'

6          EYES ONLY"; and

7    2.    The parties, no later than August 11, 2006, to submit to this Court for signature a clean

8          version of the appropriate protective order (with or without Cooper's proposed

9          "prosecution bar" provision) based on Duhn's election.

10   IT IS SO ORDERED.

11   **Dated:    August 1, 2006**            /s/ Lawrence J. O'Neill
     66h44d                                  UNITED STATES MAGISTRATE JUDGE