1    **EDWARD R. SCHWARTZ, CA Bar No. 147553**

2    **CHRISTIE, PARKER & HALE, LLP**

     **350 West Colorado Boulevard, Suite 500**

     **Post Office Box 7068**

3    **Pasadena, California 91109-7068**

     **Telephone: (626) 795-9900**

4    **Facsimile: (626) 577-8800**

     **e-mail:  ers@cph.com**

5

     Attorneys for Plaintiff,

6    Duhn Oil Tool, Inc.

7

8                           UNITED STATES DISTRICT COURT

9    .                      EASTERN DISTRICT OF CALIFORNIA

10

11   DUHN OIL TOOL, INC.,                    Case No. 1:05-CV-01411-OWW-LJO

12                     Plaintiff,            **PROTECTIVE ORDER**

13           vs.

14   COOPER CAMERON CORPORATION,

15                     Defendant.

16

17

18

19

20                                        -1-    **PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## I.   <u>INTRODUCTION.</u>

**WHEREAS,** in the course of this litigation disclosure may be sought of information which a party or third party regards as being of a confidential, trade secret, and/or proprietary nature; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in these actions and/or to prevent the use of this information other than with regard to this litigation;

**GOOD CAUSE HAVING BEEN SHOWN,IT IS HEREBY ORDERED** that the following protective order shall govern the disclosure and use of confidential, trade secret, and/or proprietary information provided in discovery in this action by any party or third party.

## II.   <u>DEFINITIONS.</u>

The following definitions apply in this protective order:

**A**.   The designation "CONFIDENTIAL"  may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, technical, personnel or related information.

**B**.   The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only.

**C**.   "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

**D**.   "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

**E**.   "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

**F**.   "Order" means this Protective Order.

1    III.    <u>TERMS OF THE PROTECTIVE ORDER</u>.

2          A.    <u>Materials Subject to Designation.</u> All depositions, originals or copies of

3

4

5

6

7

8

9    .

10

11

12

13

14

15

16

17

18

19

20                                          -3-    **PROTECTIVE ORDER**

transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth above.

**B.**   <u>**Treatment of "Confidential -- Attorneys Only" Information.**</u> Except as provided in Paragraphs D and E below, Information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party.  Such Information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.  Improper disclosure or use of information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom shall constitute a material violation of this Order.

**C.**   <u>**Treatment of "Confidential" Information.**</u> Except as provided in Paragraphs D and E below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than counsel of record for a party, the parties to this action and their current employees, employees and agents of any insurer of any defendants, and third-party witnesses who counsel of record for a party believe have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence.  Before disclosure to any person or entity other than counsel of record for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A.  Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.  Improper disclosure or use of information designated as "CONFIDENTIAL" and all information derived therefrom shall constitute a material violation of this Order.

**D.**   <u>**Outside Experts and Consultants.**</u> Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" may also be

shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A.  The foregoing notwithstanding, any such expert or consultant who is an employee of a competitor of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and any such expert or consultant that is an employee of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL-- ATTORNEYS' EYES ONLY."

**E.**   **Request for Additional Disclosure.** If any counsel of record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or seek leave of Court to do so.  Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A.  Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs B, C, and D.

**F.**   **Record of Disclosure.** A file shall be maintained by the counsel of record making a disclosure to third parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given.  A copy of each such agreement shall be sent to Counsel of Record for the designating party within five (5) days of disclosure, and said file shall be made available for inspection and copying by opposing counsel upon written request.

**G.**   **Maintenance of Designated Information.** Counsel receiving designated Information that is provided pursuant to this Order shall maintain such designated Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all designated Information, so as to prevent the unauthorized or inadvertent disclosure or use of any designated Information.

**H.    Manner of Designating Documents.** A party shall designate documents containing Confidential Information by placing a legend on each page of any document that party wishes to protect against disclosure or use.  This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or  "CONFIDENTIAL," as appropriate.  A designation of Confidential Information as to any thing of which inspection or sample has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties.  All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.  Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items.  In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the receiving party.  Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

**I.    Initial Failure to Designate Information.** The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward.  If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.  With respect to any documents produced to date by either party or any depositions that have been taken to date, either party has until 30 days after the entry of this Order in which to designate all or part of any such document or deposition as containing "CONFIDENTIAL -- ATTORNEYS" EYES ONLY" or "CONFIDENTIAL" information.

**J.    Manner of Designating Depositions.** Should counsel of record for any party introduce or use any Confidential Information in a deposition, or believe that any question to a witness at a deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if documents designated as containing Confidential Information will be used as exhibits during examination, counsel for the party to

whom the benefit inures from the designation of that information as Confidential Information shall have a duty to see that any documents containing Confidential Information and any related testimony shall be separately bound and marked as subject to this Order, and subject to disclosure only under the terms and provisions set forth in this Order.   This shall be accomplished by instructing the reporter during the deposition, or in the event that either party inadvertently fails to designate a portion as "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by written notice to the reporter and all counsel of record within 14 days after receipt of the transcript by the deponent or his counsel, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party.  In the latter case, if Confidential Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.  If, during the course of deposition, Confidential Information will be given to a deponent who has not already signed a confidentiality agreement, each such deponent shall state under oath that he or she will abide by the terms of the Protective Order and shall maintain the confidentiality of any Confidential Information disclosed during the deposition.  Unless otherwise ordered by this Court, the designating party shall have the right to have all persons, except the deponent and his counsel, outside counsel of record for the named parties, the court reporter, and such other persons as are permitted under the terms of this Order to have access to the designated information, excluded from a deposition during the taking therein of the testimony designated pursuant to this Order.

   **K.    Court Reporters.** Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

**L.      Filing Documents With The Court.** All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the words "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and a statement substantially in the following form:

> This sealed container filed in this case contains confidential materials generally identified as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL". Pursuant to the Stipulated Protective Order herein, this container shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter. After any such opening or revelation, the container shall be resealed with the contents inside.

Upon default of the filing or lodging party properly to designate Confidential Information and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five (5) days of learning of the defective filing or lodging.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file such information under seal.  This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

**M.      No Effect On Party's Own Use.** Nothing contained in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any information designated and produced by it as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

**N.      No Effect On Disclosure to Author or Addressees.** Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

**O.      No Applicability to Public Information.** The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder

is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission or a party receiving the confidential information.

      **P.**    **Legal Effect of Designations.** The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information.  Failure to so designate any document or thing shall not constitute a waiver of any claim by a party that such documents or things do contain trade secrets, proprietary information, and/or confidential information.

      **Q.**    **Final Disposition of Action.** Upon the final disposition of this action, each counsel of record shall:  (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof; and (b) promptly destroy or see to the destruction of all writings related thereto, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the designating party that such destruction has been done.  As an exception to the above, counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto.  The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

      **R.**    **Motion For Relief From Designation.** If, subsequent to a party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation.  If by 15 days after notice the parties have been unable to reach an agreement as to the designation, the party may bring a noticed motion to be relieved of its obligations under this Order as to any

such Information.  The producing party bears the burden of proof that any designated material meets the requirements for such designation.

**S.**   **Modification of Order.** This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

**T.**   **Patenting and Patent Protected Persons.** Persons who have access to information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be restricted from patenting for a party for the pendency of this action and for two years after its conclusion.

a.   "Patenting" shall mean and include:

(i)  preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, in the field of isolation sleeves for fracturing processes;

(ii)  preparing patent claim(s) relating to the field listed above; and

(iii)   providing advice, counsel, or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to the field listed above.

**U.**   **Burden of Proof.** An inspecting party or person asserting that the information is not confidential or was possessed prior to disclosure, or was acquired or developed independently, and therefore not subject to this Order, or is improperly categorized, shall have the burden of establishing the validity of its position.

**V.**   **Survival of Terms.** Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

**W.**   **Effect on Discovery.** This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

**X.**   **Submitting to Jurisdiction of the Court.** Each person to whom disclosure of any designated Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of contempt proceedings in the event of any violation of this Order.

1       **Y.**    <u>**Violation of Order.**</u> In the event anyone shall violate or threaten to violate any

2 term of this Order, the parties agree that the aggrieved party may immediately apply to obtain

3 injunctive relief against any such person violating or threatening to violate any of the terms of

this Order and, in the event the aggrieved party shall do so, the respondent person subject to the

4 provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party

possesses an adequate remedy of law.  The parties and any other person subject to the terms of

5 this Order agree that this Court has jurisdiction over such person or party, for the purpose of

enforcing this Order.  In the event that any confidential information is disclosed or used by a

6 receiving party in violation of this order, the confidential information shall not lose its status

through such disclosure or use, and the parties shall take all steps reasonably required to assure

7 its continued confidentiality.

     Submitted by:     CHRISTIE, PARKER & HALE, LLPDATED: August 10, 2006

8          By    /s/ Edward R. Schwartz

         Edward R. Schwartz

9          Attorneys for Plaintiff, Duhn Oil Tool, Inc.

         CONLEY ROSE, P.C.DATED: August 10, 2006

10          By    /s/ Charles J. Rogers

11          Charles J. Rogers

         Attorneys for Defendant

12          Cooper Cameron Corporation

-11-   **PROTECTIVE ORDER**

1

**EXHIBIT A**

2

**NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that:

3

1.    My address is _____

4

2.    My present employer is _____

3.    My present occupation or job description is

5

_____

6

        I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the

Stipulated Protective Order ("Order") in the matter of Duhn Oil Tool, Inc. v. Cooper Cameron

7

Corporation in the United States District Court, Eastern District of California, Case No. 1:05-

CV-01411-OWW-LJO, that I will not use or disclose to anyone any of the contents of any

8

confidential Information received under the protection of the Order, and agree to be bound by

9

the terms and conditions of the Order.        I understand that I am to retain all copies of any of

10

the materials that I receive which have been so designated as Confidential Information in a

container, cabinet, drawer, room or other safe place in a manner consistent with this Order, and

11

that all copies are to remain in my custody until I have completed my assigned or legal duties,

12

whereupon the copies are to be returned or destroyed as specified in the Order.  I acknowledge

that such return or the subsequent destruction of such materials shall not relieve me from any

13

of the continuing obligations imposed upon me by the Order.

Dated:_____, 2006.        Signed:_____

14

IT IS SO ORDERED.

15

**Dated:   August 11, 2006**        _____/s/ Lawrence J. O'Neill_____
66h44d                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

                                    -12-    **PROTECTIVE ORDER**