IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | CASE NO. CV F 05-1411 OWW LJO |
| Plaintiff, | **ORDER ON MOTION FOR PROTECTIVE ORDER CLARIFICATION** |
| vs. | (Doc. 66.) |
| COOPER CAMERON CORPORATION, | |
| Defendant. / | |

**INTRODUCTION**

In this patent infringement action, plaintiff Duhn Oil Tool, Inc. ("Duhn") and defendant Cooper Cameron Corporation ("Cooper") disagree on the application of a "prosecution bar" provision in their protective order. Duhn contends that the "prosecution bar" permits its law firm Christie, Parker & Hale ("Christie, Parker") to prosecute Duhn patents, to litigate this action, and to have access to information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," if Christie, Parker "builds a proper ethical wall" between patent prosecution counsel and the confidential information. Cooper contends that if Christie, Parker accepts "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, Christie, Parker is precluded to prosecute this action and related Duhn patents.

This Court considered the parties' motion for clarification of the "prosecution bar" provision on the record and without the October 27, 2006 hearing or oral argument. *See* Local Rule 78-230(h). For the reasons discussed below, this Court:

1

1. ORDERS that the "prosecution bar" provision precludes Christie, Parker to prosecute Duhn patents subject to the "prosecution bar" provision, to litigate this action, and to have access to information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective agreement; and

2. PERMITS Duhn, on the condition that all counsel and parties abide by the protective order, including the "prosecution bar" provision, to:

   A. Retain counsel other than Christie, Parker to have access to and to use for purposes of this action information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective agreement; and

   B. Continue to retain Christie, Parker as permissible under the protective order, including its "prosecution bar" provision.

## BACKGROUND

### Original "Prosecution Bar" Provision Dispute

Duhn designs and manufactures oil industry products which are sold in the United States. On July 26, 2005, Duhn was issued a wellhead isolation tool patent ("patent"). On November 9, 2005, plaintiff filed this action to allege that Cooper sells products to infringe the patent.

In anticipation of disclosure of confidential, trade secret and proprietary information, Duhn and Cooper agreed to protect such information. The parties agreed to designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which a party "believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only." The parties agreed that information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" "shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than counsel of record for a party. Such information shall be used **only for the purposes of this litigation**, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever." (Bold added.) The parties agreed to disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to "outside experts or consultants" who sign a Non-Disclosure Agreement that the expert/consultant

2

understands the protective order, agrees to the protective order, will not use or disclose confidential information received under the protective order, and will keep safe confidential information.

The parties disagreed on Cooper's proposed "prosecution bar" provision:

T. <u>PATENTING AND PATENT PROTECTED PERSONS</u>.

Persons who have access to information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be restricted from patenting for a party for the pendency of this action and for two years after its conclusion.

    a.    "Patenting" shall mean and include:

        (i)    preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, in the field of isolation sleeves for fracturing processes;

        (ii)    preparing patent claim(s) relating to the field listed above; and

        (iii)    providing advice, counsel, or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to the field listed above.

Cooper sought the "prosecution bar" provision to preclude Duhn litigation counsel, who would have access to Cooper's confidential information, to simultaneously prosecuted related patents before the United States Patent and Trademark Office ("Patent Office"). Duhn objected that the "prosecution bar" provision prohibits Duhn's patent attorney Constantine Marantidis ("Mr. Marantidis") of Christie, Parker to handle Duhn's patent portfolio and to provide patent advice. To address the dispute, this Court issued its August 1, 2006 order ("August 1 order") that:

1. Duhn's current law firm [Christie, Parker] may continue to represent Duhn to prosecute this action and related patents before the Patent Office without a "prosecution bar" provision **but** must forego discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or

2. Duhn enter into the protective order with Cooper's proposed "prosecution bar" provision. (Bold in original.)

Duhn accepted the "prosecution bar" provision, which is included in the August 11, 2006 protective order.

///

**Current "Prosecution Bar" Provision Dispute**

Duhn and Cooper dispute application of the "prosecution bar" provision. Duhn contends that at Christie, Parker, there is "a clear demarcation between litigation counsel and patent prosecution" as to Duhn. According to Duhn, although Mr. Marantidis is Duhn's patent prosecution counsel and has provided "input and guidance regarding technical and patent prosecution matters to litigation counsel, he has not acted as litigation counsel." Duhn identifies its litigation counsel as Edward Schwartz, Thomas Daly and Christopher Smith of Christie, Parker and claims they "have not, are not and will not engage in any patent prosecution or related counseling for Duhn." Duhn identifies Mr. Marantidis as the sole Christie, Parker attorney to prosecute Duhn patents. Duhn understood that Cooper's concern was limited to disclosure to Mr. Marantidis of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Duhn pledges that any Christie, Parker attorney with access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will not participate in "patenting" for Duhn. Duhn asserts that Mr. Marantidis may continue patent prosecution for Duhn in that he will not have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Duhn further pledges that Christie, Parker litigation counsel will "establish an effective ethical wall before any restricted information has been produced." Duhn contends that Cooper seeks "to financially burden Duhn" by forcing Duhn to retain new counsel. As an alternative, Duhn suggests that it hire "outside counsel" to handle "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information **and** that Christie, Parker "remain involved in this litigation and Duhn's patent prosecution."

Cooper contends that Duhn seeks reconsideration of the August 1 order as to whether the "prosecution bar" provision precludes Mr. Marantidis to represent Duhn in patent matters "related to this litigation." Cooper argues that the "prosecution bar" provision allows Christie, Parker to represent Duhn in this action with access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information but precludes Christie, Parker (including Mr. Marantidis) to prosecute related Duhn patents in the Patent Office. Cooper notes that there is no clear demarcation of Christie, Parker litigation and patent prosecution counsel in that Duhn power of attorney documents filed with the Patent Office and regarding the patent at issue here and related patents appoint Duhn's litigation counsel "to prosecute this

///

application" and "to transact all business" in the Patent Office.[1] Cooper also points to two of Mr. Marantidis' pre-litigation e-mails to Cooper's in-house counsel to address potential litigation.[2] Cooper argues that Duhn has failed to establish timely a screening procedure to avoid improper disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

Cooper notes that it has produced to Duhn "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information related to sales of accused products but withholds other such designated information pending resolution of this current dispute.

## DISCUSSION

The August 1 order addressed the dilemma of Mr. Marantidis:

> Nonetheless, this Court acknowledges Duhn's claim of prejudice if Mr. Marantidis is precluded to represent Duhn as patent counsel. To avoid Duhn's loss of Mr. Marantidis, this Court gives Duhn an option to forego discovery materials which Cooper designates as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Duhn's election to forego such discovery materials would mitigate issues raised by the *Chan* court [of inadvertent disclosure of confidential information] and permit Duhn's use of its current law firm, including Mr. Marantidis, in this action and in matters before the Patent Office.

The August 1 order gave Duhn the choice to:

1. Forego "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information **and** continue to use Christie, Parker and Mr. Marantidis "in this action and in matters before the Patent Office"; or

2. Accept access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information **but** forego Christie, Parker and Mr. Marantidis' representation pursuant to the "prosecution bar" provision.

Duhn chose option 2 to agree to and abide by the "prosecution bar" provision, which precludes persons with access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to prosecute subject

---

[1] Duhn responds that the Christie, Parker litigation attorneys "are listed along with virtually every other attorney in the firm on the Power of Attorney . . . because the Patent Office requires that individuals be listed rather than the firm as a whole." Duhn further responds that Cooper lacks evidence that Duhn litigation counsel participated in Duhn patent prosecution.

[2] Duhn responds that Cooper lacks evidence of Mr. Marantidis' involvement in this action after the complaint was filed.

5

patents during this action and for two years after its conclusion. By accepting the "prosecution bar" provision, Duhn and in turn Christie, Parker have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and are subject to the "prosecution bar" provision's restrictions. Recognizing that Mr. Marantidis is an inseparable part of Christie, Parker, this Court gave Duhn a choice, in essence, to forego "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and maintain Christie, Parker as counsel OR to obtain access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and secure other counsel.

With Duhn's acceptance of the "prosecution bar" provision and Christie, Parker's access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, Duhn is unable to attempt to unwind the protective order and erect previously undisclosed ethical walls. Duhn appears to recognize as much with its alternative suggestion to retain outside counsel. Duhn and Christie, Parker want their cake and eat it too but fail to justify such a treat. In simplest terms, Duhn is bound to the protective order with the "prosecution bar" provision to preclude Christie, Parker's dual litigation and patent prosecution representations and access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. ORDERS that the "prosecution bar" provision precludes Christie, Parker to prosecute Duhn patents subject to the "prosecution bar" provision, to litigate this action, and to have access to information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective agreement; and

2. PERMITS Duhn, on the condition that all counsel and parties abide by the protective order, including the "prosecution bar" provision, to:

    A. Retain counsel other than Christie, Parker to have access to and to use for purposes of this action information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective agreement; and

/ / /

/ / /

/ / /

        B.      Continue to retain Christie, Parker as permissible under the protective order, including its "prosecution bar" provision.

IT IS SO ORDERED.

**Dated:   October 26, 2006**                    **/s/ Lawrence J. O'Neill**
66h44d                                              UNITED STATES MAGISTRATE JUDGE