1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DUHN OIL TOOL, INC.,                    )    1:05-cv-01411 OWW GSA
                                             )
12                Plaintiff,                 )    **ORDER TO SHOW CAUSE**
                                             )
13        v.                                 )    **ORDER RE EX PARTE APPLICATION**
                                             )    (Document 381)
14   COOPER CAMERON CORPORATION,             )
                                             )
15                Defendant.                 )
     _____       )
16                                           )
     AND RELATED CROSS-CLAIMS.               )
17   _____       )

18

19        On December 4, 2009, the parties appeared before this Court for a status conference

20   regarding Defendant's motion to compel discovery.  On that date, the parties were advised that in

21   the event they could not resolve their discovery dispute, a hearing on the motion would be

22   entertained on January 13, 2010;[1] the parties were to contact the clerk for a time.  More

23   importantly, the parties were advised that a joint statement, if submitted, was not to exceed

24   twenty-five pages in length.  It was ordered to be filed no later than December 23, 2009.  (*See*

25   Doc. 372.)

26   _____

27        [1]Notably, the Court was willing to accommodate the request of Mr. Rogers by hearing the motion on
     Wednesday, January 13, 2010, rather than its regular Friday law and motion calendar as Mr. Rogers advised he
28   would otherwise be required to forego a certain college bowl game on Friday, January 8, 2010.

                                             1

1   The parties did not file a joint statement on December 23, 2009, as ordered.  Thus, the

2   motion to compel will not be heard on January 13, 2010.

3   On December 24, 2009, counsel for Defendant filed an ex parte application for an

4   extension of time to file the joint statement; the application also seeks permission to exceed the

5   twenty-five page limit.  (Doc. 381.)

6   Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

7   Rules or with any order of the Court may be grounds for the imposition by the Court of any and

8   all sanctions . . . within the inherent power of the Court."

9   Federal courts have inherent power to impose sanctions for attorney misconduct and such

10   sanctions include an award of attorney's fees, against attorneys and parties for "bad faith"

11   conduct or "willful disobedience" of a court order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-

12   46, 111 S.Ct. 2123, 2133 (1991).   Moreover, a district court has inherent power to "impose

13   sanctions for discovery abuses that may not be a technical violation of the discovery rules."

14   *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg.*, 982 F.2d 363, 368, n.2 (9th Cir. 1992);

15   *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).

16   The parties are **ORDERED** to personally appear at the hearing on this Order scheduled

17   for Wednesday, **January 13, 2010, at 10:00 a.m. in Department 10** of this Court, to show

18   cause, if any, why sanctions should not be imposed for their failure to obey a court order.

19   **FURTHER, IT IS HEREBY ORDERED THAT** the ex parte application is **DENIED**

20   for Defendant has not shown good cause regarding the parties' failure to file a timely joint

21   statement, nor has good cause been shown to exceed the previously-imposed twenty-five page

22   limit.

23

24   IT IS SO ORDERED.

25   **Dated:  December 24, 2009**                    _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE

26

27

28