1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | Case No. 1:05-cv-01411-OWW-GSA |
| Plaintiff/Counterclaim-Defendant, | **ORDER GRANTING DEFENDANT CAMERON'S REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING** |
| vs. | |
| COOPER CAMERON CORPORATION, n/k/a CAMERON INTERNATIONAL CORPORATION | |
| Defendant/Counterclaim-Plaintiff. | **Hon. Oliver W. Wanger** |

Pending before this Court is Defendant Cooper Cameron Corporation, n/k/a Cooper Cameron Corporation, ("Cameron")'s Request for Reconsideration by the District Court of Magistrate Judge's Ruling. Pursuant to Local Rule 72-303(c), Defendant Cameron requests that this Court reconsider certain aspects of Magistrate Judge Austin's October 15, 2009 Order (Docket No. 355) which granted in part Plaintiff Duhn Oil Tool, Inc. ("Duhn Oil")'s motion to compel.

The Court finds that Defendant Cameron's Request should be granted. The Court finds the Magistrate Judge's Order clearly erroneous because it did not delineate correctly the scope of the subject matter waiver triggered by Cameron's reliance on the advice of counsel defense. And that scope is a communication to or from Cameron concerning whether the patent is valid, enforceable, and infringed. And that applies both to attorney/client communications and to work product communications other than uncommunicated work product.

-1-                    **ORDER GRANTING CAMERON'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**

1    In addition to defining this scope of the subject matter waiver, there is also a

2    delineation between trial counsel and opinion counsel.  As to trial counsel, any opinions

3    that have been or will be relied upon or presented in the advice of counsel defense at trial.

4    That is non-privileged information of the trial counsel.  Otherwise trial counsel's legal

5    advice, work product in generally defending the case are not discoverable.  But to the extent

6    that trial counsel works on the opinion, adds to it, critiques it and communicates that to the

7    client, that's part of, if you will, the good faith and part of the test of how diligent the

8    alleged infringer was in getting that advice and knowing that that advice was competent,

9    comprehensive, and that it could be relied on.  If trial counsel didn't do that, there won't be

10   anything to produce.  And although the trial counsel works with the opinion counsel's work

11   product and opinion, ordinarily this Court's experience is that trial counsel doesn't get

12   involved in giving that opinion or formulating it or doing anything else with it.  So there

13   shouldn't be anything to disclose.  But if Cameron's trial counsel has done that, then it is

14   discoverable.  That is what EchoStar and Seagate say, as far as trial counsel.  The privilege

15   is not absolute.  There can be an exception.  This Court has defined the exception and if it

16   doesn't apply, then there is nothing to produce from trial counsel.  So that is the limitation.

17   Otherwise for opinion counsel, it is any documents referring to validity, enforceability, and

18   infringement of the '925 patent, which is communicated to the client Cameron.

19   Accordingly, this Court hereby reconsiders the Magistrate Judge's Order and limits

20   the grant of the motion to compel for production of documents and interrogatories as

21   follows.

22   Request for Production No. 103

23   All documents that evidence, refer or relate to any oral or written

24   advice of counsel relating to infringement of the '925 PATENT by any

      ACCUSED DEVICE.

25   Defendant Cameron will comply with this request for production consistent with the

26   delineation between trial counsel and opinion counsel set forth above.

27

28                                          -2-            **ORDER GRANTING CAMERON'S**
                                                          **REQUEST FOR**
                                                          **RECONSIDERATION OF**
                                                          **MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com

1

2  Request for Production No. 104

3         Any and all documents evidencing communications between YOU
   and any and all attorneys acting on YOUR behalf regarding <u>the validity,</u>
   <u>enforceability, and infringement of</u> the '925 PATENT.

4  Defendant Cameron will comply with this request for production with the additional

5  limitation inserted as underlined, and consistent with the delineation between trial counsel

6  and opinion counsel set forth above.

7

8  Request for Production No. 106

9         Any and all documents evidencing communications between YOU
   and all attorneys acting on YOUR behalf regarding YOUR ACCUSED
10  DEVICES.

11  Defendant Cameron's objections to this request are sustained and it is ordered that

12  there be no response to 106 because it is duplicative, cumulative, and even more overbroad

13  than 104, which this Court already limited.

14

15  Request for Production No. 107

16        Any and all documents evidencing communications between YOU
   and any and all attorneys acting on YOUR behalf regarding any similarities
   or differences between YOUR ACCUSED DEVICES and the '925 PATENT.

17

18  Defendant Cameron will comply with this request for production consistent with the

19  delineation between trial counsel and opinion counsel set forth above.

20  Request for Production No. 108

21        Any and all documents and things used or relied upon by any and all
   attorneys acting on YOUR behalf for their opinion regarding YOUR
22  ACCUSED DEVICE and the '925 PATENT.

23  Request No. 108 is cumulative, repetitive, and redundant of 107 and does not need

24  to be answered.

25  Request for Production No. 109

26        Any and all documents that evidence, refer or relate to any oral or
   written advice of counsel <u>regarding the validity, enforceability, and</u>
27  <u>infringement of the '925 PATENT and</u> relating to CAMERON'S decision to
   stop selling its OLD STYLE FRAC MANDREL, including without

28

-3-         **ORDER GRANTING CAMERON'S**
            **REQUEST FOR**
            **RECONSIDERATION OF**
            **MAGISTRATE JUDGE'S RULING**

1  limitation those documents relating to whether or not the OLD STYLE
2  FRAC MANDREL infringed the '925 PATENT.

3         Request No. 109 is cumulative of 117 and does not need to be answered, but may be

4  answered to satisfy the conditional sustaining of Cameron's objections to Request Nos. 118

5  and 119.  The Court modifies this request for production with the additional limitation

6  inserted as underlined, and the delineation between trial counsel and opinion counsel set

7  forth above.

8

9         Request for Production No. 110

10        Any and all documents that evidence, refer or relate to any oral or
   written advice of counsel relating to CAMERON'S decision to introduce its
11 NEW STYLE FRAC MANDREL, including without limitation those
   documents relating to whether or not the NEW STYLE FRAC MANDREL
12 infringed the '925 PATENT.

13        Defendant Cameron's objections to this request are sustained and it is ordered that

14 there be no response to 110 because it is duplicative and cumulative.

15

16        Request for Production No. 111

17        Any and all documents that evidence, refer or relate to any oral or
   written advice of counsel regarding the validity, enforceability, and
   infringement of the '925 PATENT and relating to CAMERON'S decision to
18 introduce its ORIGINAL DESIGN FRAC MANDREL, including without
   limitation those documents relating to whether or not the ORIGINAL
19 DESIGN FRAC MANDREL infringed the '925 PATENT.

20        Defendant Cameron will comply with this request for production with the

21 additional limitation inserted as underlined, and consistent with the delineation

22 between trial counsel and opinion counsel set forth above.  The answer to this

23 Request No. 111 could be "see answer or response to Request No. 103," unless it's

24 different.

25

26

27

28
                                    -4-          **ORDER GRANTING CAMERON'S
                                                 REQUEST FOR
                                                 RECONSIDERATION OF
                                                 MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com

Request for Production No. 112

Any and all mail store files for Manish Vyas, including without limitation the mail store files for mail account manish.vyas@c-a-m.com, that evidence, refer or relate to any oral or written advice of counsel <u>that will be relied on regarding the validity, enforceability, and infringement of</u> the '925 PATENT, or the ACCUSED DEVICES, including, without limitation, e-mail archive files, locally stored files, network stored files, Exchange files, PST files, MSF files, and mailbox files.

Defendant Cameron will comply with this request for production with the additional limitation inserted as underlined, and consistent with the delineation between trial counsel and opinion counsel set forth above.

Request for Production No. 113

Any and all mail store files for Thomas Taylor that evidence, refer or relate to any oral or written advice of counsel <u>that will be relied on regarding the validity, enforceability, and infringement of</u> the '925 PATENT, or the ACCUSED DEVICES, including, without limitation, e-mail archive files, locally stored files, network stored files, Exchange files, PST files, MSF files, and mailbox files.

Defendant Cameron will comply with this request for production with the additional limitation inserted as underlined, and consistent with the delineation between trial counsel and opinion counsel set forth above.

Request for Production No. 114

Any and all emails, email attachments, and instant messages to or from Charles Rogers that evidence, refer or relate to any oral or written advice of counsel relating to the '925 PATENT, including, without limitation, e-mail archives, locally stored files, network stored files, Exchange files, PST files, MSF files, mailbox files, and mail store files.

The Court finds that there should be a modification of this Request. The strategic matter in which an advice of counsel defense is presented at trial, a lawyer tactic, is not necessarily discoverable, but if trial counsel is given the noninfringement opinion issued by the Opinion counsel, and trial counsel then communicates back to the client about the opinion and adds further analysis or, in effect, requests that the opinion be modified or

-5-

**ORDER GRANTING CAMERON'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**

changed, and that is for the purpose of disclosure, then this Court finds that that kind of attorney/client communication, where it directly involves the reliance on and the disclosure of the opinion to be presented at trial as advice of counsel, is waived and/or if it is work product it is not immune.  So this Court finds that the correct limitation on this request should be is that it is limited to documents that refer or relate to any communication relating to the advice of counsel defense to be asserted at trial with reference to the '925 patent. Otherwise trial counsel's opinions and work product and communications are privileged. Defendant Cameron will comply with this request for production with this additional limitation, which is consistent with the delineation between trial counsel and opinion counsel set forth above.

Request for Production No. 115

Any and all emails, email attachments, and instant messages to or from Manish Vyas that evidence, refer or relate to any oral or written advice of counsel relating to the '925 PATENT, including, without limitation, e-mail archives, locally stored files, network stored files, Exchange files, PST files, MSF files, mailbox files, and mail store files.

Defendant Cameron's objections to this request are sustained and it is ordered that there be no response to 115 because it is duplicative of 112.

Request for Production No. 116

Any and all emails, email attachments, and instant messages to or from Thomas Taylor that evidence, refer or relate to any oral or written advice of counsel relating to the '925 PATENT, including, without limitation, e-mail archives, locally stored files, network stored files, Exchange files, PST files, MSF files, mailbox files, and mail store files.

Defendant Cameron's objections to this request are sustained and it is ordered that there be no response to 116 because it is duplicative of 113.

-6-

ORDER GRANTING CAMERON'S
REQUEST FOR
RECONSIDERATION OF
MAGISTRATE JUDGE'S RULING

PDF created with pdfFactory trial version www.pdffactory.com

1

Request for Production No. 117

2

Any and all emails, email attachments, and instant messages to or
from Charles Rogers that evidence, refer or relate to any oral or written
advice of counsel relating to CAMERON'S decision to stop selling its OLD
STYLE FRAC MANDREL, including without limitation those documents
relating to whether or not the OLD STYLE FRAC MANDREL infringed the
'925 PATENT.

3

4

5

6

Defendant Cameron's objections to this request are sustained.  The subject of this

7

request is not advice of counsel, unless Cameron is going to tender Mr. Rogers' advice as

8

the advice of counsel to stop selling or to change.   And that is not what this Court

9

understands Mr. Rogers' role was.  So this request does not have to be answered unless

10

Cameron is going to rely on Mr. Rogers.

11

12

Request for Production No. 118

13

Any and all emails, email attachments, and instant messages to or
from Manish Vyas that evidence, refer or relate to any oral or written advice
of counsel :elating to CAMERON'S decision to stop selling its OLD STYLE
FRAC MANDREL, including without limitation those documents relating to
whether or not the OLD STYLE FRAC MANDREL infringed the '925
PATENT.

14

15

16

17

Defendant Cameron's objections to this request are sustained on the condition that

18

any documents responsive to this request will be subsumed within request number 109.

19

Request for Production No. 119

20

Any and all emails, email attachments, and instant messages to or
from Thomas Taylor that evidence, refer or relate to any oral or written
advice of counsel relating to CAMERON'S decision to stop selling its OLD
STYLE FRAC MANDREL, including without limitation those documents
relating to whether or not the OLD STYLE FRAC MANDREL infringed the
'925 PATENT.

21

22

23

24

Defendant Cameron's objections to this request are sustained on the condition that

25

any documents responsive to this request will be subsumed within request number 109.

26

27

28

-7-

**ORDER GRANTING CAMERON'S
REQUEST FOR
RECONSIDERATION OF
MAGISTRATE JUDGE'S RULING**

1    Request for Production No. 120

2    Any and all emails, email attachments, and instant messages to or
     from Charles Rogers that evidence, refer or relate to any oral or written
3    advice of counsel relating to CAMERON'S decision to introduce its NEW
     STYLE FRAC MANDREL, including without limitation those documents
4    relating to whether or not the NEW STYLE FRAC MANDREL infringed the
     '925 PATENT.
5

6    Request No. 120 is cumulative of 117 and does not need to be answered.

7    Request for Production No. 121

8    Any and all emails, email attachments, and instant messages to or
     from Manish Vyas that evidence, refer or relate to any oral or written advice
9    of counsel relating to CAMERON'S decision to introduce its NEW STYLE
     FRAC MANDREL, including without limitation those documents relating to
10   whether or not the NEW STYLE FRAC MANDREL infringed the '925
     PATENT.
11

12   Defendant Cameron's objections to this request are sustained and it is ordered that

13   there be no response to 121 because it is duplicative of 110 and cumulative of 103.

14   Request for Production No. 122

15   Any and all emails, email attachments, and instant messages to or
     from Thomas Taylor that evidence, refer or relate to any oral or written
16   advice of counsel relating to CAMERON'S decision to introduce its NEW
     STYLE FRAC MANDREL, including without limitation those documents
17   relating to whether or not the NEW STYLE FRAC MANDREL infringed the
     '925 PATENT.
18

19   Defendant Cameron's objections to this request are sustained and it is ordered that

20   there be no response to 122 because it is duplicative of 110 and cumulative of 103.

21

22   Request for Production No. 123

23   Any and all emails, email attachments, and instant messages to or
     from Charles Rogers that evidence, refer or relate to any oral or written
24   advice of counsel relating to CAMERON'S decision to introduce its
     ORIGINAL DESIGN FRAC MANDREL, including without limitation those
25   documents relating to whether or not the ORIGINAL DESIGN FRAC
     MANDREL infringed the '925 PATENT.
26

27   Defendant Cameron's objections to this request are sustained and it is ordered that

28   there be no response to 123 because it is duplicative of 111.

-8-        **ORDER GRANTING CAMERON'S
            REQUEST FOR
            RECONSIDERATION OF
            MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com

1

Request for Production No. 124

2
3
4
5

Any and all emails, email attachments, and instant messages to or from Manish Vyas that evidence, refer or relate to any oral or written advice of counsel relating to CAMERON'S decision to introduce its ORIGINAL DESIGN FRAC MANDREL, including without limitation those documents relating to whether or not the ORIGINAL DESIGN FRAC MANDREL infringed the '925 PATENT.

6

Defendant Cameron's objections to this request are sustained and it is ordered that there be no response to 124 because it is duplicative of 111.

7

Request for Production No. 125

8
9
10
11

Any and all emails, email attachments, and instant messages to or from Thomas Taylor that evidence, refer or relate to any oral or written advice of counsel relating to CAMERON'S decision to introduce its ORIGINAL DESIGN FRAC MANDREL, including without limitation those documents relating to whether or not the ORIGINAL DESIGN FRAC MANDREL infringed the '925 PATENT.

12
13

Defendant Cameron's objections to this request are sustained and it is ordered that there be no response to 125 because it is duplicative of 111.

14

Request for Production No. 126

15
16
17

Any and all documents that evidence, refer or relate to any oral or written advice of counsel regarding the validity, enforceability, and infringement of the '925 PATENT and relating to any videos taken to support this litigation regarding YOUR ACCUSED DEVICES.

18
19
20

Defendant Cameron will comply with this request for production with the additional limitation inserted as underlined, and consistent with the delineation between trial counsel and opinion counsel set forth above.

21

Request for Production No. 127

22
23
24

Any and all documents that evidence, refer or relate to any oral or written advice of counsel regarding the validity, enforceability, and infringement of the '925 PATENT and relating to any INDENTATIONS made by the lower lockscrews on YOUR ACCUSED DEVICES.

25
26
27

Defendant Cameron will comply with this request for production with the additional limitation inserted as underlined, and consistent with the delineation between trial counsel and opinion counsel set forth above.

28

-9-

**ORDER GRANTING CAMERON'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com

1

2   <u>Request for Production No. 128</u>

3          Any and all documents that evidence, refer or relate to any oral or written advice of counsel on validity, enforceability, and infringement of the '925 PATENT that include any checklists regarding the installation and use of YOUR ACCUSED DEVICES.

4

5   Defendant Cameron will comply with this request for production with the additional

6   limitation inserted as underlined, and consistent with the delineation between trial counsel

7   and opinion counsel set forth above.

8

9   <u>Request for Production No. 129</u>

10         Any and all documents that evidence, refer or relate to any oral or written advice of counsel related to validity, enforceability, and/or infringement of the '925 PATENT concerning any FRAC MANDREL identification tags or placards for any ACCUSED DEVICE.

11

12  Defendant Cameron will comply with this request for production with the additional

13  limitation inserted as underlined, and consistent with the delineation between trial counsel

14  and opinion counsel set forth above.

15

16  <u>Request for Production No. 130</u>

17         Any and all documents that evidence, refer or relate to any oral or written advice of counsel regarding the validity, enforceability, and infringement of the '925 PATENT and relating to CAMERON'S response to the Court Order entered April 2, 2009 regarding DUHN'S Motion for Preliminary Injunction and CAMERON'S business practices regarding the installation and use of its FRAC assembly.

18

19

20

21  Defendant Cameron will comply with this request for production with the additional

22  limitation inserted as underlined, and consistent with the delineation between trial counsel

23  and opinion counsel set forth above.

24

25         As to the interrogatories, Cameron shall Cameron shall respond to Interrogatory

26  Numbers 35, 37, 38, 39, and 40 consistent with the limitations set forth in this Order.

27

28                                        -10-          **ORDER GRANTING CAMERON'S**
                                                        **REQUEST FOR**
                                                        **RECONSIDERATION OF**
                                                        **MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com

1

2      IT IS SO ORDERED.

3

4      **Dated:** December 30, 2009          /s/ OLIVER W. WANGER
                                              UNITED STATES SENIOR DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      -11-        **ORDER GRANTING CAMERON'S
                                                  REQUEST FOR
                                                  RECONSIDERATION OF
                                                  MAGISTRATE JUDGE'S RULING**

PDF created with pdfFactory trial version www.pdffactory.com