CHARLES J. ROGERS, admitted *pro hac vice*
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002-2912
Telephone: (713) 238-8049
Facsimile: (713) 238-8008
e-mail: crogers@conleyrose.com

Attorneys for Defendant
Cooper Cameron Corporation, n/k/a
Cameron International Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | Case No. 1:05-cv-01411-OWW-GSA |
| Plaintiff/Counterclaim-Defendant, | **AGREED DISCOVERY ORDER REGARDING MOTION BY DEFENDANT CAMERON TO COMPEL DISCOVERY FROM PLAINTIFF DUHN OIL** |
| vs. | |
| COOPER CAMERON CORPORATION, | |
| Defendant/Counterclaim-Plaintiff. | **Date:** January 29, 2010<br>**Time:** 9:30 a.m.<br>**Ctrm:** Courtroom 10, 6th Floor<br>**Judge:** Hon. Gary S. Austin |

**AGREED DISCOVERY ORDER RE MOTION BY DEFENDANT CAMERON TO COMPEL DISCOVERY**

**Issues Resolved by Agreement**

Defendant Cameron filed its Motion to Compel (Docket No. 368) regarding Cameron's Fourth Set of Interrogatories to Duhn Oil (Nos. 26-40) and Cameron's Third Set of Requests for Production of Documents to Duhn Oil (Nos. 46-58). In addition, Cameron in its Motion requested that this Court compel the Rule 30(b)(6) deposition of Duhn Oil, order Duhn Oil to produce a privilege log, order Duhn Oil to fully disclose the identity of its affiliates, and order each of these affiliates to respond to written discovery requests to disclose their affiliate status and number of employees. The parties and Duhn Oil's affiliates represented by Duhn Oil's counsel were able to reach agreements to resolve a number of these discovery issues as follows:

1) Rule 30(b)(6) deposition. Plaintiff Duhn Oil will present a corporate representative to be deposed regarding the following topics:

a) Duhn Oil's Answers to Defendant's Cameron's Fourth Set of Interrogatories to Plaintiff Duhn Oil (Nos. 26-40).

b) Duhn Oil's Responses Defendant Cameron's Third Set of Requests for Production of Documents and Tangible Things to Plaintiff Duhn Oil (Nos. 46-58).

c) Conception and reduction to practice for each claim of the '925 patent for which inventorship is an issue, and Duhn Oil's contentions regarding any diligence exercised by an inventor from conception up through the filing date of the patent applications that issued as the '925 patent.

2) Interrogatory Nos. 26-31, 33, 35, 36, 38-40. The parties have resolved the issues regarding these Interrogatories as follows:

Interrogatory No. 26

In response to Interrogatory No. 26, Duhn Oil will disclose its infringement contentions in a chart-based limitation-by-limitation format, specifically and separately stating its infringement contentions for each asserted claim for Cameron's New Style and Original design frac mandrels. Duhn Oil will identify the asserted claims, and for each such claim specifically

1

and separately identify where each such limitation of each such claim is found in the accused product.

### Interrogatory No. 27

Cameron withdraws this Interrogatory No. 29 as cumulative to Interrogatory No. 26.

### Interrogatory No. 28

Duhn Oil will supplement its response to Interrogatory No. 28 (not subject to objections) to provide an answer that is complete in and of itself, and not refer to pleadings, depositions, or other documents.

### Interrogatory No. 29

Cameron withdraws this Interrogatory No. 29 as cumulative to Interrogatory No. 28.

### Interrogatory No. 30

Cameron and Duhn Oil agree that Duhn Oil's answer to Interrogatory No. 31 will provide a complete answer to the information requested in this Interrogatory No. 30.

### Interrogatory No. 31

Duhn Oil will withdraw all objections and supplement its response to Interrogatory No. 31 to provide a traditional claim chart.

### Interrogatory No. 33

Duhn Oil will respond without objection to Interrogatory No. 33 that:

(1) Duhn Oil is not currently eligible for reduced patent fees under 13 C.F.R. section 121.802; and

(2) the eligibility changed since the filing of the application that issued as the '925 patent when Duhn Oil was acquired by SWI.

### Interrogatory No. 35

Duhn Oil agrees to respond without objection to Interrogatory No. 35, as modified as follows, to provide an answer that is complete in and of itself, and not refer to pleadings, depositions, or other documents.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Please identify all affiliates of Duhn Oil, as the term "affiliates" is used in 13 C.F.R. § 121.802. For each affiliate of Duhn Oil, please describe the relationship between Duhn Oil and the affiliate.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Interrogatory No. 36

Duhn Oil will respond without objection to Interrogatory No. 36, as modified as follows.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Duhn Oil will identify any person to whom Duhn Oil has assigned, granted, conveyed, or licensed (or is under an obligation to do so) any rights in the '925 patent, but for security interests, Duhn Oil will identify only those security interests which have been defaulted on. For any newly identified person, Duhn Oil will specify the information it has regarding the number of employees for each such person.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Interrogatory No. 38

Duhn Oil will withdraw its objections to Interrogatory No. 38 and supplement its response.

### Interrogatory No. 39

Duhn Oil will respond without objection to Interrogatory No. 39 as modified as follows.

3

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please identify any person identified in Duhn Oil's Initial Disclosures pursuant to Rule 26, other than Rex Duhn, which has a financial interest in the outcome of this litigation, and for each such person describe the financial interest.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Interrogatory No. 40</u>

Duhn Oil will withdraw all objections and supplement its response to Interrogatory No. 40.

3) Request for Production Nos. 46-58.  The parties have resolved the issues regarding these Requests for Production as follows:

<u>Request for Production No. 46</u>

Duhn Oil will produce, without objections, all documents responsive to Request for Production No. 46.

<u>Request for Production No. 55</u>

Cameron has withdrawn Request for Production No. 55.

<u>Request for Production No. 47-54 and 56-58</u>

Duhn Oil will produce, without objections, all documents responsive to these requests as modified as follows.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**REQUEST FOR PRODUCTION NO. 47:**

All documents and electronically stored information ~~related to~~reflecting all information considered or reviewed by Duhn Oil in making its determination as to Duhn Oil's eligibility for reduced patent fees under 13 C.F.R. § 121.802.

Dec. 4, 2009 Hearing Transcript at 11, lines 4-14.

4

**REQUEST FOR PRODUCTION NO. 48:**

~~All d~~Documents and electronically stored information ~~evidencing~~ sufficient to show the relationship between Duhn Oil and any of its affiliates, as the term "affiliates" is used in 13 C.F.R. § 121.802

Dec. 4, 2009 Hearing Transcript at 11, lines 15-22.

**REQUEST FOR PRODUCTION NO. 49**

Documents and electronically stored information in the possession, custody, or control of Duhn Oil sufficient to determine Duhn Oil's number of employees, including affiliates, as the term "affiliates" is used in 13 C.F.R. § 121.802.

Dec. 4, 2009 Hearing Transcript at 11, line 23 to page 12, line 6.

**REQUEST FOR PRODUCTION NO. 50**

Documents and electronically stored information in the possession, custody, or control of Duhn Oil sufficient to determine the number of employees for each particular affiliate of Duhn Oil, as the term "affiliates" is used in 13 C.F.R. § 121.802.

Dec. 4, 2009 Hearing Transcript at 12, lines 8-19.

**REQUEST FOR PRODUCTION NO. 51:**

Documents and electronically stored information in the possession, custody, or control of Duhn Oil sufficient to identify all affiliates of Duhn Oil, as the term "affiliates" is used in 13 C.F.R. § 121.802.

Dec. 4, 2009 Hearing Transcript at 12, lines 20-24.

**REQUEST FOR PRODUCTION NO. 52**

Documents and electronically stored information in the possession, custody, or control of Duhn Oil sufficient to identify the relationship between Duhn Oil and each of its affiliates, as the term "affiliates" is used in 13 C.F.R. § 121.802~~and the relationship between each such affiliate and every other affiliate~~.

Dec. 4, 2009 Hearing Transcript at 12, line 25 to page 13, line 11.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and electronically stored information evidencing any assignment, grant, conveyance, or license (or any obligation to do so) of any rights in the '925 patent.

**REQUEST FOR PRODUCTION NO. 54:**

Documents and electronically stored information in the possession, custody, or control of Duhn Oil sufficient to determine the number of employees for any person to whom any rights in the '925 patent have been assigned, granted, conveyed, or licensed (or any obligation to do so).

5

**REQUEST FOR PRODUCTION NO. 56:**

Documents and electronically stored information sufficient to show any and all financial interest that Rex Duhn has in the outcome of this litigation, including any change in any such financial interest since the filing of this litigation.

**REQUEST FOR PRODUCTION NO. 57**

Documents and electronically stored information sufficient to show any and all financial interest that any person identified in Duhn Oil's Initial Disclosures pursuant to Rule 26, other than Rex Duhn, has in the outcome of this litigation, including any change in any such financial interest since the filing of this litigation.

**REQUEST FOR PRODUCTION NO. 58:**

Documents and electronically stored information evidencing any and all failure incidents or other manufacturing defects or adverse operational incidents involving Duhn Oil's frac mandrel products or services.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4) Duhn Oil confirms that February 26, 2010 is the date certain by which it will complete its production of all documents responsive to Request for Production Nos. 46-54 and 56-58, and complete its supplemental responses to Interrogatory Nos. 26-31, 33, 35, 36, and 38-40.

5) Duhn will produce its invoices and summary data, for July 1, 2009 through December 31, 2009, on or before February 15, 2010, and Cameron will likewise do the same. Cameron produced invoice summary data, through May 31, 2009, on January 29, 2010.

6) By February 20, 2010, Duhn Oil's affiliates will answer the depositions on written questions pursuant to this Court's October 15, 2009 Order (Docket No. 354) denying Duhn Oil and its affiliates' Motion to Quash Third Party Written Depositions.

7) By February 12, 2010, Duhn Oil will fully disclose the identity of each of its affiliates (the remaining affiliates that have not already been served with subpoenas duces tecum). For each of the remaining affiliates which have not already been served with subpoenas duces tecum, Duhn Oil will not object to the service of a subpoena duces tecum and deposition on written

6

questions to discover the same information which Cameron has previously sought from the other affiliates, and Duhn Oil will cooperate in scheduling these depositions.

**ORDER**

This Court finds that the parties' Agreed Discovery Order is hereby GRANTED.

The parties are hereby ORDERED to comply with the discovery agreements set forth above.

**IT IS SO ORDERED**.

**Dated:** February 17, 2010          /s/ Gary S. Austin
HON. GARY S. AUSTIN
UNITED STATES MAGISTRATE JUDGE