# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | 1:05-cv-01411 OWW GSA |
| Plaintiff, | ORDER REGARDING DEFENDANT COOPER CAMERON CORPORATION'S MOTION TO COMPEL DISCOVERY BY PLAINTIFF DUHN OIL TOOL, INC. |
| v. | |
| COOPER CAMERON CORPORATION, | (Document No. 368) |
| Defendant. | |
| AND RELATED CROSS-CLAIMS. | |

## INTRODUCTION

On November 13, 2009, Defendant Cooper Cameron Corporation ("Cameron") filed a motion to compel discovery from Plaintiff Duhn Oil Tool, Inc. (Doc. 368.) On January 22, 2010, the parties filed a joint statement regarding the discovery dispute. (Doc. 400.) Following significant meet and confer efforts by counsel for both parties on several occasions, the Court signed the parties' Agreed Discovery Order on February 17, 2010. (Doc. 406.) The Court now turns to address the remaining issues in the motion to compel, to wit: (1) Defendant's request that Plaintiff be compelled to produce a privilege log; (2) Defendant's request that this Court order Plaintiff to provide complete answers to Interrogatory Numbers 32, 34 and 37 of Defendant's Fourth Set of Interrogatories; and (3) Defendant's request that this Court order that Plaintiff not

interfere with Defendant's attempts to obtain information from non-parties as referenced in Interrogatory Number 36 regarding the number of employees for any party to whom Plaintiff may have assigned, granted, conveyed or licenced any rights in the '925 patent. (*See* Doc. 405.)

**ANALYSIS AND ORDER**[1]

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Federal Rules of Civil Procedure rule 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

**A.    The Privilege Log**

The dispute regarding a privilege log concerns the following discovery request:

REQUEST FOR PRODUCTION NO. 46
    All documents and electronically stored information related to the statements made by Constantine Marantidis in his Declaration dated December 1, 2008.
RESPONSE TO REQUEST FOR PRODUCTION NO. 46
    Plaintiff incorporates by reference the General Objections set forth as if fully stated herein. Plaintiff objects to this request on the grounds that it is beyond the scope of permissible discovery as defined by Fed. R. Civ. P. 26 and is overbroad, unduly burdensome and seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery

---

[1] The Court carefully reviewed and considered all relevant pleadings, including oral arguments, points and authorities, declarations, and exhibits. Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

2

of admissible evidence. Additionally, Plaintiff objects to this request on the grounds that it encompasses documents protected by the attorney client and/or attorney work product doctrine.
　　　Subject to and without waiving its objections Plaintiff responds that it will produce all relevant non-privileged responsive documents in its possession or control, if any.

(Doc. 400 at 18.)

At the hearing of January 29, 2010, Cameron indicated that Duhn Oil Tool, Inc. ("Duhn") has not provided a privilege log regarding Request for Production Number 46.  Cameron points out that the joint statement references the fact Plaintiff Duhn has asserted the attorney-client privilege regarding those documents, therefore, a privilege log should be produced.  Duhn responded that it had no other documents that were responsive to the request, and while it had produced the documents it was "not taking away" its attorney-client privilege objection "because the scope of some of their questions could snare at some time in the future attorney-client documents, and we have an ongoing obligation to produce, so we want that objection there, just in case there's a future document that comes, and it does."  (Doc. 409 at 78.)

The Court will accept Duhn's explanation that the reference to privileged documents in the joint statement was remedied by its subsequent production via email, albeit with belated delivery to counsel for Cameron.  (*See* Doc. 409 at 5, 77-78.)  However, to the degree Plaintiff is withholding *any* other document or documents based upon the attorney-client privilege, it is ordered to produce a privilege log forthwith.

### B.   The Fourth Set of Interrogatories - Numbers 32, 34 & 37

Cameron propounded its Fourth Set of Interrogatories to Duhn.  Duhn has objected to interrogatory numbers 32, 34 and 37:

**INTERROGATORY NO. 32:**
　　　For each limitation set forth in Claims 4, 6-7, 10-12, 18, 20, 22, 28, 30, and 34-36, and Claims 37, 38-41, 44-46, 50-51 of the '925 Patent, identify each limitation that is not found in the '993 Patent.
**RESPONSE TO INTERROGATORY NO. 32:**
　　　Plaintiff incorporates by reference the General Objections set forth as if fully stated herein. Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion and is compound and exceeds the permissible number of interrogatories permitted in this matter by improperly combining several interrogatories in one. Plaintiff further objects to this

3

interrogatory as being beyond the scope of permissible discovery as defined by Fed. R. Civ. P. 26.

Subject to and without waiving its objections Plaintiff responds as follows: The structure to implement the "wherein" clause cannot be found in the '993 figures. See also, Declaration of Phil Terry In Support Of Plaintiffs Reply Regarding Its Motion For Preliminary Injunction, And Request For Leave To Amend Its Complaint and Plaintiffs Memorandum of Points and Authorities in Support of Its Opposition to Defendant's Motion for Summary Judgment of Patent Invalidity in View of the Prior Art (Ct. Docket 252-4).

**INTERROGATORY NO. 34:**
Please state Duhn Oil's number of employees, including affiliates, as the term "affiliates" is used in 13 C.F.R. § 121.802. In answering this Interrogatory, please specify the number of employees for each particular affiliate.

**RESPONSE TO INTERROGATORY NO. 34:**
Plaintiff incorporates by reference the General Objections set forth as if fully stated herein. Plaintiff objects to this interrogatory on the grounds that it is overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, compound and exceeds the permissible number of interrogatories permitted in this matter by improperly combining several interrogatories in one. Plaintiff further objects to this interrogatory on the grounds that it seeks information containing confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections Plaintiff responds that Duhn's number of employees pursuant to 13 C.F.R. § 121.802 is currently more than 500 persons.

**INTERROGATORY NO. 37:**
Please describe any actions that Duhn Oil has taken to determine its eligibility for reduced patent fees under 13 C.F.R. § 121.802 since the filing of the application that issued as the '925 patent.

**RESPONSE TO INTERROGATORY NO. 37:**
Plaintiff incorporates by reference the General Objections set forth as if fully stated herein. Plaintiff objects to this interrogatory as being vague and ambiguous as to "filing of the application", beyond the scope of permissible discovery as defined by Fed. R. Civ. P. 26 and seeking information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections Plaintiff responds that it investigated its eligibility for reduced fees prior to making its maintenance fee payment for the '925 patent. Plaintiff also investigated eligibility for reduced fees prior to making its large entity payment for the first maintenance fee.

(Doc. 400 at 3, 9, 15.)

*Number 32*

In the joint statement, Cameron indicates that it "merely seeks to narrow the issues for trial by confirming the substantial number of elements from the asserted patent claims which are found in this prior art '993 patent, so the parties can focus trial preparation only on those issues truly in dispute." (Doc. 400 at 4.) Duhn argued that it "is only asserting infringement of claims 2, 3, 5, 13, 14, 19, 29, 31, and 86 of the '925 patent.  There is no basis for Cameron's continued assertion of invalidity of the unasserted claims, let alone for discovery relating to such unasserted claims." (Doc. 400 at 8.)

At the hearing January 29, 2010, Duhn argued the claims referenced in Interrogatory Number 32 are not relevant to the current litigation and that if it were required to respond to the additional claims it would be unduly burdened.  Cameron continued to assert that it is entitled to discovery related to its declaratory judgment counterclaim.  (Doc. 409 at 9-16, 36-37, 49-51.)

Plaintiff's objections are overruled.  Because Cameron is asserting the defense of invalidity based upon a prior art patent, this information is discoverable.  To the degree Duhn objects to the interrogatory because it pertains to claims it is no longer asserting, this Court is persuaded by Defendant's interpretations of *Jervis B. Webb Company v. Southern Systems, Inc.*, 742 F.2d 1388 (Fed. Cir. 1994) and *Hoffman-LaRoche, Inc. v. Mylan, Inc.*, 2009 WL 4796736 (D.N.J. 2009).

Duhn shall be ordered to provide a full and complete response to the interrogatory.

*Number 34*

Cameron seeks a full response to its interrogatory and "respectfully requests that this Court order Duhn Oil to fully respond to this interrogatory wi[th] all of the information that Duhn Oil does possess regarding the number of employees for each of its affiliates." (Doc. 400 at 11.)  In the joint statement, Duhn stated it " does not know the specific number of employees in all the affiliates and so [it] has no ability to answer this question. However, Duhn has undertaken a sufficient investigation to know that the number of employees is greater than 500, which is all that is required to establish entity size. . . . These affiliates are separate and independent companies for which Duhn has no control, so Duhn has no ability to interfere with

5

Cameron's efforts to obtain information from these affiliate companies, as Cameron wrongly claims." (Doc. 400 at 12.)

The Court is not persuaded that Duhn cannot identify and ascertain the number of employees of the affiliates of its parent company. Duhn has already indicated the number of employees of certain affiliates is greater than 500; therefore, information is available to Duhn such that it may more fully and completely answer the inquiry. The information is plainly relevant to Cameron's defense and is thus discoverable. Plaintiff's objections are overruled.

Duhn shall be ordered to provide a full and complete response to the interrogatory. If an exact number of affiliate employees cannot be ascertained, Duhn shall provide a best estimate. Merely indicating whether or not the affiliate has a number of employees greater than 500 persons will not suffice.

### *Number 37*

At the hearing, Duhn argued the interrogatory is overbroad as it seeks any patent application filed by Duhn Oil since November 2002. Duhn sought a limitation to the '925 patent and two other related applications, rather than every application. Duhn also raised the specter of having to reveal information regarding otherwise secret patent applications. Cameron explained that it is seeking to establish a pattern regarding Duhn Oil's claims to small entity status and therefore it should be permitted discovery regarding patents outside the '925 patent family. Moreover, it argued Plaintiff's concern with regard to secrecy is a red herring in light of the operative protective order.[2] (Doc. 409 at 70-77.)

Plaintiff's objections are overruled. The interrogatory is not overbroad. The discovery is relevant to Cameron's defenses. Duhn shall be ordered to provide a full and complete response to the interrogatory.

//
//

---

[2] *See* Document No. 37.

### C. Interference Issue

Cameron "requests this Court order that Duhn Oil will not interfere with Cameron's attempts to obtain from non-parties the information requested in Interrogatory No. 36 regarding the number of employees for 'any person to whom Duhn Oil has assigned, granted, conveyed, or licensed (or is under an obligation to do so) any rights in the '925 patent.'" (Doc. 405 at 2.)

At the January 29, 2010, hearing, Cameron explained that it originally sought this information from Duhn, but the information was not provided. Thereafter, Cameron sought the information from the non-party affiliates known to it by way of third party subpoenas. Duhn then filed a motion to quash the subpoenas directed to the third parties. One argument asserted in the motion was the fact that the information Cameron sought was available from Duhn. Ultimately, the motion to quash was denied. Following denial of the motion, Duhn has subsequently indicated it does *not* have the information Cameron seeks. (*See* Doc. 409 at 43; *see also* Doc. 307.) Cameron seeks a complete answer to Interrogatory 36 in the absence of interference by Duhn.

While the Court is not willing to expressly find that Duhn has purposefully interfered with Cameron's efforts to obtain the information it seeks from third party affiliates, the Court notes that any efforts by a party to frustrate Court ordered discovery will not be tolerated. Duhn is therefore cautioned accordingly, particularly where this Court has already determined Cameron is entitled to the discovery it seeks. (*See* Doc. 354.) This Court's order does not affect the separate rights of any third party affiliate.

**CONCLUSION AND ORDER**

The Court finds that Cameron is entitled to the discovery it seeks, and overrules Duhn's objections thereto.

For the reasons given above, this Court hereby ORDERS as follows:

1. Duhn shall provide a privilege log to Cameron for any document it has not yet produced regarding Cameron's Request for Production, Number 46, and for which Duhn is withholding production based upon the attorney-client privilege, within fourteen (14) days of the date of this Order;

2. Duhn shall provide supplemental responses to Interrogatory numbers 32, 34 and 37 of Cameron's Fourth Set of Interrogatories within fourteen (14) days of the date of this Order; and

3. Duhn is cautioned that any effort on its part to frustrate Court ordered discovery regarding Cameron's efforts to obtain discovery concerning its defense of invalidity regarding the '925 patent may bring about severe sanctions.

IT IS SO ORDERED.

Dated:   **March 1, 2010**                              /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE