IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>COOPER CAMERON CORPORATION,<br><br>          Defendant. | No. CV-F-05-1411 OWW/GSA<br><br>MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS OF CONTRIBUTORY AND INDUCEMENT INFRINGEMENT WITH LEAVE TO AMEND (Doc. 414) |

Defendant Cooper Cameron Corporation ("Cameron") moves to dismiss the contributory and inducement infringement claims in Plaintiff Duhn Oil Tool's ("Duhn") Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted on the ground that the SAC fails to allege direct infringement of the '925 Patent by anyone other than Cameron.

   A.   <u>GOVERNING STANDARDS</u>

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6)

where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, *id.* at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The

plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully, *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court explained:

> Two working principles underlie our decision in *Twombley*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss ... Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense ... But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' ....
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

**B.   <u>MERITS OF MOTION</u>**

35 U.S.C. § 271 provides:

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> (c) Whoever offers to sell or sells ... a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Cameron cites *Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc.*, 936 F.Supp. 93, 94-95 (W.D.N.Y.1996):

> Numerous courts have held that in order for a plaintiff to *prevail* on a claim for either inducement of infringement or contributory infringement, direct infringement must be *proved. See, e.g., Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 ... (1964)('[I]t is settled that if there is no direct infringement of a patent

4

there can be no contributory infringement.' (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341 ... (1961)); *Joy Technologies, Inc. v. Flakt, Inc.,* 6 F.3d 770, 774 (Fed.Cir. 1993)('Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.'); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 673 (Fed.Cir.1990)('Of course, a finding of induced or contributory infringement must be predicated on a direct infringement ....'); *Moleculon Research Corp. v. CBS, Inc.*, 872 F.2d 407, 410 (Fed.Cir. 1989)('In the absence of direct infringement, [defendant] cannot be held liable for inducing infringement under section 271(b).'); *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687 (Fed.Cir.1986)('Absent direct infringement of the patent claims, there can be neither contributory infringement ... nor inducement of infringement ....' ...)); *Blackman v. Hadron, Inc.*, 450 F.2d 781, 782 (2nd Cir.1971)('[A]bsent direct infringement, no action for contributory infringement can be maintained.').

It appears, however, that only one other court has addressed the precise issue presented in this action: Whether direct infringement must be specifically pleaded in the complaint in order for a plaintiff to state a claim for inducement of infringement and contributory infringement?

In *Shearing v. Optical Radiation Corp.*, 1994 WL 382444 (D.Nev.1994), plaintiff sued several defendants for inducement of infringement and contributory infringement. Defendants moved to dismiss for failure to state a claim because the complaints did not plead direct infringement.  The court granted the motions, finding that direct infringement must be pleaded in order to state a claim for either inducing infringement or contributory infringement.

According to the court, '[u]nder § 271(b) one who actively induces infringement of a patent

    is liable as an infringer.  In order for that
    liability to arise, however, there must have
    been direct infringement by someone other
    that the inducer ... Nowhere in the complaint
    is this alleged.' *Id.* at \*2.  Further, 'as
    with active inducement, liability for
    contributory infringement under § 271(c)
    cannot arise unless there is direct
    infringement ... None of the complaints
    allege this.  *Id.* ....

    ...

    The case law is clear that Fuji may *recover*
    from Hover-Davis for inducement of
    infringement or contributory infringement
    only if it is able to *prove* that Fuji's
    customers, the end users, directly infringed
    the patent by using the patented device with
    Hover-Davis parts.

    Because direct infringement ultimately must
    be proved, it stands to reason - as the
    Nevada district court held - that direct
    infringement also must be pleaded in the
    complaint in order to state a claim for
    inducement of infringement and contributory
    infringement.

 Cameron argues that the allegations of the SAC fail to allege direct infringement by anyone other than Cameron.  Cameron complains:

    By avoiding the pleading of allegations of
    direct infringement by anyone other than
    Defendant Cameron, Duhn Oil continues to
    vacillate between contentions on one day that
    the tubing head lockscrews must be run in to
    contact the accused frac mandrels in order
    for infringement to occur, and on any given
    other day contending that Cameron's accused
    products infringe because they have lock
    screws that are <u>capable</u> of being run in to
    contact the frac mandrels.  Such gamesmanship
    should not be tolerated, and can be cured by
    not allowing contributory or inducement
    claims to persist without the required
    pleading of the direct infringement upon
    which any such indirect infringement must be

based.

Cameron argues that the closest Duhn gets to alleging direct infringement by anyone other than Cameron is in Paragraph 7 of the SAC.  However, Cameron asserts, nowhere in the SAC is it alleged that these customers and third party installers are directly infringing the '925 Patent.  Cameron complains that the SAC does not allege whether the direct infringement is making, selling or offering to do so and that "nowhere in the [SAC] can one determine the acts that constitute any such direct infringement."  Cameron asserts:

> If an act of direct infringement by Cameron's 'customers and certain third party installer companies' is at some point alleged to be the making or use of a wellhead assembly including Cameron's accused frac mandrels, will these allegations of direct infringement apply when the lock screws are not run in to contact the frac mandrel?  Duhn Oil so far leaves this question unanswered by limiting its allegations to a combination of direct and indirect (contributory and inducement) allegations against Cameron in its [SAC], and by failing to assert any allegations of a direct infringement by others which must be the basis for the indirect infringement claims.

If Cameron's motion to dismiss for failure to state a claim is granted with leave to amend to allege contributory or inducement infringement by alleging direct infringement by someone other than Cameron,  Cameron requests that the Court require Duhn to "specify the statutory class for each such alleged direct infringement (e.g., making or using), and specify the acts of alleged infringement."

Duhn responds that the SAC sufficiently alleges direct infringement by persons other than Cameron, specifically in Paragraph 7.  Duhn cites *Rambus, Inc. v. Nvidia Corp.,* 2008 WL 4911165 at* 1 (N.D.Cal., Nov. 13, 2008), where the defendant argued that the plaintiff must allege that use of the accused devices constituted an act of direct infringement:

> Plaintiff argues that the cases defendant relies on address proof, not pleading, and that the complaint sufficiently alleges a claim of contributory infringement.  The Court agrees, and finds that while plaintiff's complaint is rather conclusory, it is sufficient to withstand a motion to dismiss.  *See, e.g., Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F.Supp. 93 (W.D.N.Y.1996)(denying a motion to dismiss contributory infringement claim where complaint alleged supplier infringed claims of patent by selling parts which were used by others in devices within scope of patent); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, ... 2004 WL 1576696 (N.D.Ill., July 21, 2004)(holding that a complaint that alleges '[d]efendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing' is sufficient.

*See also Bender v. National Semiconductor Corp.*, 2009 WL 4730896 at *3 (N.D.Cal., Dec. 7, 2009)(allegation that Defendant induced infringement "by providing its customers and others with detailed explanations, instructions, and information as to arrangements, applications, and uses of its products that promote and demonstrate how to use its products in an infringing manner" states a claim for inducement by alleging that Defendant's customers directly infringe the patent by using Defendant's products in an infringing manner).  Duhn asserts:

8

> The claims for contributory and inducement infringement arise based on discovery taken during the deposition testimony of Cameron's employee, Nolan Massey. During his deposition, Massey testified that, contrary to Cameron's arguments and in-court representations, Cameron is <u>not</u> the only installer of the frac mandrels. Instead, there are other third party installers who have had possession of the Cameron frac mandrels. [Whitelaw Decl., ¶ , Exhibit B, Massey Deposition, 21:13-27:3.] Moreover, Cameron provides manuals and other installation-related guides to such third party installers. [Whitelaw Decl., ¶ 4, Exhibit C.] Finally, Cameron has produced documents that include recent letters to third party installers and fracing companies advising them to no longer install the Cameron frac in an infringing configuration with the lock screws torqued in to engage the frac mandrel. [Whitelaw Decl., ¶ 5, Exhibits D and E.] As such, Cameron has knowingly contributed to and/or induced the infringement by such third parties.

Duhn also notes that it is continuing to conduct discovery on this issue.

Cameron replies that the Cameron documents upon which Duhn relies in asserting contributory and inducement infringement actually advise the third party installers not to allow the lock screws to contact the frac mandrel during fracing operations:

> Duhn Oil describes its contributory and inducement claims as based on Cameron's instructions to make sure that the lockscrews <u>are not run in to contact the frac mandrel</u>.

Cameron asserts that Duhn has confirmed through judicial admissions that there is no infringement of the '925 Patent when the frac mandrel is installed in the tubing head with the lock screws retracted and not in contact with the frac mandrel.

9

1 Therefore, Cameron argues, Duhn can prove no set of facts in
2 support of a claim for contributory or inducement infringement
3 based on Cameron's instructions to install the frac mandrel in
4 the configuration which Duhn agrees does not infringe the '925
5 Patent.
6     At the hearing, Duhn explained that Cameron made constant
7 revisions to the manuals, earlier versions of which did instruct
8 the torquing in of the lockscrews.
9     Duhn also objects to Cameron's request that the Court order
10 Duhn to specify the acts of alleged infringement if the motion to
11 dismiss is granted with leave to amend.  Duhn contends that the
12 allegations of the SAC suffice to put Cameron on notice of the
13 facts alleged to enable Cameron to answer and defend itself.
14 Duhn contends that the same acts that constitute infringement of
15 the '925 Patent were alleged in the First Amended Complaint (Doc.
16 291) and that Cameron filed an answer (Doc. 306).  Duhn likens
17 Cameron's request to a motion for more definite statement under
18 Rule 12(e), Federal Rules of Civil Procedure, and contends that
19 it is improper pursuant to Rule 12(g), Federal Rules of Civil
20 Procedure.
21     A motion for more definite statement under Rule 12(e) is
22 appropriate if a pleading is "so vague or ambiguous that the
23 party cannot reasonably prepare a response."  Rule 12(g)(2)
24 provides:
25         Except as provided in Rule 12(h)(2) or (3), a
        party that makes a motion under this rule
26         must not make another motion under this rule

> raising a defense or objection that was available to the party but omitted from the earlier motion.

*See Lemanski v. Regents of University of ...*, 2008 WL 3916021 at *3 & n. 1 (N.D.Cal., Aug. 22, 2008)(citing cases that Rule 12(g) applies to waive a motion for more definite statement if not included with a previous Rule 12(b)(6) motion to dismiss).

## CONCLUSION

1. Cameron's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Duhn shall allege the specific conduct by Cameron which invites third parties to directly infringe and shall identify any such third party infringers of the '925 Patent and how that infringement is or was accomplished. Duhn shall allege how Cameron's actions or conduct contributed to or induced direct infringement of the '925 Patent by third parties presently or in the past;

2. Counsel for Cameron shall prepare and lodge a form of Order consistent with this Memorandum Decision within five (5) court days following service of this Memorandum Decision;

3. Duhn shall file a Third Amended Complaint within 15 days of the filing date by the Court of the Order. Cameron's response shall be filed within 15 days thereafter.

IT IS SO ORDERED.

Dated:   June 9, 2010                        /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE