1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHARLES J. ROGERS, admitted *pro hac vice*
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002-2912
Telephone:  (713) 238-8049
Facsimile:  (713) 238-8008
e-mail:  crogers@conleyrose.com
Attorneys for Defendant Cooper Cameron Corporation
n/k/a Cameron International Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | Case No. 1:05-cv-01411-OWW-GSA |
| Plaintiff/Counterclaim-Defendant, | **ORDER GRANTING DEFENDANT CAMERON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO LOST PROFITS DAMAGES** |
| vs. | |
| COOPER CAMERON CORPORATION, n/k/a CAMERON INTERNATIONAL CORPORATION | |
| Defendant/Counterclaim-Plaintiff. | **Hon. Oliver W. Wanger** |

Pending before this Court is Defendant Cooper Cameron Corporation, n/k/a Cooper Cameron Corporation, ("Cameron")'s Motion for Leave to File Supplemental Briefing in Support of Cameron's previously filed Motion (Doc. No. 319) for Partial Summary Judgment of No Lost Profits Damages.  The Court hereby grants Cameron's Motion for Leave.  The Court further finds, as a matters of law, that:

1.      The Plaintiff Duhn Oil Tool, Inc. is precluded from claiming damages based on the alleged lost profits of its parent corporation Seaboard International, Inc., or any other corporate affiliate of Duhn Oil Tool, Inc.  ***See Poly-America, L.P. v. GSE Lining Technology, Inc.***, 383 F.3d 1303, 1311 (Fed. Cir. 2004) ("While Poly-America may have the right to sue under its patents, both as an owner and as a back-licensee, it can only recover its own lost profits, not [its affiliate] Poly-Flex's.")

-1-

**SUPPLEMENTAL ORDER GRANTING PARTIAL SUMMARY JUDGMENT OF NO LOST-PROFITS DAMAGES**

PDF created with pdfFactory trial version www.pdffactory.com

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

2.      Duhn Oil Tool, Inc. became a non-operating holding company when it was acquired by Seaboard International, Inc. on December 19, 2007.  Thus, Duhn Oil lacked the prerequisite marketing and manufacturing capability required to claim lost-profits damages accruing after that acquisition date.  ***See Rite-Hite Corp v. Kelly Co., Inc.***, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc) ("To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer.") (citing ***Panduit Corp. v. Stahlin Bros. Fibre Work, Inc.***, 575 F.2d 1152, 1156 (6th Cir. 1978).  The Panduit test requires that a patentee establish manufacturing and marketing capability to exploit a demand for the patented product.

3.      Seaboard International, Inc. is not a patentee as defined by 35 U.S.C. §§ 281 and 284, and, thus, would lack constitutional standing to assert any claim for alleged infringement of the patent-in-suit, U.S. Patent No. 6,920,925.

4.      Hearing Date:  September 27, 2010 at 10:00a.m. in Courtroom 3 (7th Floor) before Judge Wanger.

IT IS SO ORDERED.

**Dated:** July 30, 2010                    /s/ OLIVER W. WANGER
                                            UNITED STATES DISTRICT JUDGE

-2-                **SUPPLEMENTAL ORDER
                    GRANTING PARTIAL SUMMARY
                    JUDGMENT OF NO LOST-PROFITS
                    DAMAGES**