<u>COURTROOM DECORUM</u>

<u>JUDGE WANGER</u>

The purpose of these guidelines is to state, for the guidance of counsel, applicable basic rules concerning courtroom decorum. The requirements stated are minimal, not all-inclusive, and are intended to supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time honored customs of experienced trial counsel.

When appearing in this Court, all counsel (including where the context applies, all persons at counsel table) shall abide by the following:

   1. Stand at the lectern while examining any witness; except that counsel may approach the Courtroom Deputy Clerk's (CRD) desk or the witness for the purposes of handing or tendering exhibits, if permission is granted by the Court.

   2. Stand at or in the vicinity of the lectern while making opening statements or closing arguments, except to refer to exhibits. Do not crowd the jury.

   3. Address all remarks to the Court, not to opposing counsel.

   4. Avoid disparaging personal remarks or acrimony toward

-1-

opposing counsel and/or parties.  Remain detached from any ill-feeling between the litigants or witnesses.

    5.   Do not address jurors by name.

    6.   Do not approach the jury box.  Anything the jury needs will be handled by the CRD.

    7.   Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names or nicknames.

    8.   Only one attorney for each party shall examine each witness on direct or cross-examination.  Only the attorney who examines a witness shall state objections to questions by other counsel to that witness.

    9.   Only one attorney for each party shall present oral argument on motions, an opening statement, or closing argument.

    10.   Different motions, the opening statement, or closing argument may be divided among counsel if a party has more than one trial counsel, if different subjects are addressed by counsel, and permission is first obtained.

    11.   Counsel should request permission before approaching the bench or a witness.

    12.   Any documents or exhibits counsel wish to have the Court examine should be handed to the Courtroom Deputy Clerk.

    13.   Any paper exhibit not previously marked for

identification should first be handed to the CRD to be marked before it is tendered to a witness for examination or placed on a viewing screen.

    14.  Any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel, unless pre-marked and a copy is in the possession of opposing counsel.

    15.  Exhibits should be moved into evidence after the foundation is laid at the time the exhibit is first used with a witness.  Do not wait until the close of the evidence to move for the admission of exhibits.

    16.  No speaking objections.  In making objections, counsel should state only the legal grounds for the objection and should withhold further comment or argument, unless elaboration is requested by the Court at sidebar.

    17.  In examining a witness, counsel shall not repeat, comment on, or exhibit approval or disapproval of the answer given by the witness.

    18.  Offers of, or requests for, a stipulation should be made to opposing counsel, out of the hearing of the jury.

    19.  In opening statements and closing arguments to the jury, counsel shall not express counsel's own personal knowledge or personal opinion concerning any matter in dispute.

    20.  Counsel shall not, in the presence of the jury, refer

to any matter not in evidence.

21. Counsel shall admonish all persons at counsel table and parties and persons under direction and/or control of counsel, such as witnesses and any party present in the courtroom, that gestures, facial expressions, laughing, snickering, audible comments, or other manifestations of approval, disapproval or disrespect during the testimony of witnesses are prohibited.

22. Counsel shall not, in the jury's presence, refer to any matter, witness, exhibit, or testimony that has been excluded by an order granting a motion in limine, or to which an objection was sustained, and/or motion to strike has been granted.