IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>COOPER CAMERON CORPORATION,<br><br>          Defendant. | No. CV-F-05-1411 OWW/GSA<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 433), VACATING ORDER FILED ON AUGUST 2, 2010 (Doc. 431), GRANTING CAMERON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING (Doc. 430), AND VACATING ORAL ARGUMENT SET FOR SEPTEMBER 20, 2010 |

     Before the Court is Plaintiff Duhn Oil Tool, Inc.'s ("Duhn") motion for reconsideration regarding Defendant Cooper Cameron Corporation's ("Cameron") Order on motion for leave to file supplemental briefing in support of Cameron's motion for partial summary judgment on no lost profit damages.  Duhn asserts that in connection with Cameron's motion for leave to file supplemental briefing in support of its motion for partial summary judgment on no lost profit damages, Cameron submitted an improper proposed

order.

On July 12, 2010, Cameron filed a motion for leave to file supplemental briefing in support of its motion for partial summary judgment, (Doc. 430), noticing the motion for hearing on September 27, 2010.  On August 2, 2010, the Court filed the "Order Granting Defendant Cameron's Motion for Leave to File Supplemental Briefing in Support of its Motion for Partial Summary Judgment of No Lost Profit Damages", (Doc. 431), which order was submitted to the Court by Cameron.  The Court granted Cameron's motion for leave to file the supplemental briefing and further found as a matter of law:

> 1. The Plaintiff Duhn Oil Tool, Inc. is precluded from claiming damages on the alleged lost profits of its parent corporation Seaboard International Inc., or any other corporate affiliate of Duhn Oil Tool, Inc.  *See Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed.Cir.2004)('While Poly-America may have the right to sue under its patents, both as an owner and as a back-licensee, it can only recover its own lost profits, not [its affiliate] Poly-Flex's').
>
> 2. Duhn Oil Tool, Inc. has become a non-operating holding company when it was acquired by Seaboard International, Inc. on December 19, 2007.  Thus, Duhn Oil lacked the prerequisite marketing and manufacturing capability required to claim lost-profits damages accruing after that acquisition date.  *See Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538, 1545 (Fed.Cir.1995)(en banc)('To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer.')(citing *Panduit Corp. v. Stahlin Bros. Fibre Work, Inc.*, 575 F.2d 1152, 1156 (6th Cir.1978).  The Panduit test requires

        that a patentee establish manufacturing and marketing capability to exploit a demand for the patented product.

        3. Seaboard International, Inc. is not a patentee as defined by 35 U.S.C. §§ 281 and 284, and, thus, would lack constitutional standing to assert any claim for alleged infringement of the patent-in-suit, U.S. Patent No. 6,920,925.

        4. Hearing Date: September 27, 2010 at 10:00 a.m. in Courtroom 3 (7th Floor) before Judge Wanger.

Duhn argues that the Order improperly includes findings and conclusions supporting Cameron's motion for partial summary judgment and that the Order was filed before Duhn's opposition to the motion for leave to file supplemental briefing was due pursuant to the Local Rules of Practice. Duhn asserts that it notified Cameron that the Order was mistakenly provided to the Court by Cameron and contacted Cameron with a stipulation and a new proposed order, merely granting leave to file the supplemental briefing. Duhn asserts that Cameron refused to sign the stipulation and "insisted that the parties submit point-counterpoint briefs to the Court on this issue." Duhn moves the Court to vacate the August 2, 2010 Order and issue an Order merely granting Cameron's motion for leave to file the supplemental brief.

Cameron does not oppose Duhn's motion for reconsideration. Cameron asserts that it would not agree to Duhn's proposed stipulation "because it improperly included the same unjustified criticism set forth in Duhn's Motion for Reconsideration, which

unjustly maligns Cameron for its proper submission of a proposed Order that included both the relief requested in the Motion for Leave) (leave to file the supplemental briefing), and the relief requested in the supplemental briefing (partial summary judgment of no lost profits for Duhn Oil after becoming a holding company)."

Whether or not Cameron was justified in refusing the proposed stipulation is irrelevant to granting the motion for reconsideration.

ACCORDINGLY:

1.  Duhn's motion for reconsideration is GRANTED;

2.  The Order filed on August 2, 2010 (Doc. 431) is VACATED;

3.  Cameron's motion for leave to file supplemental briefing in support of its motion for partial summary judgment, (Doc. 430), is GRANTED;

4.  Oral argument on the motion for reconsideration set for September 20, 2010 is VACATED.

IT IS SO ORDERED.

Dated:   September 15, 2010            /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE