UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUHN OIL TOOL, INC., | ) | 1:05-cv-1411 OWW GSA |
| | ) | |
| Plaintiff, | ) | SCHEDULING ORDER FOLLOWING |
| | ) | PRETRIAL CONFERENCE |
| v. | ) | |
| | ) | |
| COOPER CAMERON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A.  **DISCOVERY**.

   1.  **Corporate Affiliates**.  Cameron will present to Duhn, by September 30, 2010, a schedule of the following information for its frac mandrel sales and rentals since August 1, 2007:

   a.  Date of sale/rental (and installation date, if known, from the Installation Checklists);

   b.  Location;

   c.  Whether: i) New Style/Original design; or ii) Old Style;

   d.  Whether: i) sale; or ii) rental;

   e.  Whether there is a continuing service relationship with the customer;

   f.  Revenue; and

   g.  Customer name (may be coded).

1

1        2.   In the event that the information called for by 1.a. is
2   incomplete, Cameron shall produce a 30(b)(6) witness by October
3   11, 2010, to provide testimony regarding Cameron's response and
4   documents identified in Duhn's interrogatory numbers 44, 49, and
5   50.
6        3.   The Cameron 30(b)(6) witness shall provide an
7   explanation of such data and documents to complete the
8   information as to each well site.
9        4.   Duhn shall supplement its response to Cameron's
10  interrogatory number 40 by September 30, 2010, to identify and
11  describe any failure incidents or other manufacturing defects or
12  adverse operational incidents involving any of Plaintiff's
13  patented ('925 Patent) wellhead system (QDF) and patented and
14  other products for which Duhn is seeking recovery of lost
15  profits, from the date of first sale, including any manufacturing
16  defects and service complaints.  Duhn will supplement its
17  response to Cameron's Request for Production No. 58, as now
18  clarified, by September 30, 2010, and present a Rule 30(b)(6)
19  corporate representative to be deposed only on these supplemental
20  matters by November 10, 2010.
21       5.   Each party shall have the right to depose a 30(b)(6)
22  witness designated by the opposing party on issues listed in
23  paragraphs 1.a.- 1.g., on or before November 15, 2010.
24       6.   For any remaining expert witness depositions taken
25  after September 15, 2010, including Duhn's damages expert, each
26  party shall pay for the other party's experts for the actual time
27  spent at deposition, at the expert's stated hourly rate, as
28  required by the Federal Rules of Civil Procedure.  The deposing

party shall receive all documents and information relied upon by the expert in reaching any opinions and report at least five business days before any expert deposition. The deposing party shall receive any preparation documents or other information that the expert created or used in preparing for the deposition or which will be presented at trial at least two business days in advance of the deposition.

7. Duhn shall make Mr. Rex Duhn available for deposition in Houston, Texas at a time when Mr. Duhn is in Houston, preferably by September 30, 2010, but at the latest, by November 10, 2010. The deposition will be concluded in no more than two hours of question/answer time, which does not include breaks.

8. By September 30, 2010, Cameron will prepare a chart of the information it has requested regarding ownership and control of Duhn, and the number of employees, for the entities which Cameron asserts are affiliates of Duhn (*see* paragraphs D.(1)-(15) at pages 2-7 of the Joint Pretrial Statement). Cameron's counsel will fill in this chart to identify (by Bates numbers) the supporting documents it can locate in the discovery it has received. By October 14, 2010, Duhn's counsel will complete the chart, including Bates numbers, to confirm that the supporting documents have been produced, and shall produce any remaining documents which have not already been produced. If Duhn's counsel needs the assistance of its affiliates' outside counsel to complete the chart, it will do so itself and not require Cameron to conduct any further third party discovery.

9. Duhn has been acquired by IGP. Duhn does not deny its affiliation with IGP's corporate structure and holdings. Duhn

3

shall fully disclose the corporate chain of ownership and control over Duhn by its parent corporations (entities).  All affiliated corporations (entities) which hold any ownership or control of Duhn and/or in which IGP or any other entity holding ownership and/or control of Duhn, shall be identified with a description of the number of employees of each such affiliated entity and will include a further statement as to the total number of employees of all entities affiliated with Duhn, within the meaning of the Small Business Administration rules for determination of the office fee payable for large or small entities to the United States Patent & Trademark Office.

10.   Duhn will make Mr. Bob Meek available for deposition in Irvine, California, at a date agreed by the parties, preferably by October 15, 2010, but at the latest by November 10, 2010, on inventorship issues, Cameron's defense which alleges that Duhn omitted Mr. John A. Rogers as an inventor on the '925 Patent, and any matters for which he was designated in response to Cameron's 30(b)(6) notice.

11.   Duhn may take an additional deposition of John Rogers by November 15, 2010.

12.   The Court will endeavor to complete its in-camera review of the Vyas redacted documents.  Duhn may take the deposition of Mr. Vyas if the Court unredacts any documents and the deposition will be limited to such documents.

13.   Except as provided for in this order:

   a.   The parties shall conduct no further discovery without leave of Court.  Discovery is closed, except as specified in this Order or a future order;

4

    b. All written discovery and percipient depositions shall be completed by November 10, 2010; and

    c. All expert discovery and depositions, including Duhn's damages expert, shall be completed by no later than December 15, 2010.  The parties understand that additional supplemental reports may be needed prior to trial, but do not expect that any additional depositions will be needed.

  14. No further dispositive motions shall be filed by any party.

## B. PENDING MOTIONS

  1. The issue of contributory infringement in Cameron's Motion for Partial Judgment of No Infringement (Docket 446, filed September 12, 2010), shall be limited to the issue of contributory infringement after April 2009.  The issues to be addressed in this motion are not limited to only issues addressed in Cameron's Argument Section III(C), but include the remaining grounds of the motion, including, but not limited to, Duhn Oil's allegations of direct infringement based on "use."  This motion shall be heard November 15, 2010 at 11:00 a.m.  Opposition shall be due November 1, 2010 and any reply is due November 8, 2010.

  2. Cameron's pending Motion for Partial Summary Judgment of No Lost Profits Damages (Docket 319) will be heard on October 4, 2010 at 11:00 a.m. regarding the issues raised in Cameron's Supplemental Memorandum (Docket 430-1).

  3. Duhn's Motion for Sanctions (Docket 434) regarding the Bradley report will not be heard on September 20, 2010.  Instead, the Court has ruled on the admissibility of portions of the

Bradley report.  Bradley shall prepare a new report in accordance with the Court's rulings and shall not include any argumentative statements, conclusions of law, determinations of credibility, and other resolutions of disputed matters of fact.  To the extent Mr. Bradley will be permitted to opine on matters, including practices and procedures at the United States Patent Office, Duhn shall be granted leave to designate a counter-expert, and shall serve the counter-expert's Rule 26(a) report by November 10, 2010.  Mr. Bradley's new expert report shall be served before October 20, 2010.  Any deposition of Mr. Bradley and Duhn's counter-expert shall be completed by December 15, 2010.

    4.   The November 30, 2010 trial date is continued to January 11, 2011.

    5.   Motions in limine shall be filed by December 14, 2010.  Opposition to such motions shall be filed by December 30, 2010.  Motions in limine shall be heard in Courtroom 3 on January 7, 2011 at 12:00 p.m.

    6.   An exhibit marking conference shall be held by the parties on December 10, 2010 and compliance with the Local Rules of this Court concerning the preparation of the Joint Exhibit List shall be effected by the parties.

    7.   Joint exhibits shall be designated by numbers JX1-JX100.  Plaintiff's exhibits shall be designated by numbers 101-300.  Defendant's exhibits shall be designated by numbers 301-500.

IT IS SO ORDERED.

Dated: September 28, 2010          /s/ OLIVER W. WANGER
                                        United States District Judge