JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
JAMES M. WHITELAW (State Bar No. 171974)
*jwhitelaw@twtlaw.com*
**THOMAS WHITELAW & TYLER LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612
Telephone: (949) 679-6400
Facsimile: (949) 679-6405

THOMAS J. DALY (State Bar No. 119684)
*thomas.daly@cph.com*
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff/Counterclaim-Defendant DUHN OIL TOOL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DUHN OIL TOOL, INC., <br><br>  Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> COOPER CAMERON CORPORATION, <br><br>  Defendant/Counterclaim-Plaintiff. | CASE NO. 1:05-CV-01411-OWW-GSA <br><br> Honorable Oliver W. Wanger <br><br> **PLAINTIFF DUHN OIL TOOL, INC.'S ANSWER TO DEFENDANT CAMERON'S COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

For its Answer and Affirmative Defenses to Defendant COOPER CAMERON CORPORATION'S ("Defendant") Counterclaims in the above-captioned action, filed on September 13, 2010, Plaintiff DUHN OIL TOOL, INC. ("Duhn"), through its attorneys of record, hereby pleads as follows:

///

# ANSWER

1. Counter-Defendant Duhn Oil Tool admits that Cameron is asserting counterclaims in this action. Otherwise, the averments of paragraph 1 are denied.

2. Counter-Defendant Duhn Oil Tool is without sufficient knowledge and information to form a belief of the averments in paragraph 2. Duhn therefore denies those averments.

3. Admitted.

4. Counter-Defendant Duhn Oil Tool admits that the counterclaims arise under 35 USC §282; that Cameron seeks a declaratory judgment under 28 USC §2201; and that this court has subject matter jurisdiction.

5. Counter-Defendant Duhn Oil Tool admits that this court has personal jurisdiction over it. Otherwise, the averments of paragraph 5 are denied.

6. Counter-Defendant Duhn Oil Tool admits venue is proper in this court, but is without sufficient knowledge and information to form a belief to other averments in paragraph 6, and thereby denies those other averments.

# COUNTERCLAIM COUNT I
# (DECLARATORY JUDGMENT REGARDING UNITED STATES PATENT NO. 6,920,925)

7. Admitted.

8. Counter-Defendant Duhn Oil Tool admits an actual controversy currently exists, but is without sufficient knowledge and information to form a belief to other averments in this paragraph 8, and thereby denies those other averments.

9. Duhn admits that Cameron is seeking a declaratory judgment. Otherwise, the averments of paragraph 9 are denied.

10. Duhn admits that Cameron is seeking a declaratory judgment. Otherwise, the averments of paragraph 10 are denied.

11. Duhn admits that Cameron is seeking a declaratory judgment. Otherwise, the averments of paragraph 11 are denied.

1  12. The averments of paragraph 12 are denied. Further, Duhn objects to this averment, and in particular to the extensive foot-noted matter. The court, in its 3/4/2009 Order, did not grant Cameron's request to amend its counterclaims as to unenforceability of the '925 patent. *See Order$^1$, pg. 20 ln. 23 to pg. 21 ln. 5*.

13. The averments of paragraph 13 are denied.

14. Duhn admits that it filed a Petition to Make Special requesting expedited examination in the USPTO due to Cameron's infringement. Otherwise, the averments of paragraph 14 are denied.

15. Admitted.

16. The averments of paragraph 16 are denied.

17. The averments of paragraph 17 are denied.

18. The averments of paragraph 18 are denied.

19. The averments of paragraph 19 are denied.

20. The averments of paragraph 20 are denied.

21. Duhn admits that its patent counsel informed Duhn Oil regarding the claim of small entity status. Otherwise the averments of paragraph 21 are denied.

22. The averments of paragraph 22 are denied.

23. Duhn admits that IGP owns an interest in a number of portfolio companies. Otherwise, the averments of paragraph 23 are denied.

24. Duhn admits that it made large entity payments with regard to the '398 patent and the '914 patent. Otherwise, the averments of paragraph 24 are denied.

25. The averments of paragraph 25 are denied.

---

[1] *Memorandum Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint and for Jury Trial for Proposed Amendment and Denying in Part an Granting in Part Defendant's Motion for leave to Amend and Supplement Answer and Counterclaims and Deferring Trial on Defendant's New Claims.* (Document 286), issued 3/4/2009.

1    26.   Duhn admits that after Dec. 17, 2007 Mr. Rex Duhn was no longer president of Duhn Oil.  Otherwise, the averments of paragraph 26 are denied.

    27.   The averments of paragraph 27 are denied.

    28.   Duhn admits that Ms. Jennifer Duncan and Duhn's patent counsel had discussions regarding Duhn's ability to claim a small-entity status.  Otherwise, the averments of paragraph 28 are denied.

    29.   The averments of paragraph 29 are denied.

    30.   The averments of paragraph 30 are denied.

    31.   The averments of paragraph 31 are denied.

    32.   The averments of paragraph 32 are denied.

## COUNTERCLAIM COUNT II

## (DECLARATORY JUDGMENT REGARDING UNITED STATES PATENT NOS. 7,322,407 AND 7,416,020)

    33.   Admitted.

    34.   The averments of paragraph 34 are denied.

    35.   The averments of paragraph 35 are denied.

    36.   The averments of paragraph 36 are denied.

    37.   Counter-Defendant Duhn Oil Tool admits that it is asserting that Cameron products infringe the '925 patent, and that it filed the original action on November 9, 2005.  Duhn also admits that it continues to prosecute patent applications before the US Patent Office, and that the Patent Office issued the '407 patent on January 29, 2008 and issued the '020 patent on August 26, 2008.  Otherwise, the averments of paragraph 37 are denied.  Duhn objects to Cameron's averments to the '407 and '020 patents as these patents are not at issue in the present litigation.  *See Order[2], pg. 26 ln. 2 to ln. 25*.

---

[2]   *Memorandum Decision and Order Granting Plaintiff's Motion for Leave to* (footnote continued)

38. The averments of paragraph 38 are denied.

39. Counter-Defendant Duhn Oil Tool admits that, for the '020 patent, a Notice of Allowance was mailed May 2; that Duhn paid the Issue Fee on June 30, 2008; the issue notification was mailed August 6, 2008; and that it filed an IDS on August 21, 2008. Otherwise, the averments of paragraph 39 are denied. Duhn objects to Cameron's averments to the '407 and '020 patents as these patents are not at issue in the present litigation. *See,* paragraph 37.

40. Counter-Defendant Duhn Oil Tool admits it filed an IDS on August 21, 2008. Otherwise, the averments of paragraph 40 are denied.

41. The averments of paragraph 41 are denied.

42. The averments of paragraph 42 are denied.

43. The averments of paragraph 43 are denied.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Defendant's Counterclaim comprises the prayer for relief to which no response is required. To the extent any response is required, Duhn denies that Defendant is entitled to any relief whatsoever against Duhn, either as requested or otherwise. Duhn further denies any and all allegations related to Duhn contained in the Counterclaims to which Duhn has not specifically responded.

### AFFIRMATIVE DEFENSES

Duhn alleges and asserts the following defenses in response to the allegations of the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Duhn

---

*Amend Complaint and for Jury Trial for Proposed Amendment and Denying in Part an Granting in Part Defendant's Motion for leave to Amend and Supplement Answer and Counterclaims and Deferring Trial on Defendant's New Claims.* (Document 286), issued 3/4/2009.

1 specifically reserves all rights to allege additional affirmative defenses that become
2 known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Cameron has failed to state a claim as there is no actual controversy regarding the '407 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Cameron has failed to state a claim as there is no actual controversy regarding the '020 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Cameron has prematurely made its counterclaims regarding the '407 and '020 patents as the court stated, in its March 4, 2009 Order, that "…the new declaratory relief claims as to the '407 and '020 Patents shall not be tried with the determination of the validity of the '925 Patent.  If the '925 is invalidated, the declaratory relief action will go forward."  Accordingly, the counterclaims asserted against Cameron are premature.

### FORTH AFFIRMATIVE DEFENSE
### (Laches)

Cameron's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean hands)

Cameron's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Cameron's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Duhn prays for the following relief:

1. That Defendant's Counterclaims against Duhn be dismissed with prejudice;

2. That Defendant be denied all relief and take nothing;

3. That judgment be entered denying any declaratory judgment against the '925 patent;

4. That judgment be entered denying any declaratory judgment against the '407 patent;

5. That judgment be entered denying any declaratory judgment against the '020 patent;

6. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Duhn the costs of this action, including reasonable attorneys' fees and litigation expenses; and

7. That Duhn be awarded such other and further relief as the Court deems just and proper.

DATED: October 7, 2010          Respectfully submitted,

                                THOMAS WHITELAW & TYLER LLP


                                By:  /s/ James M. Whitelaw
                                    JOSEPH E. THOMAS
                                    JAMES M. WHITELAW
                                    Attorneys for Plaintiff/Counterclaim-
                                    Defendant DUHN OIL TOOL, INC.