**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DUHN OIL TOOL, INC., | ) | 1:05-cv-1411 OWW GSA |
| Plaintiff, | ) ) | ORDER REGARDING MOTION FOR PARTIAL SUMMARY JUDGMENT OF |
| v. | ) ) | NO INFRINGEMENT FOR CAMERON'S NEW STYLE AND |
| COOPER CAMERON CORPORATION, | ) ) | ORIGINAL DESIGNS; AND SUPPLEMENTING CLAIM |
| Defendants. | ) ) ) | CONSTRUCTION |

The Court previously heard Cooper Cameron Corporation ("Cameron")'s Motion for Partial Summary Judgment of No Infringement regarding Cameron's New Style and Original Designs (Docket No. 188). For the reasons set forth in open court and below, the following order is entered:

Each of the asserted claims of the '925 patent includes the following "wherein" clause which has been the subject of dispute in this action.

> wherein an axial force acts on the generally elongate annular member and is reacted in both the first tubular member flange and the secondary flange.

A prior Markman Ruling has been made regarding the disputed "wherein" clause.

> One can infringe claims 1 and 37 simply by assembling a device that when under an axial force, reacts (transmits) the axial force onto the first tubular member flange and the secondary flange.

(Markman Ruling (Docket No. 71) at 30.)  The Court clarifies its prior claim construction to confirm that the disputed "wherein" clause requires what has been referred to by the parties as a "dual load path" - which means that there must be an independent force path (engagement) between the claimed "elongate annular member" (e.g., a "frac mandrel") and each of the two claimed flanges, which are the "first tubular member flange" (e.g., the upper flange of a "tubing head") and the "secondary flange." These two separate independent force paths (engagements) each have contact with the frac mandrel, which provides for a transmission of the axial force from the elongate annular member to the first tubular member flange, and a separate transmission of the axial force from the elongate annular member to the secondary flange.

Based on prior claim construction, and Plaintiff Duhn Oil's stipulation, Defendant Cameron's accused New Style and Original designs, when configured with the tubing head lockscrews not in contact with the frac mandrel, do not meet this "dual load path" requirement of the disputed "wherein" clause.

Defendant Cameron's New Style and Original designs, when configured with the tubing head lockscrews not in contact with the frac mandrel, do not infringe any claims of the '925 patent which include the disputed "wherein" clause.

IT IS SO ORDERED.

**Dated:   November 9, 2010**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE