**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DUHN OIL TOOL, INC., | ) | 1:05-cv-1411 OWW GSA |
| Plaintiff, | ) ) | COURT'S IN-CAMERA REVIEW OF CONTESTED DOCUMENTS – |
| v. | ) ) | EXHIBITS TO VYAS DEPOSITION |
| COOPER CAMERON CORPORATION, | ) ) | |
| Defendants. | ) ) ) | |

An in-camera review of Defendant Cooper Cameron Corporation's ("Cameron") disputed claims of documents subject to privilege has been conducted.  The following rulings are issued.

## RULINGS

1.   Exhibit 6 appears to contain customer identities and internal I.D. numbers, invoice numbers, dates, and part numbers for Cameron frac products leased to customers, including location.

The period covered is March 24, 2005 through March 30, 2006.

If these products are allegedly frac mandrels, the information is not privileged and admissible on the issue of damages.

1

1  The Court will require the input of the parties as to how
2  customer identities have been handled, as well as installation
3  locations.  The objection is partially sustained pending
4  discussion with counsel.
5       2.    Exhibit 7 concerns communications between Cameron, in-
6  house counsel, and opinion counsel that do not relate to any
7  discoverable information bearing on infringement, enforcement,
8  validity or damages.
9       There is reference to an illustration.  Whether this
10 illustration has been produced in discovery or referred to in any
11 opinion provided by any expert in the case, should be explained
12 by Cameron.  Otherwise, the objection is sustained.
13      3.    Exhibit 8.  Once opinion counsel was designated to
14 invoke the advice of counsel defense, the attorney-client and
15 work-product privileges no longer apply to that counsel's legal
16 advice.  The Exhibits FY 1807 through 1809 are part of legal
17 advice provided by the designated testifying opinion counsel to
18 Cameron and are not privileged and are subject to discovery.
19 They shall be produced.
20      4.    Exhibit 11 is from Defendant's counsel to executives,
21 Gary Halverson and Gary Devlin.  The subject matter concerns the
22 invalidity defense, whether the device was available in the
23 public domain.  If the recipient of the messages are part of the
24 defense team involved in supporting the invalidity defense, the
25 communication is not privileged and should be disclosed.
26      If the communication concerns information opinion counsel
27 relied on to express opinions, it is not privileged.  Opinion
28 counsel and Defendant have waived the work product and opinion of

2

house counsel privileges for reliance on advice of counsel defense.

Counsel will have to provide the foundation to the Court to resolve this issue.

5. Exhibit 15 includes communications from Cameron's employee to Cameron personnel and counsel Vyas that are privileged concerning matters related to non-infringement issues concerning design change. The motion to compel is denied.

6. Exhibit 16 is part of communications between counsel Vyas and Cameron personnel Devlin and Halverson and represents attorney-client privilege communications. The privilege is sustained, the document shall not be produced.

7. Exhibit 17 is an e-mail from counsel Vyas to Art Lowe. It concerns testing-related power point slides. This information is not privileged. It shall be produced.

8. Exhibit 18 is an internal communication from an employee seeking legal advice. The e-mail is privileged and shall not be produced.

9. Exhibit 19 is an internal attorney evaluation of legal issues surrounding the case by counsel Vyas. It is privileged and not subject to production.

10. Exhibit 23 is an internal legal opinion memo from counsel Vyas to Cameron executives. It is an attorney-client privileged document not subject to production.

11. Exhibit 24 is an attorney-client privileged communication from counsel Vyas to a Cameron executive.

12. Exhibit 25 is an internal legal opinion and communication from counsel Vyas to Cameron executives and

3

1  personnel.  It is privileged and not subject to discovery.
2      13.   Exhibit 26 is an e-mail from Doug Broadhead to Cameron
3  personnel and counsel Vyas.  All these documents are privileged
4  attorney-client communications.  Exhibit 26 need not be
5  disclosed.

7  IT IS SO ORDERED.

8  Dated:   November 10, 2010           /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE