UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DUHN OIL TOOL, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>COOPER CAMERON CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | CASE NO. 1:05-CV-01411-OWW-GSA<br><br>Honorable Oliver W. Wanger<br><br>**DEFENDANT CAMERON'S PROTECTIVE ORDER DURING TRIAL** |

## RECITALS

1.  On August 11, 2006, the Court entered a Protective Order in this matter which provided certain protections for information that a party regarded as being confidential, trade secret, and/or proprietary.  A true and correct copy of the Protective Order is attached hereto as **Exhibit A**.

2.  Throughout discovery in this matter, the parties have designated certain documents, discovery responses, deposition transcripts and other materials "Confidential" or "Confidential—Attorneys' Eyes Only."

3.  The Protective Order defines the "Confidential" designation as applicable to information that a party or third party believes in good faith constitutes, contains, reveals or reflects proprietary or confidential financial, business, technical, personnel or related information.

4.  The Protective Order defines the "Confidential—Attorneys' Eyes Only" designation as applicable to information that a party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential,

PDF created with pdfFactory trial version www.pdffactory.com

financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to outside counsel of record.

5. Trial is currently scheduled to begin January 11, 2011.

6. The parties anticipate that they will seek to introduce materials that have been designated "Confidential" or "Confidential—Attorneys' Eyes Only" during the trial.

7. The parties agree that all materials designated "Confidential" or "Confidential—Attorneys' Eyes Only" during litigation will remain subject to the Protective Order except as modified herein.

8. The parties agree that all witnesses and party representatives present in the courtroom during the display or discussion of material designated "Confidential" or "Confidential—Attorneys' Eyes Only" shall be required to sign the "Non-Disclosure Agreement" attached to the Protective Order as Exhibit A.

9. Each party is responsible for ensuring that any witness it calls to testify in person and view material designated "Confidential" or "Confidential—Attorneys' Eyes Only" has executed the "Non-Disclosure Agreement" prior to being called to the stand.

10. Each party will designate no more than two (2) individuals under Fed. Rule of Evid. 615 to serve as the party's corporate representatives during trial ("party representatives"). Cameron has designated Manish Vyas as one of its party representatives.

11. For purposes of trial only, the parties agree that the witnesses and party representatives who view material designated Confidential—Attorneys' Eyes Only" and hear testimony related to the material designated "Confidential—Attorneys' Eyes Only" are subject to the following terms and conditions:

    (a)    the witnesses and party representatives are limited to viewing

PDF created with pdfFactory trial version www.pdffactory.com

        the material designated "Confidential—Attorneys' Eyes Only" at the time it is published to the jury;

(b) the witnesses and party representatives are not permitted to receive or retain any copies of the material designated "Confidential—Attorneys' Eyes Only";

(c) the witnesses and party representatives are not permitted to take any notes of information contained in the material designated "Confidential—Attorneys' Eyes Only" or from any testimony related thereto;

(d) the witnesses and party representatives shall not disclose or communicate any information contained in the material designated "Confidential—Attorneys' Eyes Only" or from any testimony related thereto to any person other than the outside counsel of record; and

(e) any information contained in the material designated "Confidential—Attorneys' Eyes Only" or any testimony related thereto shall be used only for the purpose of this litigation and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

12. The prosecution bar restrictions set forth in Section II-T of the Protective Order (Docket No. 37 and 67) attached as Exhibit A, shall remain in effect to apply to persons who have access to information designated "Confidential—Attorneys' Eyes Only" separate and apart from the trial, such as attorneys at the law firms of Conley Rose, P.C. and Thomas Whitelaw, but does not apply to restrict persons to the extent their access to information designated "Confidential—Attorneys' Eyes Only" is limited to viewing such material and hearing testimony related to the material during trial under the terms and

PDF created with pdfFactory trial version www.pdffactory.com

conditions set forth in Paragraph 11 above, including witnesses, party representatives, and attorneys, such as Messrs. Marantidis and Vyas.

13. The parties have agreed that, except as modified herein, the terms of the Protective Order continue to be in full force and effect.

IT IS SO ORDERED.

**Dated:** December 17, 2010         /s/ OLIVER W. WANGER
                                    UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com