UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | 1:05-cv-01411 OWW GSA |
|     Plaintiff/Counterclaim-Defendant, | ORDER RE DEFENDANT CAMERON'S MOTIONS IN LIMINE (DOCKET NOS. 528 and 531). |
| vs. | |
| CAMERON INTERNATIONAL CORPORATION, | |
|     Defendant/Counterclaim-Plaintiff. | |

Pending before this Court are Defendant Cameron's Motions in Limine filed December 14, 2010 (Doc. 528 and 531). The Court having considered all the parties' respective moving and opposition papers and related documents and oral arguments, finds as follows:

1. **Cameron's Motion in Limine No. 1, Reference to the Macando Prospect or Gulf of Mexico Oil Spill**.

    Cameron's Motion in Limine No. 1 is GRANTED, and is reciprocal to both parties.

2. **Cameron's Motion in Limine No. 2, Duhn Oil's Reasons for Terminating John Rogers**.

    Cameron's Motion in Limine No. 2 is GRANTED in part and DENIED in part. Duhn Oil may offer evidence as to reasons for John Rogers' termination, but limited to the reasons in the following documents: D096730, D096731, D09762 and D096736-37.

3. **Cameron's Motion in Limine No. 3, Asserting an Advice of Counsel Defense Regarding Duhn Oil's Intent for Inequitable Conduct**.

   Cameron's Motion in Limine No. 3 is GRANTED. Duhn Oil does not object.

4. **Cameron's Motion in Limine No. 4, Subsequent Remedial Measures**

   Cameron's Motion in Limine No. 4 is GRANTED in part and DENIED in part. Duhn Oil may offer evidence of the design changes Cameron made to its mandrels, on the issue of willful infringement but cannot argue that these design changes are "subsequent remedial measures" within the meaning of Fed. R. Evid. 407.

5. **Cameron's Motion in Limine No. 5, Financial State of Cameron**

   Cameron's Motion in Limine No. 5 is GRANTED, and is reciprocal to both parties.

6. **Cameron's Motion in Limine No. 6, Reference to Motions in Limine**

   Cameron's Motion in Limine No. 6 is GRANTED.

7. **Cameron's Motion in Limine No. 7, Reference to Denied Summary Judgment**

   Cameron's Motion in Limine No. 7 is GRANTED.

8. **Cameron's Motion in Limine No. 8, Requests for Stipulations and Documents**

Cameron's Motion in Limine No. 8 is GRANTED, and is reciprocal to both parties.

9. **Cameron's Motion in Limine No. 9, Reference to Objections During the Reading of Deposition Testimony**

Cameron's Motion in Limine No. 9 is GRANTED. If reference is made to deposition testimony containing objections, the Court will rule on the objection as the deposition is read.

10. **Cameron's Motion in Limine No. 10, The Nature of Any Fact Witness's Preparation for Trial or for Deposition Testimony with that Witness's Counsel**

Cameron's Motion in Limine No. 10 is GRANTED in part and DENIED in part. Fact witnesses may be questioned regarding the nature of their preparation for trial or for deposition testimony, unless attorney-client privilege applies.

11. **Cameron's Motion in Limine No. 11, References to Courtroom Attendees**

Cameron's Motion in Limine No. 11 is GRANTED, and is reciprocal to both parties.

12. **Cameron's Motion in Limine No. 12, Connections to California**

Cameron's Motion in Limine No. 12 is GRANTED in part and DENIED in part. References to California, e.g., geographic operations, scope of operations, where people do business, and a witness's geographic background, are permitted if relevant and

not used to exploit locality prejudice. No locality prejudice shall be permitted.

13. <u>Cameron's Motion in Limine No. 13, Focus Groups</u>

    Cameron's Motion in Limine No. 13 is GRANTED.

14. <u>Cameron's Motion in Limine No. 14, Failure to Call a Witness at Trial</u>

    Cameron's Motion in Limine No. 13 is DENIED without prejudice. If applicable, either party has the right to a "Failure to Produce Stronger Evidence" instruction if supported by the evidence or law.

15. <u>Cameron's Motion in Limine No. 15, Providing Legal Opinions or Misleading the Jury</u>

    Cameron's Motion in Limine No. 15 is DENIED without prejudice. Legal opinions expressed by any patent expert may be admissible, subject to offer of proof. Cameron's Motion in Limine No. 15 is GRANTED as to misleading the jury.

16. <u>Cameron's Motion in Limine No. 16, Settlement Discussions</u>

    Cameron's Motion in Limine No. 16 is GRANTED, and is reciprocal to both parties.

17. <u>Cameron's Motion in Limine No. 17, Undisdiclosed Expert Opinion Testimony</u>

    Cameron's Motion in Limine No. 17 is GRANTED in part. The Court reserves ruling on Motion in Limine No. 17 as it relates to Duross O'Bryan.

18. <u>Cameron's Motion in Limine No. 18, Reference to Claims of Privilege</u>

    Cameron's Motion in Limine No. 18 is GRANTED.

19. <u>Cameron's Motion in Limine No. 19, Reference to Privileged Subject Matter</u>

    Judgment is reserved on this motion. Parties will approach the bench before presenting any evidence or arguments regarding John Rogers' communications with Cameron's counsel.

20. <u>Cameron's Motion in Limine No. 20, Presumption of Validity</u>

    Cameron's Motion in Limine No. 20 is GRANTED in part and DENIED in part, and is reciprocal to both parties. The Court will instruct the jury on the law applicable to the case, including the presumption of validity. This does not bar reference in the Patent Tutorial.

21. <u>Cameron's Motion in Limine to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony</u>

    Cameron's Motion in Limine to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony is GRANTED in part and DENIED in part.

    Cameron's motion to exclude Mr. Levy's background information suggesting that he was a PTO official responsible for deciding patent appeals, interpreting the patent laws, resolving claim construction issues, and supervising patent examiners is GRANTED in part and DENIED in part. Mr. Levy may *briefly* explain

5

his prior employment at the PTO; however, such testimony should be relevant, concise, and non-redundant. Mr. Levy cannot state that he made "final decisions" for the Department of Commerce or for the Executive Branch of the government.

Cameron's motion to exclude Mr. Levy's proposed testimony concerning the knowledge, skill, ability or competence of PTO examiners is GRANTED.

Cameron's motion to exclude Mr. Levy's proposed testimony that Duhn Oil commissioned a prior art search by a professional search firm based entirely on documents withheld by Duhn Oil during discovery is DENIED, provided the disputed documents are produced.

Cameron's motion to exclude Mr. Levy's proposed testimony regarding the "level of skill" or credibility of another expert witness is GRANTED.

Cameron's motion to exclude Mr. Levy's proposed testimony at p. 40, ¶ 110 of his report, concerning communication between Jennifer Duncan and Stuart Casillas, is DENIED.

IT IS SO ORDERED.

Dated: January 12, 2011          /s/ Oliver W. Wanger
                                 Oliver W. Wanger
                                 United States District Judge