UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., <br><br>    Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> CAMERON INTERNATIONAL CORPORATION, <br><br>    Defendant/Counterclaim-Plaintiff. | 1:05-cv-01411 OWW GSA <br><br> ORDER RE PLAINTIFF DUHN OIL TOOL'S MOTIONS IN LIMINE (DOCKET NOS. 518-525, 546-547). |

   Pending before this Court are Plaintiff/Counterclaim Defendant Duhn Oil Tool, Inc.'s ("Duhn") Motions in Limine Nos. 1 through 10 (Docs. 518-525, 546-547). The Court has considered all the parties' respective moving and opposition papers and related documents and oral arguments, and finds as follows:

1. <u>Duhn's Motion in Limine No. 1, Preclude Cameron from Offering Evidence, Argument or Instructions Regarding a Purported Non-Infringement Opinion (Doc. 518)</u>.

   Duhn's Motion in Limine No. 1 is DENIED without prejudice.

2. <u>Duhn's Motion in Limine No. 2, Preclude Cameron from Offering Evidence, Argument or Instructions Regarding its Allegation that John A. Rogers is a Co-Inventor of Patent No. 6,920,925 (Doc. 519)</u>.

   Duhn's Motion in Limine No. 2 is DENIED without prejudice.

1

3. **Duhn's Motion in Limine No. 3, Preclude Cameron's Expert Alan Ratliff from Offering the Royalty Rate Opinion Set Forth in his Report (Doc. 547-Filed Under Seal)**

Duhn seeks to exclude opinions offered by Defendant Cameron International Corp.'s ("Cameron") damages expert, Mr. Alan Ratliff. The Court ordered that Duhn may take another deposition of Mr. Ratliff regarding his opinion regarding adjustment of the royalty rate of 1%. That deposition has been concluded. The Court has reserved ruling on this motion. Mr. Ratliff may testify to disclosed opinions.

4. **Duhn's Motion in Limine No. 4, Preclude Cameron from Offering Evidence or Argument Regarding Inequitable Conduct based on Duhn's Alleged Failure to Apprise the Patent Office of the Instant Action During Prosecution of the '407 Patent (Doc. 520)**

Duhn seeks to preclude reference to any alleged failure to apprise the Patent Office of the instant action during prosecution of the '407 Patent. The Court has previously ruled on and rejected Cameron's "reverse infectious estoppel" inequitable conduct argument. Cameron now seeks to introduce evidence regarding the prosecution of the '407 Patent as subsequent conduct relevant under Fed. R. Evid. 404(b).

Duhn's Motion in Limine No. 4 is DENIED, on the condition that the foundation must be laid for the evidence. Cameron must

2

show that: disclosure of the instant litigation was deferred or withheld from the Patent Office at all relevant times; the information regarding the instant litigation was material at all relevant times; the information would have made a difference to the prosecution of the application that matured into the '407 Patent; and that the '407 Patent is a continuation of the '925 Patent. These showings must be made before the opening statement or evidence entered regarding this effect of the prosecution of the '407 Patent.

5. **Duhn's Motion in Limine No. 5, Preclude Cameron from Offering Evidence or Argument Regarding Duhn's Corporate Identification Disclosure Statement (Doc. 521)**

Duhn seeks to preclude Cameron from offering evidence or argument regarding Plaintiff's Supplemental Corporate Identification Disclosure Statement ("Corporate Disclosure Statement") (Doc. 251). Cameron contends that the Corporate Disclosure Statement provides evidence of knowledge of entities related to Duhn. The Court rules that the Corporate Disclosure Statement may only be admissible to establish a disputed fact if there is a dispute regarding corporate knowledge of the entities or their affiliation or if it bears on payment of the small entity fees.

Duhn's Motion in Limine No. 5 is DENIED. However, the Corporate Disclosure Statement will not be automatically allowed

3

into evidence; the offering party must provide a further showing of relevance because the Corporate Disclosure Statement does not, per se, establish what it is offered to prove.

6. **Duhn's Motion in Limine No. 6, Preclude Cameron from Presenting Argument or Evidence Alleging that Prior to April 2009 Cameron's Frac Mandrel had a Substantial Non-Infringing Use (Doc. 522)**

The Court has found that there is a disputed question of fact as to whether Cameron's frac mandrel had a substantial non-infringing use prior to April 2009, or any other specific date. Duhn's Motion in Limine No. 6 is DENIED.

7. **Duhn's Motion in Limine No. 7, Preclude Cameron from Offering Evidence or Argument Regarding the Second Opinion of James E. Bradley (Doc. 523)**

Duhn moved to preclude Cameron's expert James E. Bradley from testifying regarding a number of subjects contained in the Second Opinion of James E. Bradley. Duhn's Motion in Limine No. 7 is GRANTED in part and DENIED in part.

Duhn's request to preclude Mr. Bradley from offering an opinion that paying large entity maintenance fees to the Patent Office does not provide sufficient notice of change of small entity status and that a separate notice is required, is GRANTED. Mr. Bradley shall not testify that a separate notice of change of small entity status is necessary.

4

The Court also GRANTS Duhn's request to preclude Mr. Bradley from offering an opinion that prior art is material and not cumulative, if covered by another defense patent expert.

Cameron's expert may express opinions regarding standards disclosed in his report or at his deposition, except where he has not cited any supporting case, rule, regulation, custom, practice or other identified authority stating the rule or establishing the standard. Second, the expert may give an analytical conclusion based upon a permissible disclosed standard.

8. **Duhn's Motion in Limine No. 8, Preclude Cameron from Offering Evidence or Argument Regarding Previously Asserted Patent Claims (Doc. 524)**

Duhn's Motion in Limine No. 8 is GRANTED. No party shall offer evidence or argument regarding previously asserted patent claims except as pertaining to the invalidity defense, the '925 Patent prosecution history, or the existence of a "substantial noninfringing use." In addition, the parties shall not offer evidence or argument regarding any claims or defenses that have been superseded in the Final Pretrial Order.

9. **Duhn's Motion in Limine No. 9, Preclude Cameron from Offering Evidence or Argument Regarding any Arguments made by Duhn re the Scope of the Claims of the '925 Patent Prior to the Court's Order re Claim Construction (Doc. 525)**

Duhn moves the Court to preclude Cameron from offering

5

evidence or argument regarding any arguments made by Duhn regarding the scope of the claims of the '925 Patent prior to the Court's entry of its Order re Claim Construction. To the extent that the motion encompasses the prosecution history of the '925 Patent, the motion is DENIED. The prosecution history of the '925 Patent and arguments to the Patent Office are not excluded.

Otherwise, the motion is GRANTED. Attorney representations in pleadings in this litigation are excluded until Cameron identifies specific courtroom conduct that Cameron contends is admissible. The Court will rule upon each identified statement or representation to determine if it is admissible.

10. <u>Duhn's Motion in Limine No. 10, Preclude Cameron from Introducing, Publishing or Otherwise Disclosing the Stock Purchase Agreement between Seaboard International and Duhn</u> (Doc. 540)

Duhn moves the Court to prohibit publishing or otherwise disclosing the contents of the Stock Purchase and Contribution Agreement between Seaboard International and Duhn ("SPCA"). Duhn contends that the SPCA contains highly confidential business information and that disclosure would substantially harm Seaboard and Cameron. The Court conducted an *in camera* review of the Stock Purchase Agreement and its exhibits with counsel for Duhn on January 5, 2011.

Cameron contends that the SPCA is relevant to multiple

issues. First, Cameron contends that the SPCA had bearing on the affiliate status of other entities related to Duhn, its parent Seaboard and the holding company, IGP. The issue has been resolved by the Court's ruling on lost profits in this case. Therefore, the SPCA is not relevant on that ground.

Second, Cameron asserts that the SPCA goes to the issue of bias. The Court is confident that there is nothing in the SPCA that will add to or subtract from the quantum of interest that any witness has in this litigation. This is not a ground for allowing disclosure of the document.

Third, on the issue of calculation of a reasonable royalty, the Court has determined that there is no information in the SPCA breaking down the value of the patent or revenues generated by the '925 Patent. Nothing in the SPCA would assist in determining damages in this case.

In addition, Duhn has explained that in 2007, Cameron was a bidder for Duhn. The parties to the SPCA believe that it contains confidential and trade secret information that, if disclosed, could result in competitive harm or economic adversity.

For the foregoing reasons, the Court believes that the SPCA will not help to prove or disprove any issue in the case. The Court finds that any probative value is outweighed by the prejudice that disclosure would case under Fed. R. Evid. 403. The motion is GRANTED.

**Damages Issue**

Upon argument by Cameron, the Court has modified its ruling to permit Cameron to take the deposition of Mr. Rex Duhn, before the start of the trial, for the sole purpose of asking questions regarding his valuations of the '925 Patent.

IT IS SO ORDERED.

Dated: January 18, 2011          ____/s/ Oliver W. Wanger_____
                                 Oliver W. Wanger
                                 United States District Judge