UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | Case No. 1:05-cv-01411-OWW-GSA |
|     Plaintiff/Counterclaim-Defendant, | **ORDER GRANTING IN PART DEFENDANT CAMERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO LOST-PROFITS DAMAGES** |
|     vs. | |
| COOPER CAMERON CORPORATION, | **(Doc. 319 and 430)** |
|     Defendant/Counterclaim-Plaintiff. | **Hon. Oliver W. Wanger** |

Pending before this Court is Defendant Cameron's Motion for Partial Summary Judgment of No Lost Profits Damages (Docket No. 319), including Cameron's Supplemental briefing (Docket No. 430) directed to Duhn Oil Tool, Inc.'s ("Duhn Oil") status as a holding company after its December 19, 2007 acquisition by Seaboard International, Inc. ("Seaboard"). Based on the parties' submissions and the applicable law, the Court finds that Defendant's Motion should be and is hereby GRANTED in part as follows.

After Seaboard's acquisition of Duhn Oil, Duhn Oil's operations were transferred to Seaboard. Duhn Oil is still in existence and has consolidated financial statements; however,

-1-     **ORDER GRANTING IN PART DEFENDANT CAMERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO LOST-PROFITS DAMAGES**

PDF created with pdfFactory trial version www.pdffactory.com

the business expenses incurred to produce the frac mandrel products and the services related to the patented frac mandrel products are now incurred by Seaboard. Seaboard does all billing, invoices the frac mandrel products, receives the related revenue, and reflects the related revenue or loss on its consolidated financial statement. Duhn Oil has not assigned the patent-in-suit to Seaboard nor granted a license to Seaboard. This evidence establishes that, since the stock acquisition and restructuring of operations, as a matter of law, these profits and losses are, in effect, the profits and losses of Seaboard, a non-party.

As a matter of law, Duhn Oil is entitled to lost-profits damages for any alleged infringement of the '925 Patent only through the date Duhn Oil proves it actually practiced the invention and earned or lost income from these operations. Duhn Oil cannot recover lost profits after the date Duhn Oil's '925 Patent operations ceased.  The precise date when this occurred is a question of fact for the jury to decide. IT IS SO ORDERED.

Dated: January 21, 2011          /S/ Oliver W. Wanger
                            OLIVER W. WANGER
                            UNITED STATES DISTRICT JUDGE

-2-          **ORDER GRANTING IN PART DEFENDANT CAMERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO LOST-PROFITS DAMAGES**

PDF created with pdfFactory trial version www.pdffactory.com