JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
JAMES M. WHITELAW (State Bar No. 171974)
*jwhitelaw@twtlaw.com*
**THOMAS WHITELAW & TYLER LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California  92612
Telephone:   (949) 679-6400
Facsimile:   (949) 679-6405

THOMAS J. DALY (State Bar No. 119684)
*thomas.daly@cph.com*
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California  91109-7068
Telephone:   (626) 795-9900
Facsimile:    (626) 577-8800

Attorneys for Plaintiff/Counterclaim-Defendant DUHN OIL TOOL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., <br><br>          Plaintiff/Counterclaim-Defendant, <br><br>     vs. <br><br> COOPER CAMERON CORPORATION, <br><br>          Defendant/Counterclaim-Plaintiff. | Case No. 1:05-cv-01411-OWW-GSA <br><br> **PLAINTIFF DUHN OIL TOOL, INC.'S  ORDER RE DEFENDANT CAMERON'S MOTIONS** *IN LIMINE* <br> **(DOCKET NOS. 528, 531, 533 & 535)** <br><br> **Hon. Oliver W. Wanger** |

103963v2

Pending before this Court are Defendant Cameron's Motions *in Limine* filed December 14, 2010 (Docket Nos. 528 and 531). The Court having considered all of the parties' respective moving and opposition papers and related documents, and oral argument finds as follows:

**1.  Cameron's Motion *in Limine* No. 1, Reference to the Macando Prospect or Gulf of Mexico Oil Spill.**

Cameron's Motion *in Limine* No. 1 is granted.  The prohibition regarding reference to the Macando Prospect or Gulf of Mexico Oil Spill applies to both parties.

**2.  Cameron's Motion *in Limine* No. 2, Duhn Oil's Reasons for Terminating Mr. John Rogers.**

Cameron's Motion *in Limine* is granted in part and denied in part.  Duhn Oil may offer evidence as to reasons for John Rogers' termination, but limited to the reasons set out in the following documents:  D096730, D096731, D096732 and D096736-37.

**3.  Cameron's Motion *in Limine* No. 3, Asserting an Advice of Counsel Defense Regarding Duhn Oil's Intent for Inequitable Conduct.**

Cameron's Motion *in Limine* No. 3 is denied without prejudice.

**4.  Cameron's Motion *in Limine* No. 4, Subsequent Remedial Measures.**

Cameron's Motion *in Limine* No. 4 is granted in part and denied in part.  The parties may offer evidence of the changes that Cameron made to its mandrels, but these design changes shall not be considered "subsequent remedial measures" within the meaning of FRE 407.  Duhn may not argue that Cameron's mandrel design changes in any way evidence that earlier Cameron mandrel designs were infringing the '925 patent.

5. **Cameron's Motion *in Limine* No. 5, Financial State of Cameron.**

Cameron's Motion *in Limine* No. 5 is granted subject to exception. Duhn must provide advance notice if it seeks an exception to this ruling.

The Court also ruled that Cameron's revenues are admissible to the extent that they are relevant to determining a reasonable royalty.

6. **Cameron's Motion *in Limine* No. 6; Reference to Motions *in Limine*.**

Cameron's Motion *in Limine* No. 6 is granted. Both parties are prohibited from referencing motions *in limine*. If a party seeks to invoke this Order, the party should refer state "prior order" without reference to a motion *in limine*.

7. **Cameron's Motion *in Limine* No. 7; Reference to Denied Summary Judgment Motions.**

Cameron's Motion in Limine No. 7 is granted. Neither party shall make reference to denied summary judgment motions.

8. **Cameron's Motion *in Limine* No. 8, Request for Stipulation and Documents.**

Cameron's Motion *in Limine* No. 8 is granted and neither party shall make such requests in the presence of the jury.

9. **Cameron's Motion No. 9 regarding any Reference to Objections during the Reading of Deposition Testimony.**

Cameron's Motion *in Limine* No. 9 is granted subject to the following procedure. When deposition testimony is referred to, the party presenting the testimony will ask for a ruling on the objection. The Court will make a ruling on the objection and the deposition testimony will be read as part of the testimony.

10. **Cameron's Motion *in Limine* No. 10, The Nature of Any Fact Witness's Preparation for Trial or for Deposition Testimony with that Witness's Counsel.**

Cameron's Motion *in Limine* No. 10 is denied without prejudice.

**11. Cameron's Motion *in Limine* No. 11 in Reference to Courtroom Attendees.**

Cameron's Motion *in Limine* No. 11 is granted, with the understanding that parties, assistants and other members of a trial team who will be in and out of the courtroom may be introduced at the outset of trial.

**12. Cameron's Motion *in Limine* No. 12 regarding Connections to California.**

Cameron's Motion *in Limine* No. 12 is granted, except that witnesses are permitted to refer to California to the extent it is relevant to a witness's background.

**13. Cameron's Motion *in Limine* No. 13, Focus Groups**

Cameron's Motion *in Limine* No. 13 is granted. The prohibition on reference to focus groups applies to both parties.

**14. Cameron's Motion *in Limine* No. 14, Failure to Call a Witness at Trial.**

Cameron's Motion *in Limine* No. 14 is denied without prejudice.

**15. Cameron's Motion *in Limine* No. 15 regarding Providing Legal Opinions or Misleading the Jury.**

Cameron's Motion *in Limine* No. 15 is granted, except that properly designated expert witnesses may testify on issues on infringement. Prior to introducing legal opinions by experts, each side shall approach the bench and provide an offer of proof stating what legal opinions will be offered by the expert so that objections may be made.

**16. Cameron's Motion *in Limine* No. 16 regarding Settlement Discussions.**

Cameron's Motion *in Limine* No. 16 is granted. The prohibition against disclosing settlement discussions shall apply to all parties.

**17.   Cameron's Motion *in Limine* No. 17, Undisclosed Expert Opinion Testimony**.

Cameron's Motion *in Limine* No. 17 is granted in that experts shall not be permitted to provide opinions not previously disclosed in either an expert report or a deposition.

Upon Duhn's request, the Court granted Duhn leave to serve a supplemental expert report by Duhn's damages expert, J. Duross O'Bryan. That report has been served.

**18.   Cameron's Motion *in Limine* No. 18, Reference to Claims of Privilege**.

Cameron's Motion *in Limine* No. 18 is granted with the understanding that the parties will meet, confer and agree upon a procedure for handling redacted information and other confidential information.

**19.   Cameron's Motion *in Limine* No. 19, Reference to Privileged Subject Matter**.

The Court has reserved judgment on this motion.

**20.   Cameron's Motion *in Limine* No. 20, Presumption of Validity**.

Cameron's Motion *in Limine* No. 20 is granted with the provision that the parties may reference the presumption of validity in their opening statements, closing statements and in jury instructions.

**21.   Cameron's Motion *in Limine* to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony**

The Court grants in part and denies in part Cameron's Motion to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony (Doc. 531). Cameron's request to exclude Mr Levy's proposed testimony at pages 3-6 of his report, concerning his prior employment at the PTO, is granted in part and denied in part. Mr. Levy may explain his employment history at the PTO, however, reference

1 to the Department of Commerce and the executive branch of the government are
2 excluded.
3     Also excluded are his statement that "[t]he validity of patents which was
4 almost entirely depended upon my decisions, is a cornerstone of the patent system."
5     Cameron's request to exclude Mr. Levy's proposed testimony concerning the
6 knowledge, skill, ability, or competence of patent examiners at pages 10-15 of his
7 report is excluded as neither relevant nor helpful to the jury under FED.R. EVID.
8 702.
9     Cameron's request to exclude Mr. Levy's proposed testimony concerning a
10 prior art search by a professional search firm at pages 34-36 of his report is
11 conditionally denied, provided that the parties are able to resolve their dispute
12 concerning documents withheld by Duhn from Mr. Marantidis' files. Cameron's
13 request to exclude Mr. Levy's proposed testimony at page 36 of his report,
14 concerning knowledge help by Mr. Meek, is granted
15     Cameron's request to exclude Mr. Levy's proposed testimony at page 40 of
16 his report, concerning communications between Ms. Duncan and Mr. Casillas, is
17 denied

18     **22.**     **Cameron's Motion *in Limin*e to Exclude Portions of Plaintiff's**
19         **Expert George Boyadjieff's Proposed Testimony (Docket No. 535)**
20     Cameron's motion *in limine* to exclude portions of Plaintiff's Expert George
21 Boyadjieff is denied on the condition that Mr. Boyadjieff be produced immediately
22 for deposition on three prior art patents—Dallas, Smith and Kornelson.
23

24     **23.**     **Cameron's Motion *in Limin*e to Exclude Portions of Plaintiff's**
25         **Expert J. Duross O'Bryan's Proposed Testimony (Docket No. 533).**
26     The Court has reserved ruling upon Cameron's motion *in limine* to Exclude
27 portions of Plaintiff's expert J. Duross O'Bryan.
28     ///

IT IS SO ORDERED.

Dated:   **January 25, 2011**                             **/s/ Oliver W. Wanger**
                                                                          UNITED STATES DISTRICT JUDGE