**JOE W. REDDEN, JR.**, admitted *pro hac vice*
email:  jredden@brsfirm.com
**FIELDS ALEXANDER**, admitted *pro hac vice*
email:  falexander@brsfirm.com
**BECK REDDEN & SECREST, L.L.P.**
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone:  (713)951-3700
Facsimile:  (713)951-3720

**CHARLES J. ROGERS,** admitted *pro hac vice*
e-mail:  crogers@conleyrose.com
**THOMAS L. WARDEN,** admitted *pro hac vice*
e-mail:  twarden@conleyrose.com
**MICHAEL J. GUTHRIE,** admitted *pro hac vice*
e-mail:  mguthrie@conleyrose.com
**CONLEY ROSE, P.C.**
600 Travis Street, Suite 7100
Houston, Texas 77002-2912
Telephone:  (713) 238-8049
Facsimile:  (713) 238-8008

**MANISH B. VYAS**, admitted *pro hac vice*
e-mail:  manish.vyas@c-a-m.com
**CAMERON INTERNATIONAL CORPORATION**
4646 W. Sam Houston Pkwy. N.
Houston, Texas 77041
Telephone:  (713) 939-2211
Facsimile:  (713) 939-2856

Attorneys for Defendant
Cooper Cameron Corporation
n/k/a Cameron International Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUHN OIL TOOL, INC., | Case No. 1:05-cv-01411-OWW-GSA |
| Plaintiff/Counterclaim-Defendant, | **ORDER RE DEFENDANT CAMERON'S MOTIONS *IN LIMINE*** |
| vs. | **(DOCKET NOS. 528 and 531)** |
| CAMERON INTERNATIONAL CORPORATION, | **Hon. Oliver W. Wanger** |
| Defendant/Counterclaim-Plaintiff. | |

i     **ORDER RE DEFENDANT
CAMERON'S MOTIONS *IN LIMINE***

Pending before this Court are Defendant Cameron's Motions *in Limine* filed December 14, 2010 (Docket Nos. 528 and 531). The Court having considered all of the parties' respective moving and opposition papers and related documents, and oral argument, finds as follows:

1. **Cameron's Motion *in Limine* No. 1, Reference to the Macando Prospect or Gulf of Mexico Oil Spill.**

   Cameron's Motion *in Limine* No. 1 is Granted.

2. **Cameron's Motion *in Limine* No. 2, Duhn Oil's Reasons for Terminating Mr. John Rogers.**

   Cameron's Motion *in Limine* is Granted in part and denied in part.  Duhn Oil may offer evidence as to reasons for John Rogers' termination, but limited to the reasons set out in the following documents: D096730,.  D096731, D096732 and D096736-37.

3. **Cameron's Motion *in Limine* No. 3, Asserting an Advice of Counsel Defense Regarding Duhn Oil's Intent for Inequitable Conduct.**

   Cameron's Motion *in Limine* No. 3 is Denied without prejudice.

4. **Cameron's Motion *in Limine* No. 4, Subsequent Remedial Measures.**

   Cameron's Motion *in Limine* No. 4 is Granted in part and Denied in part.  The parties may offer evidence of the changes that Cameron made to its mandrels, but these design changes shall not be considered "subsequent remedial measures" within the meaning of FRE 407.  Duhn Oil may not argue that Cameron's mandrel design changes in any way evidence Cameron's belief that its earlier designs were infringing the '925 patent, or that Cameron's mandrel

design changes evidence that earlier Cameron mandrel designs were infringing the '925 patent.

5. **Cameron's Motion *in Limine* No. 5, Financial State of Cameron**.

Cameron's Motion *in Limine* No. 5 is Granted.

6. **Cameron's Motion *in Limine* No. 6; Reference to Motions *in Limine*.**

Cameron's Motion *in Limine* No. 6 is Granted.

7. **Cameron's Motion *in Limine* No. 7; Reference to Denied Summary Judgment Motions.**

Cameron's Motion *in Limine* No. 7 is Granted.

8. **Cameron's Motion *in Limine* No. 8, Request for Stipulation and Documents**.

Cameron's Motion *in Limine* No. 8 is Granted and neither party shall make such requests in the presence of the jury.

9. **Cameron's Motion No. 9 regarding any Reference to Objections during the Reading of Deposition Testimony.**

Cameron's Motion *in Limine* No. 9 is Granted.

10. **Cameron's Motion *in Limine* No. 10, The Nature of Any Fact Witness's Preparation for Trial or for Deposition Testimony with that Witness's Counsel.**

Cameron's Motion *in Limine* No. 10 is Denied without prejudice.

11. **Cameron's Motion *in Limine* No. 11 in Reference to Courtroom Attendees**.

Cameron's Motion *in Limine* No. 11 is Granted.

12. **Cameron's Motion *in Limine* No. 12 regarding Connections to California**.

1

2

3

Cameron's Motion *in Limine* No. 12 is Granted, except that witnesses are permitted to refer to California to the extent it is relevant to a witness's background.

4

5

6

**13. Cameron's Motion *in Limine* No. 13, Focus Groups**

Cameron's Motion *in Limine* No. 13 is Granted.

7

**14. Cameron's Motion *in Limine* No. 14, Failure to Call a Witness at Trial.**

8

Cameron's Motion *in Limine* No. 14 is Denied without prejudice.

9

10

**15. Cameron's Motion *in Limine* No. 15 regarding Providing Legal Opinions or Misleading the Jury.**

11

12

13

Cameron's Motion *in Limine* No. 15 is Granted, except that properly designated expert witnesses may testify on issues on infringement and invalidity.

14

15

**16. Cameron's Motion *in Limine* No. 16 regarding Settlement Discussions.**

Cameron's Motion *in Limine* No. 16 is Granted.

16

17

**17. Cameron's Motion *in Limine* No. 17, Undisclosed Expert Opinion Testimony**.

18

Cameron's Motion *in Limine* No. 17 is Granted.

19

20

**18. Cameron's Motion *in Limine* No. 18, Reference to Claims of Privilege**.

Cameron's Motion *in Limine* No. 18 is Granted.

21

22

23

**19. Cameron's Motion *in Limine* No. 19, Reference to Privileged Subject Matter**.

24

The Court has reserved judgment on this motion.

25

**20. Cameron's Motion *in Limine* No. 20, Presumption of Validity**.

26

Cameron's Motion *in Limine* No. 20 is Granted.

27

28

iv     **ORDER RE DEFENDANT CAMERON'S MOTIONS *IN LIMINE***

21. **Cameron's Motion *in Limine* to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony**

The Court grants in part and denies in part Cameron's Motion to Exclude Portions of Plaintiff's Expert Stuart Levy's Proposed Testimony (Doc. 531). Cameron's request to exclude Mr Levy's proposed testimony at pages 3-6 of his report, concerning his prior employment at the PTO, is granted in part and denied in part.  Mr. Levy may briefly explain his employment history at the PTO.  However, to the extent that such testimony pertains to patent validity issues, claim construction, interpretation of "legal precedents," or miscellaneous projects or awards unrelated to any matter in dispute (e.g., "Vice President Al Gore's Hammer Award"), it is excluded as neither relevant nor helpful to the Jury under FED.R. EVID. 702.  Cameron's request to exclude Mr. Levy's proposed testimony concerning the knowledge, skill, ability, or competence of patent examiners at pages 10-15 of his report is excluded as neither relevant nor helpful to the jury under FED.R. EVID. 702.  Cameron's request to exclude Mr. Levy's proposed testimony concerning a prior art search by a professional search firm at pages 34-36 of his report is conditionally denied, provided that the parties are able to resolve their dispute concerning related documents withheld by Duhn Oil from Mr. Marantidis' files.  Cameron's request to exclude Mr. Levy's proposed testimony at page 36 of his report, concerning knowledge help by Mr. Meek, is granted as incompetent and not relevant under FED. R. EVID. 601 and 702. Cameron's request to exclude Mr. Levy's proposed testimony at page 40 of his report, concerning communications between Ms. Duncan and Mr. Casillas, is denied.

v   **ORDER RE DEFENDANT CAMERON'S MOTIONS *IN LIMINE***

1

2

3

4

5   IT IS SO ORDERED.

6       Dated:   **January 25, 2011**                    **/s/ Oliver W. Wanger**

7                                                UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER RE DEFENDANT**
**CAMERON'S MOTIONS *IN LIMINE***