**FILED**

FEB 02 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUHN OIL TOOL, INC., | ) | 1:05-cv-1411 OWW GSA |
| Plaintiff/Counterclaim-Defendant, | ) | VERDICTS OF TRIAL JURY |
| v. | ) | |
| COOPER CAMERON CORPORATION, | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

We, the jury in the above-entitled case, answer the questions submitted to us as follows:

1

## DIRECT INFRINGEMENT

Question 1: Has Duhn proved by a preponderance of the evidence that Cameron made or used a product that includes every requirement of the following claims of the '925 Patent?

Claim 2 (including all the requirements of claim 1):
   Yes **X**       No _____

Claim 3 (including all the requirements of claims 1 and 2):
   Yes **X**       No _____

Claim 5 (including all the requirements of claims 1 and 4):
   Yes **X**       No _____

Claim 19 (including all the requirements of claims 1 and 4):
   Yes **X**       No _____

Claim 29 (including all the requirements of claim 1):
   Yes **X**       No _____

Answer Question 2.

## CONTRIBUTORY INFRINGEMENT

Question 2: Has Duhn proved by a preponderance of the evidence: (i) that Cameron's frac mandrel system customers, or the companies that performed the frac'ing for those customers, infringed the following claims of the '925 patent; (ii) that Cameron supplied an important component of the infringing product; (iii) that the component was not suitable for substantial, non-infringing use; and (iv) that Cameron supplied the component with knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner?

Claim 2 (including all the requirements of claim 1):
   Yes  X         No ____

Claim 3 (including all the requirements of claims 1 and 2):
   Yes  X         No ____

Claim 5 (including all the requirements of claims 1 and 4):
   Yes  X         No ____

Claim 19 (including all the requirements of claims 1 and 4):
   Yes ____       No  X

Claim 29 (including all the requirements of claim 1):
   Yes  X         No ____

Answer Question 3.

## INDUCING INFRINGEMENT

Question 3: Has Duhn proved by a preponderance of the evidence: (i) that Cameron's frac mandrel system customers, or the companies that performed frac'ing for those customers, infringed the following claims of the '925 patent; (ii) that Cameron took action that actually induced that infringement by these customers; (iii) that Cameron knew of the '925 patent; and (iv) that Cameron knew or should have known that taking such action would induce direct infringement?

Claim 2 (including all the requirements of claim 1):
Yes _____   No __X__

Claim 3 (including all the requirements of claims 1 and 2):
Yes _____   No __X__

Claim 5 (including all the requirements of claims 1 and 4):
Yes _____   No __X__

Claim 19 (including all the requirements of claims 1 and 4):
Yes _____   No __X__

Claim 29 (including all the requirements of claim 1):
Yes _____   No __X__

If you answered "yes" to any part of Questions 1, 2, or 3, answer Question 4. If you answered "no" as to all parts of Questions 1, 2, and 3, do not answer Question 4, but answer Question 5.

4

Willful Infringement

Question 4: Has Duhn proved by clear and convincing evidence that, after August 2, 2007, any infringement by Cameron through the New Style (wide groove) and/or Original Design (no groove) frac mandrels was willful?

Yes _____     No _✗_

Answer Question 5.

## ANTICIPATION

Question 5: Has Cameron proved by clear and convincing evidence that the following claims of the '925 patent are "anticipated" (not new)?

Claim 1:
    Yes _____     No __X__

Claim 2 (including all the requirements of claim 1):
    Yes __X__     No _____

Claim 3 (including all the requirements of claims 1 and 2):
    Yes __X__     No _____

Claim 4 (including all the requirements of claim 1):
    Yes __X__     No _____

Claim 5 (including all the requirements of claims 1 and 4):
    Yes __X__     No _____

Claim 19 (including all the requirements of claims 1 and 4):
    Yes _____     No __X__

Claim 29 (including all the requirements of claim 1):
    Yes __X__     No _____

Answer Question 6.

## OBVIOUSNESS

Question 6: Has Cameron proved by clear and convincing evidence that any of the following claims would have been obvious to a person of ordinary skill in the field at the time the invention was made?

Claim 1:
    Yes _____        No __X__

Claim 2 (including all the requirements of claim 1):
    Yes __X__        No _____

Claim 3 (including all the requirements of claims 1 and 2):
    Yes __X__        No _____

Claim 4 (including all the requirements of claim 1):
    Yes __X__        No _____

Claim 5 (including all the requirements of claims 1 and 4):
    Yes __X__        No _____

Claim 19 (including all the requirements of claims 1 and 4):
    Yes __X__        No _____

Claim 29 (including all the requirements of claim 1):
    Yes __X__        No _____

Answer Questions 7a and 7b.

## INVENTORSHIP

Question 7a: Has Cameron proved by clear and convincing evidence that John Rogers should be named as a co-inventor of the '925 patent?

        Yes_____        No __X__

Question 7b: Has Cameron proved by clear and convincing evidence that the patent improperly names Rex Duhn as an inventor?

        Yes_____        No __X__

If you answered Questions 7a and 7b "yes," answer Question 8.

If you answered "yes" only to Question 7a, answer Question 8. If you answered "yes" only to Question 7b, answer Question 9. If you answered "no" to questions 7a and 7b, answer Question 9.

Question 8: Was John Rogers employed by Cameron at the time of any contribution he made to the invention?

      Yes\_\_\_\_\_          No\_\_\_\_\_

Answer Question 9.

## INEQUITABLE CONDUCT

Question 9a: Has Cameron proved by clear and convincing evidence that Rex Duhn, Robert Meek and/or Constantine (Gus) Marantidis withheld material information and/or submitted materially false information or statements to the Patent & Trademark Office?

| | | |
|---|---|---|
| Rex Duhn | Yes_____ | No__X__ |
| Robert Meek | Yes_____ | No__X__ |
| Constantine (Gus) Marantidis | Yes_____ | No__X__ |

Question 9b: Has Cameron proved by clear and convincing evidence that Rex Duhn, Robert Meek and/or Constantine (Gus) Marantidis knowingly failed to disclose material information and/or misleading statements, with an intent to deceive the Examiner?

| | | |
|---|---|---|
| Rex Duhn | Yes_____ | No__X__ |
| Robert Meek | Yes_____ | No__X__ |
| Constantine (Gus) Marantidis | Yes_____ | No__X__ |

If your answers to all subparts of Question 1, Question 2, and Question 3 are "no," sign and return this verdict, otherwise answer Question 10.

PATENT DAMAGES: LOST PROFIT

Question 10a: Has Duhn proved by a preponderance of the evidence that Duhn lost profits as a result of Cameron's sales that Duhn would have made but for Cameron's infringement?

Yes __X__          No _____

Question 10b: If you answered Question 10a "yes," what is the amount of such lost profits Duhn has proved by a preponderance of the evidence?

$ 5,909,974

Answer Question 11.

11

## PATENT DAMAGES - REASONABLE ROYALTY

Question 11: For those infringing sales for which Duhn has not proved entitlement to lost profits, what amount, if any, has Duhn proved by a preponderance of the evidence that it is entitled to recover as a reasonable royalty?

$<u>2,750,000</u>

Sign and return this verdict.

1    I certify that this verdict is unanimous.

2

3  DATED:  ~~January~~  2, 2011.
              February

                                        _____
                                              Foreperson