# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DUHN OIL TOOL, INC.,<br><br>                  Plaintiff,<br><br>vs.<br><br>CAMERON INTERNATIONAL CORP.,<br><br>                  Defendant. | CASE NO. 1:05-CV-01411-MLH-GSA<br><br>**ORDER:**<br><br>**(1) CONCLUDING DEFENDANT COOPER CAMERON TO BE THE PREVAILING PARTY FOR COST RECOVERY;**<br><br>**(2) AWARDING COSTS TO DEFENDANT COOPER CAMERON; AND**<br><br>**(3) CONCLUDING THE CASE IS NOT EXCEPTIONAL FOR THE PURPOSES OF ATTORNEY'S FEES** |

On July 27, 2012, the Court issued a proposed judgment in which it requested the parties' comments on the issue of prevailing party and costs. (See Doc. Nos. 779, 780.) On August 10, 2012, the parties filed their responses to the Court's proposed judgment, and Defendant Cooper Cameron provided additional briefing on the issues of prevailing party and costs. (Doc. Nos. 783, 784, 785.) On August 17, 2012, Plaintiff filed its opposition to factual assertions made in Defendant's briefing. (Doc. No. 786.) On August 17, 2012, the Court held a telephonic hearing on the matter. Joseph Thomas, Kerri Ann Rich, and Paul Schuck

appeared on behalf of Plaintiff Duhn Oil Tool, Inc. ("Duhn Oil"). Joseph Redden, Charles Rogers, Manish Vyas, and Peter Bielinski appeared on behalf of Cooper Cameron Corp. ("Cameron"). For the following reasons, the Court concludes that Defendant Cameron is the prevailing party for purposes of costs recovery and awards costs to Defendant Cameron.

## **Background**

This is a patent lawsuit filed by Plaintiff Duhn Oil against Defendant Cameron. The patent-in-suit is United States Patent No. 6,920,925 "Wellhead Isolation Tool" ("the '925 patent"). The '925 patent issued on July 26, 2005 from an application filed on February 19, 2003. Following a jury trial, the trial judge granted a new trial on anticipation and granted judgment as a matter of law on nonobviousness of the claims at issue. (Doc. No. 706.) On November 15, 2011, the case was reassigned to this Court pursuant to 28 U.S.C. § 292(b), after the retirement of Senior U.S. District Judge Wanger. (Doc. No. 717.) After a bench trial on the issue of invalidity by anticipation,[1] the Court issued a Memorandum Decision on February 23, 2012, finding claims 1, 2, 4, 5, 19, and 29 of the '925 patent invalid by anticipation in light of Cameron's 1994-1995 Oil Tool Catalog ("the '94 catalog") (Ex. DX-A) under 35 U.S.C. § 102. (Doc. No. 762.) Defendant did not ask the Court to find claim 3 anticipated based on the '94 catalog. (Id.)

After the Court issued its Memorandum Decision, Defendant sought to reinstate the jury's verdict that claim 3 is obvious. (Doc. Nos. 767, 768.) Specifically, Cameron moved for reconsideration of (1) the trial judge's judgment as a matter of law that claim 3 was not proved to be obvious and (2) the trial judge's grant of a new trial on obviousness under Federal Rule of Civil Procedure 50(c), and (3) asked the Court to reinstate the jury's verdict finding claim 3 to be invalid as obviousness. (Doc. Nos. 764, 768, 770.) In a written order, the Court concluded that claim 3 was obvious as a matter of law and reinstated the jury's verdict regarding the obviousness of claim 3. (Doc. No. 775.) Therefore, all asserted claims of the '925 patent are invalid.

---

[1] The parties consented to a bench trial on anticipation. (Doc. No. 738 at 2.)

## Discussion

### I.   Legal Standards for Determining the Prevailing Party

In <u>Manildra Milling Corp. v. Ogilvie Milling, Inc.</u>, 76 F.3d 1178 (Fed. Cir. 1996), the Federal Circuit articulated that the law of the Federal Circuit, rather than the law of regional circuit, applies in determining prevailing party status in the context of patent litigation. <u>Manildra Milling Corp. v. Ogilvie Milling, Inc.</u>, 76 F.3d 1178, 1181. In defining who is a prevailing party, the Federal Circuit held "that as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'" <u>Id.</u> at 1183.

More recently, in <u>Shum v. Intel Corp.</u>, 629 F.3d 1360 (Fed. Cir. 2010), the Federal Circuit evaluated prevailing party status when neither party succeeds on all claims. In <u>Shum</u>, the final judgment entitled Plaintiff "to be named as a co-inventor for claims in five of the seven patents-in-suit but entitled him to none of the more than $409 million he sought in monetary damages." <u>Shum v. Intel Corp.</u>, 629 F.3d 1360, 1363 (Fed. Cir. 2010). Based on the mixed result, the Federal Circuit concluded that there can only be one prevailing party and that Defendants were the prevailing party under the circumstances. <u>Id.</u> at 1364, 1366-67. To be a prevailing party, "[t]he relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party. . . . A party is not required, however, to prevail on all claims in order to qualify as a prevailing party under [Federal Rule of Civil Procedure] 54." <u>Id.</u> at 1367-68. In reaching its ultimate conclusion, the Federal Circuit reasoned, "Though Shum's victory on his co-inventorship claims changes the names appearing on those patents, it has not materially altered the legal relationship among the parties." <u>Id.</u> at 1364. The Federal Circuit continued, "[T]he question of inventorship was not the 'central issue' in the case . . . . [T]his case was about the money." <u>Id.</u> at 1369. Further, "[T]he victory has not modified defendants' behavior in a way that significantly benefits Shum." <u>Id.</u> at 1370. On the other hand, the Federal Circuit stated, "A party that obtains an injunction, declaration of patent invalidity, or judgment of infringement gains 'significant latitude' and frequently a 'competitive edge' vis-a-vis the opposing party." <u>Id.</u> Accordingly, the Federal Circuit concluded that the defendants prevailed under Federal

Rule of Civil Procedure 54, not the plaintiff. Id. at 1369-71.

## II.     Determination of Prevailing Party

In accordance with Federal Circuit law, the Court concludes that Defendant Cameron is the prevailing party within the meaning of Federal Rule of Civil Procedure 54(d). Like in Manildra, Defendant Cameron succeeded in invalidating by anticipation claims 1, 2, 4, 5, 19, and 29 of the '925 patent, pursuant to 35 U.S.C. § 102. (See Doc. No. 764.) Defendant Cameron also succeeded in invalidating as obvious claim 3 of the '925 patent, pursuant to 35 U.S.C. § 103. (Doc. No. 775). Furthermore, similar to Shum, the jury's finding on inventorship[2] in favor of Plaintiff does not materially alter the legal relationship between the parties in a way that benefits Plaintiff. See Shum, 629 F.3d at 1367-68. The issue of inventorship was not a central issue in the case. See id. at 1364. Like the Federal Circuit stated in Shum, "A party that obtains . . . [a] declaration of patent invalidity" gains a significant benefit and is therefore considered the prevailing party." Id. at 1370. "[A]s a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'" Manildra, 76 F.3d at 1183. Accordingly, the Court concludes that Defendant Cameron is the prevailing party for purposes of costs under Federal Rule of Civil Procedure 54(d).

## III.    Legal Standards for Award of Costs

"An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d) . . . ." Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003). Although a party may be prevailing, the Court is not obligated to award costs to the prevailing party. Shum, 629 F.3d at 1367 n.8. "Depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or not costs at all." Id. (citing Farrar v. Hobby, 506 U.S. 103, 115 (1992); Manildra, 76 F.3d at 1183). The Federal Circuit explained in Manildra that even if a party satisfies the Federal Circuit's prevailing party test, the trial court "retains broad discretion as to how much

---

[2] The jury found that Defendant Cameron had not proved by clear and convincing evidence that John Rogers should not be named as a co-inventor to the '925 patent. (Doc. No. 668.) Further, the jury found that Defendant Cameron had not proved by clear and convincing evidence that the patent improperly names Rex Duhn as inventor. (Id.)

to award, if anything." Manildra, 76 F.3d at 1183; see also Shum, 629 F.3d at 1367 n.8.

"Whether an award of costs is reasonable is determined under the law of the regional circuit." Shum, 629 F.3d at 1370 (citing Manildra, 76 F.3d at 1183). Under Ninth Circuit law, there is a presumption in favor of awarding costs to the prevailing party. See id. (applying Ninth Circuit law to the award of costs); see also Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006); Champion, 342 F.3d at 1022; Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003). "To overcome this presumption, the losing party must establish a reason to deny costs and the district court must give specific reasons for refusing to award costs." Shum, 629 F.3d at 1370 (citing Champion, 342 F.3d at 1022; Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999)). The Ninth Circuit has noted that proper grounds for denying costs include

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) "the chilling effect of imposing . . . high costs on future civil rights litigants," as well as whether "the issues in the case were close and difficult"; (5) whether "the prevailing party's recovery was nominal or partial"; (6) whether "the losing party litigated in good faith"; and (7) whether "the case presented a landmark issue of national importance."

Quan v. Computer Scis. Corp., 623 F.3d 870, 889 (9th Cir. 2010) (quoting Champion, 342 F.3d at 1022). Appellate courts review a denial of an award of costs for abuse of discretion, but a district court should explain its reasoning for denying an award of costs. Champion, 342 F.3d at 1022.

**IV.   Award of Costs**

Defendant Cameron argues that it is entitled to costs because Plaintiff Duhn Oil cannot overcome the strong presumption in favor of awarding costs to Defendant as the prevailing party. (Doc. No. 785.) Plaintiff does not object to the award of costs but objects to Defendant's characterization that it acted in bad faith. (Doc. No. 786.) The Court concludes that, as the prevailing party, Defendant Cameron is entitled to recover costs under Rule 54.

In reaching its conclusion, the Court considers the factors provided by the Ninth Circuit. See Quan, 623 F.3d at 889; Champion, 342 F.3d at 1022. Plaintiff Duhn Oil has not indicated limited financial resources or misconduct by Defendant Cameron, and the Court concludes that

these factors do not weigh in favor of denying costs to Defendant Cameron. See Quan, 623 F.3d at 889; Champion, 342 F.3d at 1022. Additionally, this is not a civil rights case that would yield high costs on future litigants by awarding costs to Defendant Cameron nor is it a case that involves landmark issues of national importance. See Quan, 623 F.3d at 889; Champion, 342 F.3d at 1022. Further, Defendant Cameron's recovery was not nominal or partial; rather, Defendant succeeded in invalidating the '925 patent on each of Plaintiff's asserted claims. Nevertheless, the Court rejects Defendant's contention that Plaintiff litigated in bad faith. See Quan, 623 F.3d at 889; Champion, 342 F.3d at 1022. Accordingly, the Court awards costs to Defendant Cameron as prevailing party.

## V.     Legal Standards for Attorney's Fees

The traditional American rule requires that each party to a lawsuit bear its own litigation expenses, including attorney's fees. See Aleyska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). In 1946, the patent statute was amended to provide statutory exceptions to the general rule. However, the Senate Committee on Patents said that "[i]t is not contemplated that the recovery of attorney's fees will become an ordinary thing in the patent suits." S. Rep. No. 1503, 79th Cong., 2d Sess. 1, 2, reprinted in 1946 U.S.C.C.A.N. 1386, 1387. Therefore, Congress added the phrase "exceptional cases" to the statute. Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent case. 35 U.S.C. § 285. Attorney fees are compensatory, not punitive. Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH, 383 F.3d 1337, 1347 (Fed. Cir. 2004). In Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378 (Fed. Cir. 2005), the Federal Circuit set forth the nature of an exceptional case:

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions.

Brooks Furniture Mfg, Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). The prevailing party must establish the exceptional nature of the case by clear and convincing evidence. Machinery Corp of Am. v. Gullfiber, 774 F.2d 467, 470-72 (Fed. Cir. 1985).

1  Whether the case is exceptional is a question of fact. Id.

2  Additionally, litigation misconduct may make a case exceptional, whether or not the
3  underlying suit was objectively baseless. See Old Reliable Wholesale, Inc. v. Cornell Corp.,
4  635 F.3d 539, 549-50 (Fed. Cir. 2011). Merely failing to prevail in the litigation, or taking
5  positions that were not adopted by the court, does not constitute litigation misconduct. See id.
6  Rather, a finding of litigation misconduct requires "unethical or unprofessional conduct by a
7  party or his attorneys during the course of the adjudicative proceedings." Id.

**VI.  Attorney's Fees Analysis**

9  The Court concludes that this is not an exceptional case warranting the award of
10 attorney's fees. The parties acted professionally and litigated in good faith. The case does not
11 involve litigation misconduct or other grounds to make the case for an award of attorney's fees.
12 See Old Reliable Wholesale, Inc., 635 F.3d at 549-50; Brooks, 393 F.3d at 1381. Additionally,
13 the Court specifically rejects Defendant's contention that Plaintiff engaged in bad faith in
14 litigating the case. The Court reviews the litigation history of the case to evaluate whether this
15 is an exceptional case justifying an award of attorney's fees.

**A.  Pre-Trial**

17 On November 9, 2005, Plaintiff Duhn Oil filed a complaint for patent infringement
18 against Defendant Cameron. (Doc. No. 1.) The matter proceeded through discovery, claim
19 construction, and summary judgment before the trial court, as reflected in the Court's docket.
20 (See, e.g., Doc. Nos. 26, 261, 287.)

**B.  Trial**

22 On January 12, 2011, the case proceeded to a jury trial. At trial, Duhn asserted that
23 Cameron directly and indirectly infringed claims 2, 3, 5, 19, and 29 of Duhn's '925 patent.
24 Cameron raised affirmative defenses of invalidity, incorrect inventorship, and inequitable
25 conduct of those claims and claim 1 of the '925 patent.

26 On February 2, 2011, the jury returned verdicts finding Defendant liable for infringing
27 dependent claims 2, 3, 5, 19, and 29 of the '925 patent, and for contributory infringement of
28 claims 2, 3, 5, and 29, but not claim 19. (Doc. No. 668). The jury awarded Plaintiff

$5,909,974 in lost profits and $2,750,000 in royalties. (Doc. No. 668.) The jury also found that dependent claims 2, 3, 4, 5, 19, and 29 were invalid for obviousness, and that claims 2, 3, 4, 5, and 29 were invalid for anticipation. (Doc. No. 668.) The jury found that claim 1, the independent claim from which claims 2, 3, 4, 5, 19, and 29 depend, was not proven to be anticipated or obvious. (Doc. No. 668.)

### C.   Post-Trial Motions

During trial, both sides made Rule 50 motions for judgment as a matter of law on the issue of obviousness, and Defendant Cameron presented a Rule 50 motion on the issues of anticipation and damages. After the trial, the trial judge granted in part and denied in part the Rule 50 motions and granted a motion for a new trial on anticipation in his memorandum decision. (Doc. No. 706.)

Specifically, the trial judge ruled as follows:

- Affirmed the jury's verdict that Cameron directly infringed claims 2, 3, 5, 19, and 29 of Duhn's '925 patent. (Doc. No. 706 at 10:20-:22, 66:12-:19);
- Affirmed the jury's verdict that Cameron contributorily infringed claims 2, 3, 5, and 29 of Duhn's '925 patent. (Doc. No. 706 at 10:20-:23, 66:12-:19);
- Affirmed the jury's verdict that Cameron did not induce infringement or willfully infringe Duhn's '925 patent. (Doc. No. 706 at 10:25-:27, 66:12-:19);
- Ordered a new trial on the issue of anticipation, finding that the jury's verdict that claims 1 and 19 are not anticipated was inconsistent with the verdict that dependent claims 2, 3, 4, 5, and 29 are anticipated. (Doc. No. 706 at 45:13-:17, 45:23-:28);
- Granted Duhn's Rule 50 motion for judgment as a matter of law that Duhn's 1, 2, 3, 4, 5, 19, and 29 patent claims are not invalid as obvious based on the '993 patent and the '94 catalog. (Doc. No. 706 at 58:18-:28);
- Affirmed the jury's verdict on inventorship. (Doc. No. 706 at 59:28-60:3);
- Ruled that Duhn did not engage in inequitable conduct in naming the inventors or providing prior art to the patent office. (Doc. No. 706 at 60:5-:8, 63:1-:17, 64:18-65:11); and
- Postponed entry of judgment pending a decision on the issue of anticipation. (Doc. No. 706, at 65:22-:27, 66:12-:17.)

///

In reaching its conclusions, the trial court carefully evaluated Defendant's claim of inequitable conduct. (Doc. No. 706.) Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). To prevail on the defense of inequitable conduct, the accused infringer must prove by clear and convincing evidence that the applicant misrepresented or omitted material information with the specific intent to deceive the Patent Office. Id. A finding that the misrepresentation or omission amounts to gross negligence or negligence under the "should have known" standard does not satisfy the intent requirement. Id. at 1290. Intent and materiality are separate requirements that must each be satisfied. Id. Where an inequitable conduct claim is based on failure to disclose a reference, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a material reference. Id. at 1290. Prior art is material if the Patent Office would not have allowed a claim had it been aware of the undisclosed reference. Id. at 1291-92.

The trial court carefully concluded that Defendant had not met its burden of establishing its inequitable conduct claim regarding Mr. Meek's decision not to provide the '94 Catalog to the Patent Office because Defendant did not establish by clear and convincing evidence that Mr. Meek harbored intent to deceive the Patent Office when he made the decision not to submit the '94 Catalog. (Doc. No. 706.) Therasense requires that the accused infringer must prove by clear and convincing evidence that the applicant misrepresented or omitted material information with a specific intent to deceive the Patent Office. 649 F.3d at 1285.

Additionally, the trial court concluded that Defendant did not meet its burden of proving inequitable conduct regarding the issue of inventorship because Defendant failed to establish by clear and convincing evidence that Mr. Duhn, Mr. Meek, or Mr. Marantidis had a basis to believe, or actually believed, that Mr. Rogers should have been named as an inventor of the '925 patent. (Doc. No. 706.) The trial court reasoned that neither Mr. Duhn, Mr. Meek, nor Mr. Marantidis intended to deceive the Patent Office with respect to the identity of the named inventors. Accordingly, the trial court concluded that Defendant's inequitable conduct claim failed.

After carefully considering Defendant's inequitable conduct claims and the trial court's conclusions, the Court concludes that the parties' behavior does not connote bad faith or deception. The trial court reached the conclusion that Defendant's inequitable conduct claims were unsuccessful, and the Court is not persuaded by the parties that Plaintiff acted in bad faith. See Therasense, Inc, 649 F.3d at 1285.

### D.     Trial on Anticipation/Post-Trial Motion for Reconsideration

The parties continued to professionally litigate the case before this Court. On November 15, 2011, the case was reassigned to this Court pursuant to 28 U.S.C. § 292(b). On December 22, 2011, the Court set a trial on anticipation for February 15, 2012. In issuing its Memorandum Decision, the Court had an opportunity to carefully consider the full trial record. (Doc. No. 762.)

In its Memorandum Decision, the Court noted that the trial court had carefully explained the claim construction in its memorandum decision and supplemental construction. (Doc. No. 762.) The supplemental construction explained the disputed "wherein" clause in light of the prosecution history and further court hearings on December 8, 2008 and January 6, 2009. (Doc. Nos. 261, 287.)

The Court noted that during these hearings, the parties extensively discussed the invention, the prior art, the accused devices, and the court's claim construction. (Doc. Nos. 267, 287.) Duhn Oil argued that the prosecution disclaimer doctrine required the court to interpret the "wherein" clause with a dual load path because Duhn disavowed a single load path in overcoming a rejection. (Doc. No. 287.)

Additionally, the Court observed that the patent examiner initially rejected the '925 patent claims as unpatentable over the Cornelssen U.S. Patent No. 6,688,386, a Tubing Hanger and Adapter Assembly ("Cornelssen '386 patent"). (Ex. JX 44.125.) In response to the rejection, Duhn added the "wherein" clause. (Ex. JX 44.71-.72.) The wherein clause requires a dual load path, such as a reaction in both the first tubular member flange and the secondary flange. (Ex. JX 44.71-.72.) Duhn amended the claims to include the "wherein" clause to overcome the Cornelssen '386 reference. (Ex. JX 44.71-.72, .102 ("[I]t does not appear that

1  an axial load acting on the alleged generally elongate member 10 of Cornelssen, et al. will be
2  reacted in both of the alleged first tubular member and secondary flanges disclosed therein.")).
3  The Cornelssen patent, published on July 24, 2003, more than five months after Duhn filed the
4  '925 patent, discloses a tubing hanger including one set of lock screws, similar to Figure 2 of
5  the '925 patent.  (See Ex. JX 77 at Fig. 7.)

6        The Court observed that Duhn's reply to the office action argued that the Cornelssen
7  device is a single load path design.  (Doc. No. 287.)  Duhn's addition of the "wherein" clause
8  to overcome the rejection made the '925 patent a dual load path design.  (Doc. No. 287.)  In
9  doing so, the patent issued.  (Ex. JX 44.102-.03.)  In amending the claims to overcome the
10 Cornelssen '386 prior art, Duhn disavowed the single load path design depicted in Figure 2 of
11 the '925 patent.  (See Doc. No. 287.)  As a result, the Court concluded that the trial court
12 properly construed the claims to require a dual load path.  (Doc. No. 491.)

13       After the bench trial on the issue of invalidity by anticipation, the Court concluded in
14 its Memorandum Decision, issued on February 23, 2012, that claims 1, 2, 4, 5, 19, and 29 of
15 the '925 patent were invalid by anticipation in light of Cameron's 1994-1995 Oil Tool Catalog
16 ("the '94 Catalog") under 35 U.S.C. § 102. After the Court issued its Memorandum Decision,
17 Defendant sought to reinstate the jury's verdict that claim 3 was obvious. (Doc. Nos. 767,
18 768.) Specifically, Cameron moved for reconsideration of (1) the trial judge's judgment as
19 a matter of law that claim 3 was not proved to be obvious and (2) the trial judge's grant of a
20 new trial on obviousness under Federal Rule of Civil Procedure 50(c), and (3) asked the Court
21 to reinstate the jury's verdict finding claim 3 to be invalid as obviousness. (Doc. Nos. 764,
22 768, 770.)

23       In a written order, the Court concluded that claim 3 was obvious as a matter of law and
24 reinstated the jury's verdict regarding the obviousness of claim 3. (Doc. No. 775.) The Court
25 concluded that the record contained detailed testimony regarding the invalidity of claims 1 and
26 2 in light of the prior art. For example, the jury heard testimony comparing the '94 catalog and
27 the '993 patent with the claims of the '925 patent. The jury was presented with testimony
28 about the prosecution history of claim 1 and the importance of the wherein clause to the

validity of the '925 patent claims.  The jury heard conflicting testimony of expert witnesses as to the presence of a dual load path device in the prior art.  The Court presumed that the jury resolved the underlying factual disputes of obviousness in favor of the verdict and leaves those presumed findings undisturbed because they are supported by substantial evidence.  See Jurgens, 927 F.2d at 1557.  After reviewing the record, the Court concluded that the jury had substantial evidence to support factual findings on the invalidity of claim 3.  See Bard, 670 F.3d at 1186 (stating that a court reviews the jury's underlying factual findings, whether explicit or implicit within the verdict, for support by substantial evidence).

Additionally, the Court concluded that a reasonable jury could conclude, as this jury did, that it would be obvious to combine the full bore limitation of claim 3 with the limitations of claims 1 and 2.  (Doc. No. 668 at 7.)  The Court presumed that the jury resolved any underlying factual disputes of obviousness in favor of the verdict that claim 3 was obvious and leaves the presumed findings undisturbed if they are supported by substantial evidence.  See Jurgens, 927 F.2d at 1557.  Because the jury's verdict on claim 3 was supported by substantial evidence, the Court reinstated the jury's verdict that claim 3 is obvious and denies Duhn Oil's motion for judgment as a matter of law as to the nonobviousness of claim 3. See Wallace, 479 F.3d at 624 (stating that a court must uphold the jury's verdict if it is supported by substantial evidence).

After a review of the record, the Court concludes that the parties' vigorous litigation of the Court's claim construction and their handling the reflects the parties' good faith efforts and professionalism in handling the case.  Merely failing to prevail in the litigation or taking positions that were not adopted by the court does not constitute litigation misconduct, or transform the case into an exceptional case for an award of attorney's fees.  Old Reliable Wholesale, Inc., 635 F.3d at 549-50.

### E. Conclusion

The Court concludes that the record reflects extensive litigation by the parties that was ethically pursued in good faith and in a professional manner.  The Court concludes that Defendant has failed to demonstrate the exceptional nature of the case or that Plaintiff engaged

in litigation misconduct.  Rather, the foregoing demonstrates that both parties vigorously litigated issues in the matter and pursued their claims professionally.  Merely failing to prevail in the litigation or taking positions that were not adopted by the court does not constitute litigation misconduct.  Old Reliable Wholesale, Inc., 635 F.3d at 549-50.  Because the parties litigated in good faith and the case is not exceptional, the Court declines to award attorney's fees.

### VII. Scheduling Order

Pursuant to Local Rule 292, the Court requests that Defendant Cameron submit to the Court its proposed bill of costs by **August 31, 2012**.  The bill of costs must itemize the costs claimed and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs.  Plaintiff Duhn Oil may file its objections to Defendant Cameron's proposed bill of costs by **September 12, 2012**.  The Court will hold a telephonic hearing on the bill of costs on **September 18, 2012** at **1:30 p.m.**  The Court will initiate the call.  The parties should contact the Court by **September 17, 2012** at **12:00 p.m.** with the phone number at which the parties may be reached.

### Conclusion

For the foregoing reasons, the Court concludes that Defendant Cameron is the prevailing party under Rule 54 awards Defendant Cameron costs under Rule 54(d) of the Federal Rules of Civil Procedure.  The Court also concludes that this case is not exceptional and does not warrant the award of attorney's fees to Defendant Cameron.

**IT IS SO ORDERED**.
DATED: August 17, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT