1
2
3
4
5
6
7

8

## UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10
11

DUHN OIL TOOL, INC.,

CASE NO. 1:05-CV-01411-MLH-GSA

12

Plaintiff,

vs.

**ORDER TAXING COSTS**

13
CAMERON INTERNATIONAL CORP.,

14

Defendant.

15
16
17

On August 31, 2012, Defendant Cameron International Corp. ("Cameron") filed a

18

proposed bill of costs.  (Doc. Nos. 789-92.)  On September 7, 2012, Cameron filed a

19

supplemental bill of costs.  (Doc. No. 793.)  On September 12, 2012, Plaintiff Duhn Oil Tool,

20

Inc. ("Duhn Oil") filed its opposition to Cameron's proposed bills of costs.  (Doc. No. 794.)

On September 17, 2012, Cameron filed a reply in support of its proposed bills of costs.  (Doc.

21

No. 797.)  On September 18, 2012, the Court held a telephonic hearing on the matter.  Joseph

22

Thomas, Kerri Ann Rich, and William J. Kolegraff appeared on behalf of Duhn Oil.  Joseph

23

Redden, Charles Rogers, and Manish Vyas appeared on behalf of Cameron.  For the following

24

reasons, the Court awards Cameron $162,932.34 in costs.

25

## Background

26
27

This is a patent lawsuit filed by Duhn Oil against Cameron.  The patent-in-suit is United

States Patent No. 6,920,925 "Wellhead Isolation Tool" ("the '925 patent").  The '925 patent

28

- 1 -

1 | issued on July 26, 2005 from an application filed on February 19, 2003.  Following a jury trial,
2 | the trial judge granted a new trial on anticipation and granted judgment as a matter of law on
3 | nonobviousness of the claims at issue.  (Doc. No. 706.)  On November 15, 2011, the case was
4 | reassigned to this Court pursuant to 28 U.S.C. § 292(b), after the retirement of Senior U.S.
5 | District Judge Wanger.  (Doc. No. 717.)  After a bench trial on the issue of invalidity by
6 | anticipation,[1] the Court issued a Memorandum Decision on February 23, 2012, finding claims
7 | 1, 2, 4, 5, 19, and 29 of the '925 patent invalid by anticipation in light of Cameron's 1994-1995
8 | Oil Tool Catalog ("the '94 catalog") (Ex. DX-A) under 35 U.S.C. § 102.  (Doc. No. 762.)
9 | Cameron did not ask the Court to find claim 3 anticipated based on the '94 catalog.  (Id.)

10 | After the Court issued its Memorandum Decision, Cameron sought to reinstate the
11 | jury's verdict that claim 3 is obvious.  (Doc. Nos. 767, 768.)  Specifically, Cameron moved for
12 | reconsideration of (1) the trial judge's judgment as a matter of law that claim 3 was not proved
13 | to be obvious and (2) the trial judge's grant of a new trial on obviousness under Federal Rule
14 | of Civil Procedure 50(c), and (3) asked the Court to reinstate the jury's verdict finding claim
15 | 3 to be invalid as obvious.  (Doc. Nos. 764, 768, 770.)  In a written order, the Court concluded
16 | that claim 3 was obvious and reinstated the jury's verdict regarding the obviousness of claim
17 | 3.  (Doc. No. 775.)  Therefore, all of the asserted claims of the '925 patent were found to be
18 | invalid.  On July 27, 2012, the Court issued a proposed judgment and requested the parties'
19 | comments on the issue of the prevailing party and costs.  (See Doc. Nos. 779, 780.)  On August
20 | 10, 2012, the parties filed their responses to the Court's proposed judgment, and Cameron
21 | provided additional briefing on the issues of the prevailing party and costs.  (Doc. Nos. 783,
22 | 784, 785.)  On August 17, 2012, Duhn Oil filed its opposition to the factual assertions made
23 | in Cameron's briefing.  (Doc. No. 786.)

24 | On August 17, 2012, the Court entered final judgment in favor of Cameron and against
25 | Duhn Oil, declaring all the asserted claims of the '925 Patent to be invalid.  (Doc. No. 788.)
26 | On August 20, 2012, the Court concluded that Cameron is the prevailing party for purposes
27 |
28 | [1] The parties consented to a bench trial on anticipation.  (Doc. No. 738 at 2.)

1  of costs recovery and awarded costs to Defendant Cameron.[2]  (Doc. No. 789.)  In that Order,

2  the Court ordered Cameron to submit it proposed bill of costs by August 31, 2012.  (Id. at 13.)

3  By the present bills of costs, Cameron request an award of $351,923.76 in costs.  (Doc. No.

4  793-1 at 2.)

5                                            **Discussion**

6  **I.       Legal Standards for Taxing Costs**

7          The types of costs awarded to the prevailing party in federal court are limited to those

8  set forth in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

9  441-42 (1987); see also Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 579 (9th Cir. 2010)

10 ("Ordinarily, section 1920 'defines the full extent of a federal court's power to shift litigation

11 costs absent express statutory authority.'"); E.D. Cal. Local R. 292(a) ("Costs shall be taxed

12 in conformity with the provisions of 28 U.S.C. § 1920, and such other provisions of law as may

13 be applicable.").[3]  28 U.S.C. § 1920 provides:

14          A judge or clerk of any court of the United States may tax as costs the following:

15                  (1) Fees of the clerk and marshal;

16                  (2) Fees for printed or electronically recorded transcripts necessarily
                    obtained for use in the case;

17
                    (3) Fees and disbursements for printing and witnesses;
18
                    (4) Fees for exemplification and the costs of making copies of any
19                  materials where the copies are necessarily obtained for use in the case;

20                  (5) Docket fees under section 1923 of this title;

21                  (6) Compensation of court appointed experts, compensation of
                    interpreters, and salaries, fees, expenses, and costs of special
22                  interpretation services under section 1828 of this title.

23 See also E.D. Cal. Local R. 292(f) (enumerating taxable costs).

24 ///

25

26          [2] The Court concluded that the present case was not exceptional and declined to award
   attorney's fees to Cameron.  (Doc. No. 789 at 13.)
27
          [3] The Federal Circuit has held that regional circuit law applies to the interpretation of
28 28 U.S.C. § 1920.  In re Ricoh Co. Patent Litig., 661 F.3d 1361, 1364 (9th Cir. 2011).

1  **II.    Analysis**

2          A.      Duhn Oil's General Objections to the Proposed Bill of Costs

3                  i.      Costs Related to the First Trial

4          As an initial matter, Duhn Oil argues that Cameron is not entitled to costs from the first

5  trial because Cameron was not the prevailing party in that trial.  (Doc. No. 794 at 2-3.)  At the

6  conclusion of the first trial, the jury found infringement, but also found certain claims to be

7  invalid.  (Doc. No. 668.)  This resulted in post-trial motions and a re-trial on anticipation.

8  Following the retrial, Cameron was the prevailing party, thus entitling it to costs for the entire

9  litigation of this action.  See Manildra Milling Corp. v. Ogilvie Mills, 76 F.3d 1178, 1183 (Fed.

10  Cir. 1996) ("[A] party who has a competitor's patent declared invalid meets the definition of

11  'prevailing party.'"); see also Buckhannon Bd. & Care Home v. W. Va. Dep't of Health &

12  Human Res., 532 U.S. 598, 603 (2001) (defining "'prevailing party' as '[a] party in whose

13  favor a judgment is rendered'").  Duhn Oil cites no case law for its proposition that a

14  prevailing party cannot recover earlier litigation costs from a first trial when it later prevailed

15  on post-trial motions and a retrial and had a final judgment entered in its favor.  To the

16  contrary, "[n]ormally the prevailing party at a second trial is awarded costs of both trials."

17  Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (D. Mo. 1982) (citing Farmer v.

18  Arabian American Oil Co., 379 U.S. 227, 231-32 (1964)); accord. WRIGHT & MILLER,

19  FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2667 (3d ed. 1998).  Accordingly, the Court

20  rejects Duhn Oil's argument that Cameron is not entitled to costs incurred during the first trial.

21                  ii.     Cameron's Supplemental Filing

22          Duhn Oil also argues that Cameron's supplemental bill of costs should be stricken

23  because it was untimely filed.  (Doc. No 794 at 4-5.)  In its prior order, the Court ordered

24  Cameron to submit its bill of costs by August 31, 2012.  (Doc. No. 789 at 13.)  See also E.D.

25  Cal. Local Rule 292(b) (stating that the bill of costs should be filed within fourteen (14) days

26  after entry of judgment).  Cameron filed its supplemental bill of costs on September 7, 2012.

27  (Doc. No. 793).  Although the Court recognizes that the supplemental bill of costs was filed

28  a week after the deadline, Cameron explains that it needed to file this supplemental bill of costs

1   because some costs were inadvertently omitted from the first filing, and Duhn Oil has failed

2   to show how it was prejudiced.[4]   Accordingly, the Court declines to strike Cameron's

3   supplemental bill of costs.  See Koch v. Lockyer, 2010 U.S. Dist. LEXIS 42100, at *8 n.2

4   (S.D. Cal. Apr. 11, 2010) (citing Harris v. Marhoefer, 24 F.3d 16, 20 n.4 (9th Cir. 1994))

5   (noting that a district court may exercise its discretion and consider an untimely motion for

6   costs).

7          B.      Cameron's Specific Requests for Costs and Duhn Oil's Specific Objections

8                  i.      Fees of the Clerk

9          Cameron requests $1,525 for fees of the clerk, including $455 in filing fees for an

10   interlocutory appeal and $1,080 in pro hac vice fees.  (Doc. No. 790 at 2-3.)  Cameron argues

11   that pro hac vice fees are recoverable under 28 U.S.C. § 1920(1), citing Butler v. MBNA

12   Tech., Inc., 2004 U.S. Dist. LEXIS 3069, at *8 (N.D. Tex. Mar. 1, 2004).  (Doc. No. 790 at

13   8.)  Many courts–including courts in this district–have held that pro hac vice fees are not

14   recoverable under § 1920.  See, e.g., Kreidler v. Mainstay Bus. Solutions, 2012 U.S. Dist.

15   LEXIS 93905, at *3 (E.D. Cal. Jul. 6, 2012) (listing cases); Gidding v. Anderson, 2008 U.S.

16   Dist. LEXIS 95691, at *4-5 (N.D. Cal. Nov. 24, 2008); Sheffer v. Experian Info. Solutions,

17   Inc., 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003).  The Court agrees with those courts that have

18   held that pro hac vice fees are not recoverable as costs even though some courts have permitted

19   the recovery of pro hac vice fees.  Further, at the hearing, Cameron withdrew its request for

20   pro hac vice fees.  Therefore, the Court declines to award Cameron costs for its pro hac vice

21   fees.  Accordingly, the Court awards Cameron $455 for fees of the clerk.

22                  ii.      Fees for Service of Summons and Subpoenas

23          Cameron requests $11,231.32 for fees for service of summons and subpoenas.  (Doc.

24   No. 790 at 3-8; Doc. No. 793-1 at 2.)  These costs are recoverable under § 1920(1) and Eastern

25   District of California Local Rule 292(f)(2).  See Alflex Corp. v. Underwriters Labs., Inc., 914

26

27          [4] The supplemental bill of costs was filed before the deadline for Duhn Oil's opposition,
    and Duhn Oil was able to object to the costs contained in the supplemental filing in its
28   opposition.  (See Doc. No. 794 at 4-5.)

1   F.2d 175, 178 (9th Cir. 1990) ("[P]rivate process servers' fees are properly taxed as costs.").

2   Duhn Oil objects to these costs, arguing that they were unnecessary because they are related

3   to a inequitable conduct counterclaim based on Duhn Oil's allegedly improper payment of its

4   patent fees, and that counterclaim was dropped by Cameron and not addressed during the first

5   trial. (Doc. No. 794 at 3.)  The Court disagrees.  Although Cameron ultimately dropped its

6   inequitable conduct counterclaim, it was reasonable for Cameron to investigate this

7   counterclaim and to incur these fees.  Accordingly, the Court awards Cameron $11,231.32 for

8   fees for service of summons and subpoenas.

9                        iii.      Fees for Transcripts Necessarily Obtained For Use In The Case

10          Cameron requests $66,424.30 for transcripts fees necessarily obtained for use in the

11   case.  (Doc. No. 790 at 8-15.)  These costs are recoverable under 28 U.S.C. § 1920(2).  See

12   Alflex, 914 F.2d at 176 n.3.  Duhn Oil does not object to these costs in its opposition to

13   Cameron's bill of costs.  (See Doc. No. 794.)  Accordingly, the Court awards Cameron

14   $66,424.30 for transcripts fees necessarily obtained for use in the case.

15                        iv.      Fees for Witnesses

16          Cameron requests $19,312.27 in witness fees.  (Doc. No. 790 at 15-17; Doc. No. 793

17   at 2-4.)  Witness fees are recoverable costs under 28 U.S.C. §§ 1920(3) and 1821.

18          Duhn Oil makes two objections to Cameron's request for witness fees.  (Doc. No. 794

19   at 3-4.)  First, Duhn Oil objects to these witness fees on the grounds that all of the witnesses

20   identified are shown to have been present for three or more days of trial.  (Id. at 3.)  Duhn Oil

21   argues that it is unreasonable and unnecessary for these witnesses to be present for more than

22   the time they testified at trial.  (Id.)  The Court disagrees and concludes that Cameron's fees

23   are reasonable.  A court may award witness fees based on all days the witnesses were in

24   attendance and not just the days the witnesses testified.  See, e.g., Am. Color Graphics, Inc.

25   v. Travelers Prop. Cas. Ins. Co., 2007 U.S. Dist. LEXIS 22641, at *12 (N.D. Cal. Mar. 19,

26   2007); Smith v. Bd. of School Comm'rs, 119 F.R.D. 440, 445-46 (S.D. Ala. 1988).  Moreover,

27   the Court notes that it was reasonable for Cameron to seek multiple days of fees for the

28   witnesses as each of these witness traveled from outside the district to testify, and Cameron

1   is entitled to costs related to their travel.  See 28 U.S.C. §§ 1821(b)-(d); Saberi v. BFS Retail

2   & Commer. Operations, LLC, 2011 U.S. Dist. LEXIS 54864, at *21-22 (N.D. Cal. May 23,

3   2011).  Accordingly, the Court overrules Duhn Oil's objections to the witness fees sought

4   based on the number of days the witnesses attended the trial.

5       Second, Duhn Oil objects to Cameron's request for $1,350 paid to expert witness Stuart

6   Levy during his deposition.  (Doc. No. 794 at 4.)  "Absent 'express statutory authority' for

7   shifting expert witness fees, reimbursement for such fees is limited by [28 U.S.C.] §§ 1821(b)

8   and 1920(3)."  Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see also Crawford

9   Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987).  Under those two statutes, unless

10  the witness is a court appointed expert, the party seeking costs can only receive the basic

11  witness fee of $40 per day for attendance at a deposition or trial pursuant to 28 U.S.C. §

12  1821(b).  Tatum v. Schwartz, 2008 U.S. Dist. LEXIS 91654, at *5 (E.D. Cal. Nov. 4, 2008).

13  Therefore, Cameron is not entitled to the requested $1,350 in fees paid to Mr. Levy, but only

14  $40 in costs.[5]  See, e.g., ATS Prods. v. Ghiorso, 2012 U.S. Dist. LEXIS 50372, at *5-6 (N.D.

15  Cal. Apr. 20, 2012).  Accordingly, the Court awards Cameron $18,002.27 in costs for witness

16  fees.

17                  v.       Fees for Exemplification and Copying Of Materials Necessarily Obtained

18                           For Use In The Case

19      Cameron requests $241,126.87 in fees for exemplification and copying of materials

20  necessarily obtained for use in the case, including $31,294.22 in outside copying costs and

21  $209,832.65 in audio/visual trial support.  (Doc. No. 790 at 18; Doc. No. 793 at 4-5.)  Duhn

22  Oil makes several objections to these costs.  (Doc. No. 794 at 3-4.)  "Under Section 1920, the

23  'costs of making copies of any materials' are recoverable 'where the copies are necessarily

24

25      [5] In its reply, Cameron argues that it is entitled to this cost citing to California Central
    District Local Rule 54-4.6.  (Doc. No. 797 at 8.)  However, this action is in the Eastern District
26  of California, and the Eastern District does not have a parallel local rule.  See generally E.D.
    Cal. Local Rule 292.  Moreover, as explained above, absent express statutory authority for
27  shifting expert witness fees, courts in the Eastern District of California have limited the
    recovery of fees for an expert deposition to the basic attendance fee of $40.  See, e.g., Tatum,
28  2008 U.S. Dist. LEXIS 91654, at *5.

1    obtained for use in the case.'"   Ricoh, 661 F.3d at 1367 (citing 28 U.S.C. § 1920(4)).

2            First, Duhn Oil objects to $7,455.87 in requested outside copying costs to FedEx Office

3    for the preparation of juror exhibit books.  (Id. at 4.)  The only evidence Cameron has produced

4    in support of this request is a January 7, 2011 cost estimate produced by FedEx Office.  (Doc.

5    No. 793-2 at 33.)  The documents states at the bottom:  "**This is not a receipt**  All prices

6    shown are estimates."  (Id.)  Although this document is not technically a receipt, the Court

7    finds the amount of copying costs requested in the estimate reasonable, given that the

8    document was generated shortly before the first trial.  See Ashker v. Sayre, 2011 U.S. Dist.

9    LEXIS 28360, at *9 (N.D. Cal. Mar. 7, 2011) (awarding costs based on a reasonable estimate).

10   In addition, Cameron has represented to the Court that although the document states that it is

11   an estimate, Cameron did in fact pay the full amount of the bill.  (Doc. No. 797 at 8.)

12   Therefore, the Court overrules Duhn Oil's objection to the $7,455.87 in copying costs to

13   FedEx Office.

14           Next, Duhn Oil objects to Cameron's request for $4,785.29 for two paralegal expense

15   reports.  (Doc. No. 794 at 3.)  As part of its request for outside copying costs, Cameron has

16   submitted two expense reports from Laura McBryde for the two trials, which include in

17   addition to copying costs, expenses for transportation, lodging, food, and office supplies.

18   (Doc. No. 793-2 at 28, 36.)  Paralegal travel expenses are not taxable costs under 28. U.S.C.

19   § 1920.  League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 2012 U.S. Dist. LEXIS

20   108785, at *6 (D. Nev. Aug. 3, 2012) (citing Grove, 606 F.3d at 580).  However, in its reply,

21   Cameron explains that it is not seeking costs for the full amount of charges listed in these two

22   expense reports.  (Doc. No. 797 at 7.)  Cameron is only seeking costs for the portions of the

23   expense reports listing costs for copies and office supplies: $187.34 and $172.42 in the first

24   expense report, and $1,603.38 and $602.32 in the second expense report.  (Id.)  Although

25   Cameron is entitled to copying costs, it is not entitled to costs for office supplies.[6]  See, e.g.,

26

27           [6] The Court recognizes that Cameron might be entitled to costs for these office supplies
     pursuant to 28 U.S.C. § 1920(4) if the supplies were necessary for the physical preparation of
28   documents necessarily obtained for use in the case.  See Zuill, 80 F.3d at 1371.  However,

1 <u>Muniz v. UPS</u>, 2011 U.S. Dist. LEXIS 94364, at \*17 (N.D. Cal. Aug. 23, 2011) (explaining

2 that the costs of office supplies "are not taxable under § 1920"); <u>In re Media Vision Tech. Sec.</u>

3 <u>Litig.</u>, 913 F. Supp. 1362, 1371-72 (N.D. Cal. 1995) (declining to award the cost of office

4 supplies).  Accordingly, the Court only awards Cameron $1,775.80 for the copying costs

5 reflected in the two expense reports and declines to award Cameron $789.66 for the office

6 supply costs reflected in the reports.[7]

7      Finally, Duhn Oil objects to Cameron's request for $209,832.65 in audio/visual trial

8 support. (Doc. No. 794 at 3.)  Specifically, Duhn Oil argues that this amount is unreasonable

9 on its face, and the majority of the costs are for "war room support."  (<u>Id.</u>)  Costs associated

10 with creating graphics presentations are taxable under § 1920(4) as fees for exemplification

11 and copying of materials necessarily obtained for use in the case.  <u>See, e.g.</u>, <u>Computer Cache</u>

12 <u>Coherency Corp. v. Intel Corp.</u>, 2009 U.S. Dist. LEXIS 122596, at \*3-4 (N.D. Cal. Dec. 18,

13 2009).  However, "fees for exemplification and copying 'are permitted only for the physical

14 preparation and duplication of documents, not the intellectual effort involved in their

15 production.'" <u>Zuill</u>, 80 F.3d at 1371.  Therefore, the research, analysis, and distillation of data

16 incurred in the preparation of documents–as oppose to the costs of physically preparing the

17 documents–is not taxable under 28 U.S.C. § 1920(4).  <u>See</u> <u>Romero v. City of Pomona</u>, 883

18 F.2d 1418, 1427-28 (9th Cir. 1989); <u>Oracle</u>, 2012 U.S. Dist. LEXIS 125237, at \*11.

19      Cameron submitted several invoices from a vendor in support of its request for

20 audio/visual trial support costs. (Doc. No. 791-3 at 51-80.)  These invoices charge not only

21 for the physical preparation of graphics and exhibits, but also charge for the research and

22 analysis that went into creating the graphics and exhibits. (<u>See, e.g.</u>, Doc. No. 791-3 at 52

23
24 Cameron has failed to make any showing that the office supplies were indeed used for this purpose.

25 [7] The February 17, 2012 bill lists $602.32 for copies and office supplies from Office
26 Depo. (Doc. No. 793-2 at 36.)  However, because this section of the bill does not state the amount that was spent on office supplies and the amount that was spent on copies, the Court cannot award costs based on this amount.  The party seeking costs bears the burden of
27 providing an itemized list with sufficient specificity to allow the Court determine which items are taxable as costs. <u>See</u> <u>Ricoh</u>, 661 F.3d at 1368; <u>Oracle Am., Inc. v. Google Inc.</u>, 2012 U.S.
28 Dist. LEXIS 125237, at \*12 (N.D. Cal. Sept. 4, 2012).

1    ("Review case materials sent by Charles"); Doc. No. 791-3 at 60 ("Meeting with Manish and

2    Charles re inventorship, checklists, invalidity & non-infringement"); Doc. No. 791-3 at 64

3    ("Travel to Fresno; war room support"); see also Doc. No. 793-2 at 42-66.)  Cameron is only

4    entitled to the costs contained in these invoices that are related to the actual preparation of the

5    graphics and exhibits.  See Zuill, 80 F.3d at 1371; Romero, 883 F.2d at 1427-28.  However,

6    the invoices include the vendor's intellectual efforts in addition to actual preparation, using

7    general terms such as "war room support" or "trial preparation."  (Doc. No. 791-3.)  The party

8    seeking costs bears the burden of providing an itemized list with sufficient specificity to allow

9    the Court determine which items are taxable as costs.  See Ricoh, 661 F.3d at 1368; Oracle,

10   2012 U.S. Dist. LEXIS 125237, at *12.  Therefore, the Court awards Cameron costs for the

11   charges in the invoices that are clearly related to the actual preparation of graphics and

12   exhibits.  (See Doc. No. 791-3 at 55 (item 5), 56 (items 1-3), 62 (items 2-7, 9-11), 64 (items

13   1-3), 65 (item 1), 67 (item 7), 73 (items 14-15), 76 (items 7-9), 78 (items 2, 4).)  These charges

14   total $36,314.89.

15         At the hearing, Cameron requested the opportunity to file supplemental briefing in an

16   attempt to give a more specific itemization of the costs incurred by the vendor.  After due

17   consideration, the Court declines to allow Cameron leave to file further briefing.  In its prior

18   order, the Court set forth a specific briefing schedule that required Cameron to file its proposed

19   bill of costs by August 31, 2012.  (Doc. No. 789)  The Court has already allowed Cameron to

20   file a supplemental bill of costs after the deadline and a reply to Duhn Oil's opposition.  (Doc.

21   Nos. 793, 797.)  Moreover, after a thorough review of the invoices, the Court concludes that

22   additional briefing would not assist the Court in determining what costs should be taxed.  The

23   invoices in certain places distinguish between charges for the actual preparation of graphics

24   and exhibits and charges for research, analysis, or other intellectual efforts.  (See, e.g., Doc.

25   No. 791-3 at 55-56.)  Accordingly, the Court awards Cameron $36,314.89 in costs for

26   audio/visual trial support.  In sum, the Court awards Cameron $66,819.45 in costs for fees for

27   exemplification and copying of materials necessarily obtained for use in the case.

28   ///

1              vi.    Shipping Fees for Tubing Hanger

2         Cameron requests $12,294.00 in shipping fees for the cost of transporting the

3   invalidating prior art MTBS tubing hanger that was viewed by the Court during the

4   anticipation retrial. (Doc. No. 790 at 19.) Duhn Oil objects to this request on the grounds that

5   it is not a cost allowed under 28 U.S.C. § 1920.  Cameron appears to concede this in its

6   memorandum as it does not cite to any provision of § 1920 to support its request for the

7   shipping fees.  The Ninth Circuit has explained that "courts do not have discretion under Fed.

8   R. Civ. P. 54(d) to tax whatever costs seem appropriate; rather, courts may tax only costs

9   defined in 28 U.S.C. § 1920: 'Section 1920 enumerates expenses that a federal court may tax

10  as a cost under the discretionary authority found in Rule 54(d).'"  Alflex, 914 F.2d at 176

11  (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)) (footnotes

12  omitted).  "[T]he expense of transporting exhibits is not a proper element of costs" under §

13  1920.  Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217-18 (7th Cir. 1975); accord. Mihailovich

14  v. Laatsch, 2002 U.S. Dist. LEXIS 1089, at *10 (N.D. Ill. Jan. 24, 2002); Young v. Roberts,

15  129 F.R.D. 672, 673 (D. Kan. 1990).  Accordingly, the Court declines to award Cameron costs

16  for the shipping of the MTBS tubing hanger.

17                              **Conclusion**

18        For the foregoing reasons, the Court awards Defendant Cameron costs in the total

19  amount of $162,932.34.  The Court commends the parties for their work in this case.

20        **IT IS SO ORDERED**.

21  DATED:  September 19, 2012

22

23                    MARILYN L. HUFF, District Judge
                      UNITED STATES DISTRICT COURT

24

25

26

27

28