1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  DUHN OIL TOOL, INC.,

12                                    Plaintiff,

13         vs.

    CAMERON INTERNATIONAL CORP.,
14
                                    Defendant.
15

CASE NO. 1:05-CV-01411-MLH-GSA

**ORDER TAXING COSTS**

16
17         On August 31, 2012, Defendant Cameron International Corp. ("Cameron") filed a
18  proposed bill of costs.  (Doc. Nos. 789-92.)   On September 7, 2012, Cameron filed a
19  supplemental bill of costs. (Doc. No. 793.) On September 12, 2012, Plaintiff Duhn Oil Tool,
20  Inc. ("Duhn Oil") filed its opposition to Cameron's proposed bills of costs.  (Doc. No. 794.)
21  On September 17, 2012, Cameron filed a reply in support of its proposed bills of costs.  (Doc.
22  No. 797.)  On September 18, 2012, the Court held a telephonic hearing on the matter.  Joseph
23  Thomas, Kerri Ann Rich, and William J. Kolegraff appeared on behalf of Duhn Oil.  Joseph
24  Redden, Charles Rogers, and Manish Vyas appeared on behalf of Cameron.  For the following
25  reasons, the Court awards Cameron $162,932.34 in costs.

26                                    **Background**

27         This is a patent lawsuit filed by Duhn Oil against Cameron.  The patent-in-suit is United
28  States Patent No. 6,920,925 "Wellhead Isolation Tool" ("the '925 patent").  The '925 patent

1   issued on July 26, 2005 from an application filed on February 19, 2003. Following a jury trial,

2   the trial judge granted a new trial on anticipation and granted judgment as a matter of law on

3   nonobviousness of the claims at issue. (Doc. No. 706.) On November 15, 2011, the case was

4   reassigned to this Court pursuant to 28 U.S.C. § 292(b), after the retirement of Senior U.S.

5   District Judge Wanger. (Doc. No. 717.) After a bench trial on the issue of invalidity by

6   anticipation,[1] the Court issued a Memorandum Decision on February 23, 2012, finding claims

7   1, 2, 4, 5, 19, and 29 of the '925 patent invalid by anticipation in light of Cameron's 1994-1995

8   Oil Tool Catalog ("the '94 catalog") (Ex. DX-A) under 35 U.S.C. § 102. (Doc. No. 762.)

9   Cameron did not ask the Court to find claim 3 anticipated based on the '94 catalog. (Id.)

10          After the Court issued its Memorandum Decision, Cameron sought to reinstate the

11   jury's verdict that claim 3 is obvious. (Doc. Nos. 767, 768.) Specifically, Cameron moved for

12   reconsideration of (1) the trial judge's judgment as a matter of law that claim 3 was not proved

13   to be obvious and (2) the trial judge's grant of a new trial on obviousness under Federal Rule

14   of Civil Procedure 50(c), and (3) asked the Court to reinstate the jury's verdict finding claim

15   3 to be invalid as obvious. (Doc. Nos. 764, 768, 770.) In a written order, the Court concluded

16   that claim 3 was obvious and reinstated the jury's verdict regarding the obviousness of claim

17   3. (Doc. No. 775.) Therefore, all of the asserted claims of the '925 patent were found to be

18   invalid. On July 27, 2012, the Court issued a proposed judgment and requested the parties'

19   comments on the issue of the prevailing party and costs. (See Doc. Nos. 779, 780.) On August

20   10, 2012, the parties filed their responses to the Court's proposed judgment, and Cameron

21   provided additional briefing on the issues of the prevailing party and costs. (Doc. Nos. 783,

22   784, 785.) On August 17, 2012, Duhn Oil filed its opposition to the factual assertions made

23   in Cameron's briefing. (Doc. No. 786.)

24          On August 17, 2012, the Court entered final judgment in favor of Cameron and against

25   Duhn Oil, declaring all the asserted claims of the '925 Patent to be invalid. (Doc. No. 788.)

26   On August 20, 2012, the Court concluded that Cameron is the prevailing party for purposes

27

28          [1] The parties consented to a bench trial on anticipation. (Doc. No. 738 at 2.)

1  of costs recovery and awarded costs to Defendant Cameron.[2]  (Doc. No. 789.)  In that Order,

2  the Court ordered Cameron to submit it proposed bill of costs by August 31, 2012.  (Id. at 13.)

3  By the present bills of costs, Cameron request an award of $351,923.76 in costs.  (Doc. No.

4  793-1 at 2.)

5  **Discussion**

6  **I.     Legal Standards for Taxing Costs**

7        The types of costs awarded to the prevailing party in federal court are limited to those

8  set forth in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

9  441-42 (1987); see also Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 579 (9th Cir. 2010)

10 ("Ordinarily, section 1920 'defines the full extent of a federal court's power to shift litigation

11 costs absent express statutory authority.'"); E.D. Cal. Local R. 292(a) ("Costs shall be taxed

12 in conformity with the provisions of 28 U.S.C. § 1920, and such other provisions of law as may

13 be applicable.").[3]  28 U.S.C. § 1920 provides:

14        A judge or clerk of any court of the United States may tax as costs the following:

15             (1) Fees of the clerk and marshal;

16             (2) Fees for printed or electronically recorded transcripts necessarily
               obtained for use in the case;

17
18             (3) Fees and disbursements for printing and witnesses;

19             (4) Fees for exemplification and the costs of making copies of any
               materials where the copies are necessarily obtained for use in the case;

20             (5) Docket fees under section 1923 of this title;

21             (6) Compensation of court appointed experts, compensation of
               interpreters, and salaries, fees, expenses, and costs of special
22             interpretation services under section 1828 of this title.

23 See also E.D. Cal. Local R. 292(f) (enumerating taxable costs).

24 ///

25

26        [2] The Court concluded that the present case was not exceptional and declined to award
   attorney's fees to Cameron.  (Doc. No. 789 at 13.)
27
        [3] The Federal Circuit has held that regional circuit law applies to the interpretation of
28 28 U.S.C. § 1920.  In re Ricoh Co. Patent Litig., 661 F.3d 1361, 1364 (9th Cir. 2011).

1  **II.    Analysis**

2          A.    Duhn Oil's General Objections to the Proposed Bill of Costs

3                  i.        Costs Related to the First Trial

4          As an initial matter, Duhn Oil argues that Cameron is not entitled to costs from the first

5  trial because Cameron was not the prevailing party in that trial.  (Doc. No. 794 at 2-3.)  At the

6  conclusion of the first trial, the jury found infringement, but also found certain claims to be

7  invalid.  (Doc. No. 668.)  This resulted in post-trial motions and a re-trial on anticipation.

8  Following the retrial, Cameron was the prevailing party, thus entitling it to costs for the entire

9  litigation of this action.  See Manildra Milling Corp. v. Ogilvie Mills, 76 F.3d 1178, 1183 (Fed.

10  Cir. 1996) ("[A] party who has a competitor's patent declared invalid meets the definition of

11  'prevailing party.'"); see also Buckhannon Bd. & Care Home v. W. Va. Dep't of Health &

12  Human Res., 532 U.S. 598, 603 (2001) (defining "'prevailing party' as '[a] party in whose

13  favor a judgment is rendered'").  Duhn Oil cites no case law for its proposition that a

14  prevailing party cannot recover earlier litigation costs from a first trial when it later prevailed

15  on post-trial motions and a retrial and had a final judgment entered in its favor.  To the

16  contrary, "[n]ormally the prevailing party at a second trial is awarded costs of both trials."

17  Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (D. Mo. 1982) (citing Farmer v.

18  Arabian American Oil Co., 379 U.S. 227, 231-32 (1964)); accord. WRIGHT & MILLER,

19  FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2667 (3d ed. 1998).  Accordingly, the Court

20  rejects Duhn Oil's argument that Cameron is not entitled to costs incurred during the first trial.

21                  ii.       Cameron's Supplemental Filing

22          Duhn Oil also argues that Cameron's supplemental bill of costs should be stricken

23  because it was untimely filed.  (Doc. No 794 at 4-5.)  In its prior order, the Court ordered

24  Cameron to submit its bill of costs by August 31, 2012.  (Doc. No. 789 at 13.)  See also E.D.

25  Cal. Local Rule 292(b) (stating that the bill of costs should be filed within fourteen (14) days

26  after entry of judgment).  Cameron filed its supplemental bill of costs on September 7, 2012.

27  (Doc. No. 793).  Although the Court recognizes that the supplemental bill of costs was filed

28  a week after the deadline, Cameron explains that it needed to file this supplemental bill of costs

1   because some costs were inadvertently omitted from the first filing, and Duhn Oil has failed

2   to show how it was prejudiced.[4]   Accordingly, the Court declines to strike Cameron's

3   supplemental bill of costs.  See Koch v. Lockyer, 2010 U.S. Dist. LEXIS 42100, at *8 n.2

4   (S.D. Cal. Apr. 11, 2010) (citing Harris v. Marhoefer, 24 F.3d 16, 20 n.4 (9th Cir. 1994))

5   (noting that a district court may exercise its discretion and consider an untimely motion for

6   costs).

7           B.      Cameron's Specific Requests for Costs and Duhn Oil's Specific Objections

8                   i.      Fees of the Clerk

9           Cameron requests $1,525 for fees of the clerk, including $455 in filing fees for an

10  interlocutory appeal and $1,080 in pro hac vice fees.  (Doc. No. 790 at 2-3.)  Cameron argues

11  that pro hac vice fees are recoverable under 28 U.S.C. § 1920(1), citing Butler v. MBNA

12  Tech., Inc., 2004 U.S. Dist. LEXIS 3069, at *8 (N.D. Tex. Mar. 1, 2004).  (Doc. No. 790 at

13  8.)  Many courts–including courts in this district–have held that pro hac vice fees are not

14  recoverable under § 1920.  See, e.g., Kreidler v. Mainstay Bus. Solutions, 2012 U.S. Dist.

15  LEXIS 93905, at *3 (E.D. Cal. Jul. 6, 2012) (listing cases); Gidding v. Anderson, 2008 U.S.

16  Dist. LEXIS 95691, at *4-5 (N.D. Cal. Nov. 24, 2008); Sheffer v. Experian Info. Solutions,

17  Inc., 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003).  The Court agrees with those courts that have

18  held that pro hac vice fees are not recoverable as costs even though some courts have permitted

19  the recovery of pro hac vice fees.  Further, at the hearing, Cameron withdrew its request for

20  pro hac vice fees.  Therefore, the Court declines to award Cameron costs for its pro hac vice

21  fees.  Accordingly, the Court awards Cameron $455 for fees of the clerk.

22                  ii.     Fees for Service of Summons and Subpoenas

23          Cameron requests $11,231.32 for fees for service of summons and subpoenas.  (Doc.

24  No. 790 at 3-8; Doc. No. 793-1 at 2.)  These costs are recoverable under § 1920(1) and Eastern

25  District of California Local Rule 292(f)(2).  See Alflex Corp. v. Underwriters Labs., Inc., 914

26

27          [4] The supplemental bill of costs was filed before the deadline for Duhn Oil's opposition,
    and Duhn Oil was able to object to the costs contained in the supplemental filing in its
28  opposition.  (See Doc. No. 794 at 4-5.)

1  F.2d 175, 178 (9th Cir. 1990) ("[P]rivate process servers' fees are properly taxed as costs.").

2  Duhn Oil objects to these costs, arguing that they were unnecessary because they are related

3  to a inequitable conduct counterclaim based on Duhn Oil's allegedly improper payment of its

4  patent fees, and that counterclaim was dropped by Cameron and not addressed during the first

5  trial. (Doc. No. 794 at 3.)  The Court disagrees.  Although Cameron ultimately dropped its

6  inequitable conduct counterclaim, it was reasonable for Cameron to investigate this

7  counterclaim and to incur these fees.  Accordingly, the Court awards Cameron $11,231.32 for

8  fees for service of summons and subpoenas.

9              iii.      Fees for Transcripts Necessarily Obtained For Use In The Case

10  Cameron requests $66,424.30 for transcripts fees necessarily obtained for use in the

11  case.  (Doc. No. 790 at 8-15.)  These costs are recoverable under 28 U.S.C. § 1920(2).  See

12  Alflex, 914 F.2d at 176 n.3.  Duhn Oil does not object to these costs in its opposition to

13  Cameron's bill of costs.  (See Doc. No. 794.)  Accordingly, the Court awards Cameron

14  $66,424.30 for transcripts fees necessarily obtained for use in the case.

15              iv.      Fees for Witnesses

16  Cameron requests $19,312.27 in witness fees.  (Doc. No. 790 at 15-17; Doc. No. 793

17  at 2-4.)  Witness fees are recoverable costs under 28 U.S.C. §§ 1920(3) and 1821.

18  Duhn Oil makes two objections to Cameron's request for witness fees.  (Doc. No. 794

19  at 3-4.)  First, Duhn Oil objects to these witness fees on the grounds that all of the witnesses

20  identified are shown to have been present for three or more days of trial.  (Id. at 3.)  Duhn Oil

21  argues that it is unreasonable and unnecessary for these witnesses to be present for more than

22  the time they testified at trial.  (Id.)  The Court disagrees and concludes that Cameron's fees

23  are reasonable.  A court may award witness fees based on all days the witnesses were in

24  attendance and not just the days the witnesses testified.  See, e.g., Am. Color Graphics, Inc.

25  v. Travelers Prop. Cas. Ins. Co., 2007 U.S. Dist. LEXIS 22641, at *12 (N.D. Cal. Mar. 19,

26  2007); Smith v. Bd. of School Comm'rs, 119 F.R.D. 440, 445-46 (S.D. Ala. 1988).  Moreover,

27  the Court notes that it was reasonable for Cameron to seek multiple days of fees for the

28  witnesses as each of these witness traveled from outside the district to testify, and Cameron

is entitled to costs related to their travel.  <u>See</u> 28 U.S.C. §§ 1821(b)-(d); <u>Saberi v. BFS Retail & Commer. Operations, LLC</u>, 2011 U.S. Dist. LEXIS 54864, at *21-22 (N.D. Cal. May 23, 2011).  Accordingly, the Court overrules Duhn Oil's objections to the witness fees sought based on the number of days the witnesses attended the trial.

Second, Duhn Oil objects to Cameron's request for $1,350 paid to expert witness Stuart Levy during his deposition.  (Doc. No. 794 at 4.)  "Absent 'express statutory authority' for shifting expert witness fees, reimbursement for such fees is limited by [28 U.S.C.] §§ 1821(b) and 1920(3)."  <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1058 (9th Cir. 2002); <u>see also</u> <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 439 (1987).  Under those two statutes, unless the witness is a court appointed expert, the party seeking costs can only receive the basic witness fee of $40 per day for attendance at a deposition or trial pursuant to 28 U.S.C. § 1821(b).  <u>Tatum v. Schwartz</u>, 2008 U.S. Dist. LEXIS 91654, at *5 (E.D. Cal. Nov. 4, 2008).  Therefore, Cameron is not entitled to the requested $1,350 in fees paid to Mr. Levy, but only $40 in costs.[5]  <u>See, e.g.</u>, <u>ATS Prods. v. Ghiorso</u>, 2012 U.S. Dist. LEXIS 50372, at *5-6 (N.D. Cal. Apr. 20, 2012).  Accordingly, the Court awards Cameron $18,002.27 in costs for witness fees.

v.      <u>Fees for Exemplification and Copying Of Materials Necessarily Obtained For Use In The Case</u>

Cameron requests $241,126.87 in fees for exemplification and copying of materials necessarily obtained for use in the case, including $31,294.22 in outside copying costs and $209,832.65 in audio/visual trial support.  (Doc. No. 790 at 18; Doc. No. 793 at 4-5.)  Duhn Oil makes several objections to these costs.  (Doc. No. 794 at 3-4.)  "Under Section 1920, the 'costs of making copies of any materials' are recoverable 'where the copies are necessarily

---

[5] In its reply, Cameron argues that it is entitled to this cost citing to California Central District Local Rule 54-4.6.  (Doc. No. 797 at 8.)  However, this action is in the Eastern District of California, and the Eastern District does not have a parallel local rule.  <u>See generally</u> E.D. Cal. Local Rule 292.  Moreover, as explained above, absent express statutory authority for shifting expert witness fees, courts in the Eastern District of California have limited the recovery of fees for an expert deposition to the basic attendance fee of $40.  <u>See, e.g.</u>, <u>Tatum</u>, 2008 U.S. Dist. LEXIS 91654, at *5.

1:05-cv01411

1  obtained for use in the case.'" <u>Ricoh</u>, 661 F.3d at 1367 (citing 28 U.S.C. § 1920(4)).

2        First, Duhn Oil objects to $7,455.87 in requested outside copying costs to FedEx Office

3  for the preparation of juror exhibit books.  (<u>Id.</u> at 4.)  The only evidence Cameron has produced

4  in support of this request is a January 7, 2011 cost estimate produced by FedEx Office.  (Doc.

5  No. 793-2 at 33.)  The documents states at the bottom:  "**This is not a receipt**  All prices

6  shown are estimates."  (<u>Id.</u>)  Although this document is not technically a receipt, the Court

7  finds the amount of copying costs requested in the estimate reasonable, given that the

8  document was generated shortly before the first trial.  <u>See</u> <u>Ashker v. Sayre</u>, 2011 U.S. Dist.

9  LEXIS 28360, at *9 (N.D. Cal. Mar. 7, 2011) (awarding costs based on a reasonable estimate).

10  In addition, Cameron has represented to the Court that although the document states that it is

11  an estimate, Cameron did in fact pay the full amount of the bill.  (Doc. No. 797 at 8.)

12  Therefore, the Court overrules Duhn Oil's objection to the $7,455.87 in copying costs to

13  FedEx Office.

14        Next, Duhn Oil objects to Cameron's request for $4,785.29 for two paralegal expense

15  reports.  (Doc. No. 794 at 3.)  As part of its request for outside copying costs, Cameron has

16  submitted two expense reports from Laura McBryde for the two trials, which include in

17  addition to copying costs, expenses for transportation, lodging, food, and office supplies.

18  (Doc. No. 793-2 at 28, 36.)  Paralegal travel expenses are not taxable costs under 28. U.S.C.

19  § 1920. <u>League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 2012 U.S. Dist. LEXIS

20  108785, at *6 (D. Nev. Aug. 3, 2012) (citing <u>Grove</u>, 606 F.3d at 580).  However, in its reply,

21  Cameron explains that it is not seeking costs for the full amount of charges listed in these two

22  expense reports.  (Doc. No. 797 at 7.)  Cameron is only seeking costs for the portions of the

23  expense reports listing costs for copies and office supplies: $187.34 and $172.42 in the first

24  expense report, and $1,603.38 and $602.32 in the second expense report.  (<u>Id.</u>)  Although

25  Cameron is entitled to copying costs, it is not entitled to costs for office supplies.[6]  <u>See, e.g.,</u>

26

27        [6] The Court recognizes that Cameron might be entitled to costs for these office supplies
28  pursuant to 28 U.S.C. § 1920(4) if the supplies were necessary for the physical preparation of
documents necessarily obtained for use in the case.  <u>See</u> <u>Zuill</u>, 80 F.3d at 1371.  However,

1   Muniz v. UPS, 2011 U.S. Dist. LEXIS 94364, at *17 (N.D. Cal. Aug. 23, 2011) (explaining

2   that the costs of office supplies "are not taxable under § 1920"); In re Media Vision Tech. Sec.

3   Litig., 913 F. Supp. 1362, 1371-72 (N.D. Cal. 1995) (declining to award the cost of office

4   supplies).   Accordingly, the Court only awards Cameron $1,775.80 for the copying costs

5   reflected in the two expense reports and declines to award Cameron $789.66 for the office

6   supply costs reflected in the reports.[7]

7          Finally, Duhn Oil objects to Cameron's request for $209,832.65 in audio/visual trial

8   support. (Doc. No. 794 at 3.)   Specifically, Duhn Oil argues that this amount is unreasonable

9   on its face, and the majority of the costs are for "war room support." (Id.)   Costs associated

10  with creating graphics presentations are taxable under § 1920(4) as fees for exemplification

11  and copying of materials necessarily obtained for use in the case. See, e.g., Computer Cache

12  Coherency Corp. v. Intel Corp., 2009 U.S. Dist. LEXIS 122596, at *3-4 (N.D. Cal. Dec. 18,

13  2009).   However, "fees for exemplification and copying 'are permitted only for the physical

14  preparation and duplication of documents, not the intellectual effort involved in their

15  production.'" Zuill, 80 F.3d at 1371.   Therefore, the research, analysis, and distillation of data

16  incurred in the preparation of documents–as oppose to the costs of physically preparing the

17  documents–is not taxable under 28 U.S.C. § 1920(4).   See Romero v. City of Pomona, 883

18  F.2d 1418, 1427-28 (9th Cir. 1989); Oracle, 2012 U.S. Dist. LEXIS 125237, at *11.

19         Cameron submitted several invoices from a vendor in support of its request for

20  audio/visual trial support costs. (Doc. No. 791-3 at 51-80.)   These invoices charge not only

21  for the physical preparation of graphics and exhibits, but also charge for the research and

22  analysis that went into creating the graphics and exhibits. (See, e.g., Doc. No. 791-3 at 52

23  ────────────────────

24  Cameron has failed to make any showing that the office supplies were indeed used for this
    purpose.

25         [7] The February 17, 2012 bill lists $602.32 for copies and office supplies from Office
    Depo. (Doc. No. 793-2 at 36.)   However, because this section of the bill does not state the
26  amount that was spent on office supplies and the amount that was spent on copies, the Court
    cannot award costs based on this amount.   The party seeking costs bears the burden of
27  providing an itemized list with sufficient specificity to allow the Court determine which items
    are taxable as costs. See Ricoh, 661 F.3d at 1368; Oracle Am., Inc. v. Google Inc., 2012 U.S.
28  Dist. LEXIS 125237, at *12 (N.D. Cal. Sept. 4, 2012).

("Review case materials sent by Charles"); Doc. No. 791-3 at 60 ("Meeting with Manish and Charles re inventorship, checklists, invalidity & non-infringement"); Doc. No. 791-3 at 64 ("Travel to Fresno; war room support"); see also Doc. No. 793-2 at 42-66.) Cameron is only entitled to the costs contained in these invoices that are related to the actual preparation of the graphics and exhibits. See Zuill, 80 F.3d at 1371; Romero, 883 F.2d at 1427-28. However, the invoices include the vendor's intellectual efforts in addition to actual preparation, using general terms such as "war room support" or "trial preparation." (Doc. No. 791-3.) The party seeking costs bears the burden of providing an itemized list with sufficient specificity to allow the Court determine which items are taxable as costs. See Ricoh, 661 F.3d at 1368; Oracle, 2012 U.S. Dist. LEXIS 125237, at *12. Therefore, the Court awards Cameron costs for the charges in the invoices that are clearly related to the actual preparation of graphics and exhibits. (See Doc. No. 791-3 at 55 (item 5), 56 (items 1-3), 62 (items 2-7, 9-11), 64 (items 1-3), 65 (item 1), 67 (item 7), 73 (items 14-15), 76 (items 7-9), 78 (items 2, 4).) These charges total $36,314.89.

At the hearing, Cameron requested the opportunity to file supplemental briefing in an attempt to give a more specific itemization of the costs incurred by the vendor. After due consideration, the Court declines to allow Cameron leave to file further briefing. In its prior order, the Court set forth a specific briefing schedule that required Cameron to file its proposed bill of costs by August 31, 2012. (Doc. No. 789) The Court has already allowed Cameron to file a supplemental bill of costs after the deadline and a reply to Duhn Oil's opposition. (Doc. Nos. 793, 797.) Moreover, after a thorough review of the invoices, the Court concludes that additional briefing would not assist the Court in determining what costs should be taxed. The invoices in certain places distinguish between charges for the actual preparation of graphics and exhibits and charges for research, analysis, or other intellectual efforts. (See, e.g., Doc. No. 791-3 at 55-56.) Accordingly, the Court awards Cameron $36,314.89 in costs for audio/visual trial support. In sum, the Court awards Cameron $66,819.45 in costs for fees for exemplification and copying of materials necessarily obtained for use in the case.

///

1

### vi.    Shipping Fees for Tubing Hanger

2    Cameron requests $12,294.00 in shipping fees for the cost of transporting the

3 invalidating prior art MTBS tubing hanger that was viewed by the Court during the

4 anticipation retrial. (Doc. No. 790 at 19.)  Duhn Oil objects to this request on the grounds that

5 it is not a cost allowed under 28 U.S.C. § 1920.  Cameron appears to concede this in its

6 memorandum as it does not cite to any provision of § 1920 to support its request for the

7 shipping fees.  The Ninth Circuit has explained that "courts do not have discretion under Fed.

8 R. Civ. P. 54(d) to tax whatever costs seem appropriate; rather, courts may tax only costs

9 defined in 28 U.S.C. § 1920: 'Section 1920 enumerates expenses that a federal court may tax

10 as a cost under the discretionary authority found in Rule 54(d).'"  Alflex, 914 F.2d at 176

11 (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)) (footnotes

12 omitted).  "[T]he expense of transporting exhibits is not a proper element of costs" under §

13 1920.  Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217-18 (7th Cir. 1975); accord. Mihailovich

14 v. Laatsch, 2002 U.S. Dist. LEXIS 1089, at *10 (N.D. Ill. Jan. 24, 2002); Young v. Roberts,

15 129 F.R.D. 672, 673 (D. Kan. 1990).  Accordingly, the Court declines to award Cameron costs

16 for the shipping of the MTBS tubing hanger.

17                                              **Conclusion**

18    For the foregoing reasons, the Court awards Defendant Cameron costs in the total

19 amount of $162,932.34.  The Court commends the parties for their work in this case.

20    **IT IS SO ORDERED**.

21 DATED:  September 19, 2012

22

23                                              MARILYN L. HUFF, District Judge
                                               UNITED STATES DISTRICT COURT

24

25

26

27

28